IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

NAKALA MURRY, INDIVIDUALLY AND
ON BEHALF OF HER SON, A.M., A MINOR     PLAINTIFFS

v.     Cause No.: 4:23CV97-NBB-DAS

CITY OF INDIANOLA, MISSISSIPPI, CHIEF
RONALD SAMPSON, In His Individual and
Official Capacity, OFFICER GREG CAPERS,
In His Individual and Official Capacity, and
JOHN DOES 1-5, In Their Individual and
Official Capacities     DEFENDANTS

## COMPLAINT
(Jury Trial Demanded)

COME NOW, Plaintiffs Nakala Murry, Individually and on behalf of her minor child, A.M. (hereinafter "Plaintiff Murry," "Plaintiff A.M.," or collectively "Plaintiffs"), by counsel, and file this their *Complaint* against City of Indianola, Mississippi, Chief Ronald Sampson, in his individual and official capacity, Officer Greg Capers, in his individual and official capacity, and John Does 1-5, in their individual and official capacities to recover actual and punitive damages for the Defendants violation of the Plaintiffs' Fourth (4th) Amendment right to be free from excessive force, Fourteenth (14th) Amendment rights to substantive due process without intentional exposure to known danger, and all other claims made actionable pursuant to 42 U.S.C. §1983 and also the common law right to be free from actions of city law enforcement evincing reckless disregard for the Plaintiffs made actionable pursuant to the Mississippi Tort Claims Act ("MTCA"), and Mississippi common law and would show unto the Honorable Court the following, to wit:

## PARTIES

1. **Plaintiff Nakala** is an adult resident citizen of Sunflower County, Mississippi, residing in Sunflower County, Mississippi. **Plaintiff A.M., a minor** is the natural son of Plaintiff Nakala, residing with his mother.

2. **City of Indianola, Mississippi (hereinafter "Defendant City")** is a city entity that may be served with process by service on Kaneilia Williams, City Clerk, at 101 Front Street, Indianola, MS 38751.

3. **Defendant Chief Ronald Sampson (hereinafter "Defendant Chief)**, employed with the City of Indianola, MS, is an adult resident citizen of Sunflower County, Mississippi, and he may be served with process at his place of employment, at 300 Second Street, Indianola, MS 38751.

4. **Defendant Officer Greg Capers (hereinafter "Defendant Officer Capers")**, employed with the City of Indianola, MS, is an adult resident citizen of Sunflower County, Mississippi, and he may be served with process at his place of employment, at 300 Second Street, Indianola, MS 38751.

5. **Defendant Officer John Does 1-5 (hereinafter "Defendant Does")**, whose identities are presently unknown, are employed with the City of Indianola, MS, are adult resident citizens of Mississippi, and they may be served with process at their place of employment, at 300 Second Street, Indianola, MS 38751.

## JURISDICTION and VENUE

6. This action is being brough pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343(a)(3) and 42 U.S.C. §1983 and includes any and all state law claims plead herein below for which

jurisdiction and venue are attached thereto, specifically, but not limited to Title 11, Chapter 46, known as the Mississippi Tort Claims Act.

7. Venue is proper in the Northern District of Mississippi, pursuant to 28 U.S.C. §1391 since a substantial part of the events and omissions giving rise to this claim occurred in this judicial district.

## FACTS

8. At all relevant times, the actions involved in this case are the result of official policy of Defendant City of Indianola, either of the City's implemented policy, or the City's gross negligence or reckless disregard in failing to supervise its employees through their designee chief of police, or the chief's gross negligence or reckless disregard in the training and monitoring of his officers.

9. This is a claim for negligence and excessive force filed by Plaintiffs that caused significant injuries to them as a result of the actions of Defendant Officer Capers on May 20, 2023. Defendants breached their duty to monitor, care for, and provide necessary safety to civilians, by deliberately shooting an unarmed 11-year old. These actions established a willful and wanton indifference to Plaintiffs' physical and mental welfare, violating their constitutional rights under the 4th and 14th Amendments.

