IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

NAKALA MURRY, INDIVIDUALLY AND
ON BEHALF OF HER SON, A.M., A MINOR                          PLAINTIFF

v.                                      CIVIL ACTION NO.: 4:23CV97-NBB-DAS

CITY OF INDIANOLA, MISSISSIPPI; CHIEF
RONALD SAMPSON, In His Individual and
Official Capacity; OFFICER GREG CAPERS,
In His Individual and Official Capacity; and,
JOHN DOES 1-5, In Their Individual and
Official Capacities                                                    DEFENDANTS

**MEMORANDUM IN SUPPORT OF MOTION TO STAY**

**COME NOW,** Defendants, City of Indianola, Mississippi; Chief Ronald Sampson, in his Individual and Official Capacities; and Officer Greg Capers, in his Individual and Official Capacities, by and through counsel, and respectfully file this, their Memorandum in Support of Motion to Stay, to-wit:

**I.**     **Background**

On May 30, 2023, Plaintiff filed the instant lawsuit in the United States District Court for the Northern District of Mississippi, Greenville Division. *See* **[Doc. 1]**. In the Complaint, Plaintiff brings claims against Defendants, the City of Indianola, Chief Ronald Sampson, in his Individual and Official Capacities, and Officer Greg Capers, in his Individual and Official Capacities, under 42 U.S.C. § 1983 and a variety of theories under state law.

The instant suit arises from a disturbance call on May 20, 2023. *See* Compl. **[Doc. 1]** & Answer **[Doc. 19]** at 10-11. On that date, officers with the Indianola Police Department were dispatched to a residence for a violent domestic dispute with no inclination that children were

1

present. *See* Answer **[Doc. 19]** at 10-11**.** Though the IPD officers did not know children were present, they were aware that the Plaintiff's address had been the scene for dozens of violent, and sometimes armed, disputes involving Nakala Murry and the same suspect in the subject call. *See* Answer **[Doc. 19]** at 10-11**.** During the course of the officers' investigation, a male in a red shirt suddenly ran from the room where Ms. Murry stated that the suspect was located and ran directly towards Officer Capers. *See* Answer **[Doc. 19]** at 12. Officer Capers discharged his firearm at the individual running towards him. *See* Answer **[Doc. 19]** at 12. It was not until moments later that Officer Capers learned for the first time that the individual in the red shirt appeared to be a child, Plaintiff A.M. *See* Answer **[Doc. 19]** at 12.

In addition to bringing this civil lawsuit, Plaintiff Nakala Murry brought criminal charges against the suspect, John Nolden, for the underlying incident on May 25, 2023. (*See* IPD Docs. Nolden, attached hereto and incorporated by reference as Exhibit "A."). Additionally, Plaintiff Nakala Murry also brought criminal charges against Defendant Officer Capers for the underlying incident on June 5, 2023. (*See* General Criminal Affidavit, attached hereto and incorporated by reference as Exhibit "B."). The probable cause hearing in the related criminal matter involving Defendant Officer Capers is not scheduled until October 2, 2023, at 10:00 A.M. before the Circuit Court of Sunflower County, Mississippi. Meanwhile, the Mississippi Bureau of Investigations ("MBI") has opened an investigation into the subject incident. Through the course of their investigation thus far, the MBI has taken extensive interviews and collected physical and documentary evidence which remains in MBI possession.

Following Plaintiff's filing of the Complaint in this matter on May 30, 2023, Defendants filed their Motion for an Extension of Time to file an Answer on June 28, 2023. **[Doc. 11]**. Defendants'

Motion was granted on June 29, 2023, extending the time for Defendants to file an answer or other responsive pleading to August 4, 2023. **[Doc. 13]**. Prior to Defendants answering the subject Complaint, and prior to there being a Case Management Conference or Case Management Order entered, Plaintiff served a subpoena *duces tecum* on Defendant City of Indianola through service upon Defendant Chief Ronald Sampson on June 27, 2023. *See* Motion to Quash **[Doc. 15]**. Plaintiff then filed a modified proof of service for the same on June 29, 2023. *See* Motion to Quash **[Doc. 15]**. Defendants then filed a Motion to Quash Plaintiff's subpoena pursuant to *Fed. R. Civ. P.* 16(b), 26(f) & *L.U.Civ.R.* 16(e) on July 6, 2023. **[Doc. 15]** Next, Plaintiff filed a Notice of Issuance of Subpoena upon the Sunflower County E-911 Records custodian as well as Proof of Service of the same subpoena on July 10, 2023. **[Doc. 16]** & **[Doc. 17]**. Thereafter, on July 26, 2023, this Court granted Defendants' Motion to Quash. **[Doc. 18]**.

