IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

NAKALA MURRY, INDIVIDUALLY AND
ON BEHALF OF HER SON, A.M., A MINOR
PLAINTIFFS

v.                                                    Civil Action No.: 4:23CV97-NBB-DAS

CITY OF INDIANOLA, MISSISSIPPI; CHIEF
RONALD SAMPSON, In His Individual and
Official Capacity; OFFICER GREG CAPERS,
In His Individual and Official Capacity; and,
JOHN DOES 1-5, In Their Individual and
Official Capacities
          DEFENDANTS

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF RESPONSE IN
OPPOSITION TO DEFENDANTS' MOTION TO STAY**

COME NOW Plaintiffs Nakala Murry, Individually and on behalf of her son, A.M., a

minor ("Plaintiffs"), by and through their attorney of record, and file this, *Memorandum in*

*Support of Response in Opposition to Defendants' Motion to Stay*. Plaintiffs move this

Honorable Court to deny Defendants' *Motion* and request a hearing on said *Motion,* and as

grounds therefore, would state as follows:

**INTRODUCTION**

This case arises from Defendants' violation of Plaintiffs' federal and state law rights.

As a result of the same, Plaintiffs sustained compensable injuries. On or about May 20, 2023

A.M., a minor suffered severe physical injuries as a result of being shot in the chest by

Defendant Officer Greg Capers, an employee of Defendant City and Chief Sampson. Plaintiffs

were subject to excessive force, 4th and 14th Amendment right violations,

negligent/intentional infliction of emotional distress, reckless endangerment, civil assault

and battery, abuse of process, and negligent hiring, training, and monitoring of the officers involved.

On May 30, 2023, Plaintiffs filed their original complaint asserting claims pursuant to 42 U.S.C. §1983 and a number of state law claims. [Doc. 1]. Defendants filed their Answer on August 4, 2023. [Doc. 19]. Prior to the filing of the instant matter, Plaintiff Nakala brought criminal charges against her ex-boyfriend, John Nolden, as well as, Defendant Officer Capers for the underlying incident which took place on May 20, 2023.

Defendants have now filed a *Motion to Stay* seeking to stay the proceedings in this case and all further proceedings in this action at the district court level pending completion of the criminal charges against Defendant Officer Capers. As outlined below, Defendants' *Motion* should be denied. Further, as Defendants are attempting to delay adjudication in this matter to avoid compensating Plaintiffs for their injuries by alleging that his constitutional duties were unclear regardless of clearly established law, Defendants' *Motion* is improper and simply a tactic to stall litigation.

## LEGAL STANDARD

A stay in an intrusion into the ordinary processes of administration and judicial review" and a party is not entitled to a stay as a matter of right. *Nken v. Holder,* 556 U.S. 418, 427 (2000). There are four factors in deciding whether to grant a stay and these factors include: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 425-426.

In evaluating these factors, this court has refused to apply them "in a rigid … [or] mechanical fashion." *United States v. Baylor Univ. Med. Ctr.,* 711 F.2d 38, 39 (5th Cir. 1983). Moreover, we have recognized that a "movant 'need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay.'" *Id.* (*quoting Ruiz v. Estelle,* 650 F.2d 555, 565 (5th Cir. 1981)).

According to *Heck v. Humphrey,* 512 U.S. 477 (1994), in order to pursue a §1983 claim, Plaintiff must prove that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." This is only true on certain relevant convictions. A drug conviction has no bearing on relevant here. Simple assault convictions based on actions Plaintiff may have taken prior to being put in handcuffs likewise will have no bearing on Plaintiff's ability to pursue his 1983 claims against the Defendants for actions taken by them once he was in handcuffs.

## ARGUMENT and AUTHORITIES

In the present case, Defendant Officer Capers criminal charges remain pending, as he has not yet been tried in state court. "When it is premature to determine whether a plaintiffs' civil damages claims may be barred under *Heck,* the Fifth Circuit has counseled that this Court 'may-indeed, should – stay proceedings in n the section 1983 case until the pending criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between the two.'" *Quinn v. Guerrero*, No. 4:09-CV-166, 2010 WL 412901, at *2 (E.D. Tex. Jan. 28, 2010) (quoting *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995))

(emphasis added); see also *Busick v. City of Madison*, Miss., 90 F. App'x 713, 713-14 (5th Cir. 2004) (finding that plaintiff's civil claims should have been stayed pending the resolution of the criminal proceedings against him because it was impossible to determine whether the civil claims necessarily implicated the validity of any conviction or sentence that plaintiff had received or might receive); *Davis v. Zain*, 79 F.3d 18, 19 (5th Cir. 1996) ("if some presently unforeseen or unarticulated conflict arises between the criminal retrial and the pending § 1983 case, the district court may consider the propriety of a stay or, perhaps, abstention").

Here, Plaintiffs request that this *Motion to Stay* be denied because minor Plaintiff was shot in the chest by Defendant Officer Capers, who failed to properly protect and serve said individuals, while responding to a distress 911 call. The excessiveness of Defendants' actions largely if not singularly revolves around what happened to Plaintiff Minor. There is no requirement for a stay in this instance.

Additionally, Defendants will not suffer irreparable harm absent a stay; however, a stay will substantially injury Plaintiffs. Defendants filed this *Motion* to delay Plaintiffs' opportunity to seek justice for their civil right violations imposed by Defendants and the injuries suffered as a result thereof. Further, in light of the foregoing, a jury will determine that Defendants violated Plaintiffs' constitutional rights. Therefore, a stay will delay adjudication, a final resolution, and rightful compensation to Plaintiffs. As such, a denial of Defendants' *Motion* is appropriate.

## CONCLUSION

Defendants' *Motion to Stay* should be denied, as improper and simply a tactic to stall litigation.

WHERFORE, PREMISES CONSIDERED, Plaintiffs pray that this Honorable Court will deny the Defendants' *Motion to Stay*, based upon the reasons and logic set forth herein. Plaintiffs also pray for all other general relief this Honorable Court deem to be fair and just.

Respectfully submitted, this the 23rd day of August, 2023.

**NAKALA MURRY, et al., Plaintiffs**

**By:** ___*s/ Carlos E. Moore*_____
**Carlos E. Moore, MSB# 100685**

OF COUNSEL:

**THE COCHRAN FIRM – MS DELTA**
306 Branscome Drive
P. O. Box 1487
Grenada, MS 38902-1487
662-227-9940 – phone
662-227-9941 – fax
Email: cmoore@cochranfirm.com

<u>**CERTIFICATE OF SERVICE**</u>

I, the undersigned, do hereby certify that I have this date served via the electronic filing system and/or mailed via U.S. Mail, postage pre-paid, a true and correct copy of the above and foregoing to the following:

Daniel J. Griffith, Esq.
dgriffith@jlpalaw.com
M. Mckenzie W. Price, Esq.
mprice@jlpalaw.com
Mary McKay Griffith, Esq.
mgriffith@jlpalaw.com
JACKSON | GRIFFITH | LUCIANO, P.A.
P. O. Box 1209
Cleveland, MS 38732
*Attorneys for Defendants*

THIS, the 23rd day of August, 2023.

___*s/ Carlos E. Moore*_____
CARLOS E. MOORE, ESQ.