10. On or about May 20, 2023 at approximately 4:00a.m., Plaintiff Murry received an unexpected visit from an irate father of one of her minor children. At this time, the only people at the residence was Plaintiff Murry, her two minor children, and her nephew (all minors).

11. Plaintiff Murry instructed her son, Plaintiff A.M., to call the police because she feared for her and the children's safety.

12. Shortly thereafter, an employee of Defendant City and Chief Sampson arrived to scene. It was later learned that the responding officer was none other than Defendant Officer Capers.

13. Defendant Officer Capers arrived to Plaintiffs' residence with his firearm drawn at the front door and asked everyone inside of the residence to come outside.

14. As Plaintiff A.M. was coming around the corner of the hallway that lead into the living room area, he was instantly shot by Defendant Officer Capers.

15. Defendant Officer Capers failed to assess the situation before displaying and/or discharging his firearm.

16. As a result of Defendant Officer Capers misconduct, Plaintiff A.M., an 11-year old, sustained major injuries to his body that will require extensive time in order for him to recover. As a result of the subject gunshot wounds, Plaintiff A.M., suffered a collapsed lung, lacerated liver, and fractured ribs.

17. Additionally, Plaintiff A.M. was given a chest tube and placed on oxygen at the University of Mississippi Medical Center, in Jackson, Mississippi, following the shooting. He was later released the hospital the following Wednesday on May 24, 2023.

18. Based upon information and belief, Defendant Officer Capers was an employee of Defendant City, at the time of the subject incident.

19. At all times herein, Defendant Chief was the commanding officer through the entire incident and responsible for the actions and/or omissions of the aforementioned officer.

20. The injuries endured by all Plaintiffs could have been avoided if Defendants would have acquired the adequate training on how to provide proper assistance and care. However, as a result of the Defendants' deliberate indifference, reckless disregard and gross negligence, Plaintiffs sustained injuries and damages.

## COUNT ONE
### (Violation of 4th and 14th Amendment Rights under 42 U.S.C. §1983 and 28 U.S.C. §1343 et al)

21. Plaintiffs incorporate and adopt all prior paragraphs, averments, and statements.

22. Plaintiffs would show unto the Court that the Defendants, with reckless disregard for Plaintiffs' rights, took actions to deprive Plaintiffs of their 4th and 14th Amendment rights.

23. Plaintiffs suffered damages as a result of the aforementioned conduct as set heretofore and/or hereinafter that resulted in Plaintiffs' injuries.

## COUNT TWO
### (Excessive Force)

24. Plaintiffs incorporate and adopt all prior paragraphs, averments, and statements.

25. Plaintiffs would show unto the Court that the Defendants took actions to deprive Plaintiffs of their 4th Amendment protection against excessive force.

## COUNT THREE
### (Negligent/Intentional Infliction of Emotional Distress / Bystander's Claim)

26. Plaintiffs incorporate and adopt all prior paragraphs, averments, and statements.

27. Plaintiff Murry claims that she suffered serious emotional distress as a result of witnessing her 11-year old son being shot by Officer Capers; Plaintiff A.M., endured a collapsed lung, fractured rib, and grade 1 lacerated liver from the gunshot wound by Officer Capers.

28. The conduct of Defendant Officer Capers was a substantial factor in causing Plaintiffs' serious emotional distress, including, but not limited to: anguish, fright, horror, nervousness, post-traumatic stress disorder, anxiety, shock, humiliation, and shame that an ordinary, reasonable person would be unable with which to cope.

## COUNT FOUR
### (Reckless Endangerment)

29. Plaintiffs incorporate and adopt all prior paragraphs, averments, and statements.

30. Plaintiffs would show unto the Court the Defendants took actions that recklessly endangered the safety and well-being of all Plaintiffs.