Additionally, Plaintiff had issued a subpoena on May 30th to the nearby Double Quick for all video footage from May 20, 2023, involving the subject incident and filed proof of service of the same on June 12, 2023. **[Doc. 4].** Thereafter, Plaintiff released the footage obtained through the Double Quick subpoena in a press release which aired on a local news program. Plaintiff and her counsel have made numerous other press releases and public statements without regard to the pending criminal charges or the ongoing investigation by MBI. For instance, Plaintiff and her counsel gave a nationally broadcasted interview with ABC News on May 30, 2023, in which they discussed their version of the underlying facts as well as their claims in this litigation.[1] Other press

---

[1] *See* Deena Zaru and Sabina Ghebremedhim, *Boy speaks out after being shot by police; suit says he was shot without warning*, ABC News (May 30, 2023) (https://abcnews.go.com/US/11-year-aderrien-murry-speaks-after-shot-police/story?id=99678505) (last visited Aug. 4, 2023).

3

releases and statements made by Plaintiff and her counsel regarding their version of the underlying facts and their claims in this lawsuit include, but are not limited to, calling for protests and giving public statements at such on May 22, 2023,[2] through SuperTalk Mississippi on May 31, 2023,[3] through Mississippi Today on May 23, 2023,[4] through CNN on May 26, 2023 and on May 30, 2023,[5] and through NBC News on June 14, 2023.[6]

On August 4, 2023, Defendants answered Plaintiff's Complaint and specifically asserted qualified immunity and various state law immunities as defenses in this matter. **[Doc. 19]**.

---

[2] *See e.g.,Protests in Mississippi after police shoot and injure 11-year-old Aderrien Murry*, CBS News (May 25, 2023) (https://www.youtube.com/watch?v=A858x9ziOCU) (last visited Aug. 4, 2023); Tia McKenzie and Jeremy Tanner, *Mississippi officer shot 11-year-old in chest after boy called 911 for help, mother says*, WREG Memphis Channel 3 News (May 25, 2023) (https://wreg.com/news/nation-and-world/mississippi-officer-shot-11-year-old-in-chest-after-boy-called-911-for-help-mother-says/) (last visited Aug. 4, 2023); Mina Corpuz, *'This is not OK': Mother of 11-year-old shot by Indianola police pleads for answers*, Mississippi Today (May 23, 2023) (https://www.wjtv.com/news/state/this-is-not-ok-mother-of-11-year-old-shot-by-indianola-police-pleads-for-answers/) (last visited Aug. 4, 2023).

[3] *See* Caleb Salers, *'There is no justification': Attorney of 11-year-old police shooting victim speaks out*, SuperTalk Mississippi (May 31, 2023) (https://www.supertalk.fm/there-is-no-justification-attorney-of-11-year-old-police-shooting-victim-speaks-out/) (last visited Aug. 4, 2023).

[4] *See* Mina Corpuz,*'This is not OK': Mother of 11-year-old shot by Indianola police pleads for answers*, Mississippi Today (May 23, 2023) (https://mississippitoday.org/2023/05/23/indianola-police-11-year-old-shot/) (last visited Aug. 4, 2023).

[5] *See* Nick Valencia, *Attorney for 11-year-old Mississippi boy shot by police says there's 'no way' he could have been mistaken for an adult*, CNN (May 26, 2023) (https://www.cnn.com/2023/05/25/us/mississippi-police-shooting-11-year-old-boy-investigation/index.html) (last visited Aug. 4, 2023); Nick Valencia, *11-year-old Mississippi boy who was shot by responding police officer after calling 911 is released from the hospital,* CNN (May 30, 2023) (https://www.cnn.com/2023/05/24/us/mississippi-police-shooting-11-year-old-boy/index.html( (last visited Aug. 4, 2023).

[6] *See* Chantal Da Silva, *Mississippi police officer who shot 11-year-old suspended without pay*, NBC News (June 14, 2023) (https://www.nbcnews.com/news/us-news/mississippi-police-officer-shot-11-year-old-boy-suspended-pay-rcna89215) (last visited Aug. 4, 2023).

Meanwhile, The MBI investigation is ongoing at this time. Until such time as the MBI concludes its investigation, Defendants are limited in their ability to defend against Plaintiff's claims in this lawsuit.

## II.     Authorities

Given the unresolved criminal charges, a stay of all proceedings in this civil case is appropriate. The United States Supreme Court has explained that "it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). Further, the Fifth Circuit also explained "that, following *Heck v. Humphry*, 512 U.S. 477 (1994), district courts should stay § 1983 cases that may implicate the validity of the pending criminal proceedings until those underlying proceedings have run their course." *Gates v. Strain*, 885 F.3d 874, 883 (5th Cir. 2018) (citing *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995)) ("The court may—indeed should—stay proceedings in the section 1983 case until the pending criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between the two.")).