## COUNT FIVE
### (Civil Assault and Battery)

31. Plaintiffs incorporate and adopt all prior paragraphs, averments, and statements.

32. Defendants are liable for civil assault and battery. Plaintiffs allege that Defendant Officer Capers intentionally, with reckless disregard and/or negligently inflicted extreme emotional distress upon their minds, spirits, and bodies by shooting Plaintiff A.M. a minor in the chest. Defendants have caused the Plaintiffs to suffer from emotional problems and mental anxiety as well as bodily pain and suffering.

33. The reprehensible acts of the Defendants demonstrate grossly negligent, oppressive, and reckless conduct.

34. As a direct and proximate result of aforementioned Defendants' negligent, grossly negligent, reckless, and/or intentional acts and/or omissions, Plaintiffs sustained the damages set forth herein and all damages that will be proved at trial hereon.

## COUNT SIX
### (Abuse of Process)

35. Plaintiffs incorporate and adopt all prior paragraphs, averments, and statements.

36. Defendants intentionally misused the legal process by brutally shooting Plaintiff A.M., in response to a 9-1-1 call for assistance.

37. The element of malice or ulterior motive should be inferred from the Defendant Officer Capers' willful abuse of process.

38. If such inference fails, malice specifically exits in that Defendant Officer Capers acted with malice and conscious disregard for the rights of Plaintiffs in that their ulterior purpose in misusing the legal process was to severely harm Plaintiffs while not executing their lawful duties to actually serve and protect Plaintiffs and other similarly situated individuals.

39. As a proximate result of Defendants' abuse of process, Plaintiffs suffered damages.

## COUNT SEVEN
**(Negligent, Grossly Negligent, and Wanton Failure in Hiring and to Monitor, Train, Supervise, and Discipline or take necessary Corrective Action on the Officer Involved)**

40. Plaintiffs incorporates and adopts all prior paragraphs, averments, and statements.

41. Defendants, City and Chief Sampson, were grossly negligent and/or wanton in failing to monitor the actions of the Defendant Officer Capers. They further negligently and/or wantonly failed to train the aforementioned Defendants to properly protect, investigate, and/or interrogate Plaintiffs and other similarly situated individuals. Defendants negligently and/or wantonly failed to properly follow and/or apply their own city and law enforcement rules, ordinances regulations, policies and procedures, as well as state law generally. The City of Indianola, Mississippi and Chief Sampson failed to properly supervise the actions of Defendant Officer Capers. Defendant City failed to properly supervise the actions of Defendant Officer Capers.

42. As a direct and proximate result of the Defendants' negligent, grossly negligent, reckless and/or intentional acts/or omissions, the Plaintiffs sustained the damages set forth herein and all damages that will be proved at trial hereon.

43. The Defendants, the City of Indianola, Mississippi and Chief Sampson were vested with the authority to hire, fire, and discipline employees of the Indianola Police Department.

44. Furthermore, on information and belief, the Plaintiffs will show that over the course of the past several years, there have been numerous complaints made about incidents of abuse, excessive use of force, etc. caused by Officer Greg Capers of the Indianola Police Department.

45. The decision by the Defendants City and Chief Sampson to hire, train, and retain and not discipline this Officer resulted in the creation of an environment of excessive force and violence.

46. As a direct and proximate consequence of the negligent hiring, retention and failure to discipline or to take the necessary corrective action in the past, regarding officers on the force, the aforementioned Defendants are liable for the unlawful shooting of an 11-year old unarmed little boy and corresponding deprivation of rights sustained by the Plaintiffs.