Mississippi's district courts consistently follow this "common practice[,]" usually directing the Clerk of Court "to mark th[e] action closed for statistical purposes during the pendency of the stay." *See, e.g., Willis v. City of Hattiesburg*, 2015 WL 13651763, *6 (S.D. Miss. 2015). District courts in this Circuit have long stayed civil rights actions until related criminal charges are resolved. *See e.g., Logan v. Yalobusha County, Mississippi, et al*; 3:20-cv-50-NBB-RP, Doc. No. 46, (N.D. Miss. May 18, 2020); *Pellerin v. Neustrom*, 2011 WL 6749019 (W.D. La. 2011); *Quinn v. Guerrero*, 2010 WL 412901 (E.D. Tex. 2010); *Fox v. Campbell*, 2009 WL 10786809 (E.D. Tex. 2009); *Holt v. Jefferson Parish Sheriff's Office*, 2007 WL 4114357 (E.D. La. 2007); *Profit v. Ouachita Parish*,

5

2010 WL 1643800 (W.D. La. 2010); *Brown v. Hill*, 2010 WL 1734721 (W.D. La. 2010); *Hughes v. Gueydan Police Dept.*, (W.D. La. 2010).

  A stay of all proceedings in this civil case is warranted until such time as the MBI completes its investigation into the subject incident as the facts pertinent to MBI's investigation are identical to those in this litigation. Pursuant to *Miss. Code Ann*. § 45-1-6, the MBI "shall have jurisdiction to investigate all incidents of officer-involved shootings, other than shootings involving one or more members of the Mississippi Bureau of Investigation, resulting in injury or death occurring in the state." "The mission of MBI is to investigate, report, and prevent criminal activities; to coordinate activities between federal, state, and local authorities involved in crime prevention and criminal investigations; and other related tasks as may be assigned."[7] Accordingly, in the alternative to a stay of all proceedings, dismissal without prejudice is warranted under *Younger* abstention due to the pending MBI proceedings.

  The United States Supreme Court's decision in *Younger v. Harris*, 401 U.S. 37, 27 L. Ed. 2d 669, 91 S. Ct. 746 (1961) requires abstention when a pending state criminal prosecution is ongoing. *Younger* further requires abstention is a state proceeding implicates important state interests and provides an adequate forum to raise the federal claims. In *Younger*, the Supreme Court held that a federal court, with valid subject matter jurisdiction, was nonetheless prohibited from enjoining a state criminal proceeding without a valid showing of "extraordinary circumstances" that would warrant federal intervention. *Id*. 401 U.S. 37, 45, 53. The Court based its ruling upon considerations of equity and comity. *Id*. at 43-44. The Court explained, "Courts of equity should not act.... when

---

[7] Miss. Dep't Pub. Safety, *General Information*, (https://www.dps.ms.gov/investigation/general-information) (last visited Aug. 4, 2023).

the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief...this underlying reason... is reinforced by an even more vital consideration, the notion of 'comity,' that is, a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways. *Id.*; *see also*, *Lawrence v. McCarthy*, 344 F.3d 467, 471 (5th Cir. 2003).

Taking these principals into account and recognizing the Plaintiff's own selection of this venue, Defendants respectfully submit that this Court is well within its discretion to dismiss the later-filed civil action without prejudice or enter a stay of all proceedings so that the criminal charges arising from this very same incident are fully adjudicated.

**WHEREFORE,** Defendants respectfully request that the Court dismiss this action without prejudice or enter a stay of all proceedings in this case or until the Mississippi Bureau of Investigation completes its investigation and until the underlying criminal charges are resolved.

**RESPECTFULLY SUBMITTED,** this the 4th day of August, 2023.

                            **JACKS | GRIFFITH | LUCIANO, P.A.**

By:   /s/ *Daniel J. Griffith*
       Daniel J. Griffith, MS Bar No. 8366
       M. Mckenzie W. Price, MS Bar No. 106538
       Mary McKay Griffith, MS Bar No. 100785
       Attorneys for Defendants City of Indianola, Mississippi; Chief Ronald Sampson, in his Individual and Official Capacity; and, Officer Greg Capers, in his Individual and Official Capacity

Of Counsel:

**JACKS | GRIFFITH | LUCIANO, P.A.**
P. O. Box 1209
150 North Sharpe Avenue
Cleveland, MS 38732
telephone: (662) 843-6171
facsimile: (662) 843-6176
cell: (662) 721-7323
Email: dgriffith@jlpalaw.com
mprice@jlpalaw.com
mgriffith@jlpalaw.com

## **CERTIFICATE OF SERVICE**

I, Daniel J. Griffith, attorney of record for Defendants, City of Indianola, Mississippi; Chief Ronald Sampson, in his Individual and Official Capacities; and Officer Greg Capers, in his Individual and Official Capacities, do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Memorandum of Authorities in Support of Motion to Stay* to be delivered by the ECF Filing System which gave notice to all counsel of record who have appeared herein.

        Carlos E. Moore, MSB# 100685
        The Cochran Firm - MS Delta
        Email: cmoore@cochranfirm.com
        **Attorney for Plaintiff**

**DATED** this 4th day of August, 2023.

        */s/ **Daniel J. Griffith***
        Daniel J. Griffith