## COUNT EIGHT
### (Reckless Disregard for the Rights and Safety of the Plaintiffs)

47. Plaintiffs incorporate and adopt all prior paragraphs, averments, and statements.

48. The act(s) and/or omission(s) of the City of Indianola, Mississippi, Chief Sampson, and Officer Capers, constitute a reckless disregard for the rights and safety of the Plaintiffs herein. Further, these act(s) and/or omission(s) were perpetrated with

such callousness that a reasonable person can certainly conclude that these act(s) and/or omission(s) were carried out without any regard as to their effects. Therefore, the act(s) and/or omission(s) constitutes a reckless disregard for the rights and safety of the Plaintiffs as defined under Mississippi law.

49. The act(s) and/or omission(s) of the City of Indianola, Mississippi, Chief Sampson, and Officer Capers were a proximate cause as to the Plaintiffs' injuries as well as the damages and losses suffered by the Plaintiffs.

## COUNT NINE
### (Respondeat Superior)

50. Plaintiffs incorporate and adopt all prior paragraphs, averments, and statements.

51. Defendant Officer Capers was in the course and scope of his employment with Defendant City, at all relevant times immediately subsequent and preceding the incident in question, and therefore, Defendant City is liable for the negligence of its employee Officer Capers.

## COUNT TEN
### (The Common Law Tort of Outrage)

52. Plaintiffs incorporate and adopt all prior paragraphs, averments, and statements.

53. The Defendants' overall conduct on the date in question was so outrageous that it shocks the moral and legal conscience of the community. This outrageous conduct resulted in Plaintiff A.M., suffering serious physical injuries. The manner, method and design of the Defendants conduct amounted to a cold, callous, premeditated abuse of legal authority.

54. As a direct and proximate consequence of the outrageous conduct of the aforementioned Defendants, the Defendants are jointly and severally liable to the

Plaintiffs for such outrageous conduct. Thus, Plaintiffs are entitled to a money judgment against the Defendants who engaged in or contributed to or otherwise facilitated through their acts of omission or commission such outrageous conduct toward him.

## PRAYER FOR APPROPRIATE RELIEF

55. Plaintiffs incorporate and adopt all prior paragraphs, averments, and statements.

56. As a result of the intentional and/or reckless disregard and/or grossly negligent and/or other negligent acts of Defendants named herein, Plaintiffs have suffered severe and permanent damages for which the Defendants should be held jointly and vicariously liable.

57. All Defendants are jointly and severally liable to Plaintiffs for the following damages: past, present and future physical pain to Plaintiff minor, suffering and mental anguish and emotional anguish; and all other damages to be proved at trial.

58. Plaintiffs bring this action against all Defendants and demand judgment and compensatory damages as a result of the negligent and/or intentional acts enumerated herein in an amount to be determined by this Court.

59. The acts of Defendants enumerated herein were so grossly negligent and reckless; utterly offensive; and were committed with such utter disregard for the rights of Plaintiffs and others similarly situated as to amount to willful, wanton, and/or intentional misconduct, thereby entitling Plaintiffs to an award of punitive damages to be determined by the Court, with this amount being sufficient to deter these Defendants from continuing this conduct in the future.

**WHEREFORE, THE ABOVE BEING CONSIDERED,** Plaintiffs respectfully pray for judgment against all Defendants, compensatory damages, punitive damages, any and all damages allowed by Mississippi or federal law, pre-judgment interest, post-judgment interest, attorney's fees, Veasley type damages, and all costs of this proceeding with such final amount being at least $5,000,000.00 or an aggregate sum equal to the maximum amount of recovery allowed by the Mississippi Tort Claims Act plus any recovery to be determined by a jury and allowed under any applicable state or federal law and guidelines.

THIS, the 30th day of May, 2023.

                NAKALA MURRY, Individually and on
                behalf of her son, A.M., a minor, Plaintiffs

           By:  */s/ Carlos E. Moore*
               Carlos E. Moore, MSB# 100685

OF COUNSEL:

**THE COCHRAN FIRM – MS DELTA**
306 Branscome Drive
P. O. Box 1487
Grenada, MS 38902-1487
662-227-9940 – phone
662-227-9941 – fax
Email: cmoore@cochranfirm.com