IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**NAKALA MURRY, Individually
And on behalf of her son,
A.M., a minor**                                                                     **PLAINTIFFS**

**V.**                                                                   **CIVIL ACTION NO. 4:23cv-97-DMB-DAS**

**CITY OF INDIANOLA, MISSISSIPPI, et al.**                              **DEFENDANTS**

## ORDER DENYING MOTION TO STAY

The plaintiff Nakala Murry called the Indianola police department for help in a domestic violence situation. John Nolden, the father of one of Murry's minor children, came to her home at 4:00 in the morning in a rage. Murry was at home with her two children and two minor nephews. She says that in fear for her life and safety and the life and safety of the children, she instructed her son, A.M., to call the police. Her complaint provides that the defendant Greg Capers and an Officer Wells entered the home with their firearms drawn and asked for everyone to leave the residence. The complaint alleges Capers shot A.M., who is eleven years old, as he was "coming around the corner of the hallway that led into the living room area."

According to the defendants' answer, the officers were unaware there were children in the home that night, but the department had answered multiple calls to the home over the years and were well-acquainted with Nolden and his propensity for violence. Nolden has been arrested multiple times for domestic violence, assault, and other violent crimes. The officers found the home darkened and there was no response initially to their knock on the door. By this time, dispatch was on the phone with Murry and advised the officers that Nolden was not allowing her

to answer the door. The officers heard Murry screaming, "Let me go," and attempted unsuccessfully to kick down the front door. Next, they drew their firearms, Murry eventually answered the door, and nodded toward the interior. The officers explain that Murry then told Webb that Nolden was in the back of the house. With light from a flashlight, the officers proceeded into the house. They repeatedly ordered Nolden to come out, but he did not respond. Capers explained that he saw a male coming running toward him from the back of the house where Nolden was believed to be located. Not realizing the person coming toward him was a child, Capers fired a shot, hitting A.M. in the chest. Though seriously wounded, the child has survived.

The plaintiffs filed this lawsuit filed ten days later, and Murry has filed charges against Nolden and Capers. The defendants request that "given the unresolved criminal charges" this court should stay this civil action, citing *Heck v. Humphrey,* 512 U.S. 477 (1994) and *Younger v. Harris*, 401 U.S. 37 (1961). Because the case involves an officer shooting, the Mississippi Bureau of Investigation is the law enforcement agency charged with investigating what happened that night. The MBI has opened an investigation, and the defendants advise it has conducted extensive interviews and collected evidence that remains in MBI possession. The Mississippi Bureau of Investigation has "jurisdiction to investigate all incidents of officer involved shootings, other than shootings involving one or more members of the Mississippi Bureau of Investigation, resulting in injury or death occurring in the state." Miss. Code Ann. § 45-1-6. The defendants urge the court to stay this action pending investigation and until any criminal charges arising from this incident "are fully adjudicated." The defendants also mention that they have raised qualified immunity and state-based immunities seeking a stay of the proceedings. A

probable cause hearing is set for Capers on October 2, 2023 in the Circuit Court of Sunflower County, Mississippi.

The plaintiffs oppose the stay, arguing it is a stalling tactic and not otherwise appropriate.

**Abstention per *Younger***

The defendants argue the court should abstain from proceeding with this action under *Younger v. Harris,* 401 U.S. 37 (1971) or stay the action in accordance with *Heck v. Humphrey,* 512 U.S. 477 (1994). The court finds neither of these cases nor their progeny are applicable to this case.

The abstention doctrine set forth in *Younger* requires federal courts to refrain from interfering with state criminal prosecutions. In *Younger*, the Court held that despite a claim that the statute underlying the prosecution was unconstitutional, the federal courts could not enjoin a state prosecution. On facts similar to this case, this court has held the court should not abstain. *See Wilemon Foundation, Inc., v. Wilemon*, Civil Action No. 1:19-cv-136-GHD-DAS, 2020 WL 6220808 (N.D. Miss. Oct. 21, 2020). In *Wilemon*, the foundation sued the individual defendant for conversion of funds, fraudulent concealment, breach of fiduciary duty, unjust enrichment, and restitution. The defendant requested a stay, suggesting that *Younger* abstention was appropriate because of an ongoing state criminal investigation into how he handled foundation business. As in the present case, Wilemon had not been indicted, and the court found *Younger* abstention not appropriate. The court held, "*Younger* stands for the proposition that 'abstention is appropriate where, absent bad faith, harassment, or a patently invalid state statute, federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings.'" *Id.* at *4 (quoting *Colorado River Water Conservation Dist. v. U.S,* 424 U.S. 800, 816 (1976)). Because there was nothing in the record to indicate that the court's civil jurisdiction was invoked

for the purposes of interfering in or restraining the state criminal investigation, the court would not abstain. This court further noted that abstention from the exercise of its "jurisdiction is the exception, not the rule." *Id.* (quoting *Colorado River Water Conservation Dist.,* 424 U.S. at 813).

In this case, while the plaintiffs are no doubt not indifferent to the outcome of the investigation or any prosecution arising from this incident, they are not parties to such actions. Nothing is offered to suggest the plaintiffs have filed this action for any purpose other than seeking money damages for the injuries A.M. sustained. Accordingly, just as in *Wilemon*, there is no basis for abstention.

### **Stay per *Heck v. Humphrey***

In *Heck v. Humphrey*, Heck brought a § 1983 claim to recover for damages alleging that the respondents had engaged in unconstitutional behavior, including deliberately destroying exculpatory evidence, leading to his conviction and imprisonment. He commenced the action while appealing his conviction. The trial court dismissed the case initially without prejudice. After his conviction was affirmed and his petitions for federal habeas relief rejected, Heck again filed suit, but this time the court dismissed the action with prejudice. The Supreme Court held his claim was properly dismissed. If a judgment for damages "would necessarily imply the invalidity of his conviction or sentence," a § 1983 claimant could pursue damages only if the conviction or sentence had been set aside or otherwise invalidated. However, where a claim for damages would not invalidate any outstanding conviction, the civil action should be allowed to proceed. *Id*. at 486-487.

Where *Heck* would bar a recovery, the federal courts routinely stay or dismiss civil rights actions pending the final resolution of criminal cases. *Willis v. The City of Hattiesburg*, Civil Action No. 2:14 CV 89-KS-MTP, 2015 WL 13651763, * 6 (S.D. Miss. Jan. 30, 2015) (staying

civil case and the case administratively closed pending the plaintiff's appeal of convictions that would bar their civil cases under *Heck*); *Pellerin v. Neustrom,* Civil Action No. 6:11-776, 2011 WL 6749019 (W.D. La. Dec 22, 2011) (staying excessive use of force and unconstitutional seizure of a gun pending resolution of charges against the plaintiff for aggravated assault with the seized gun). These stays are appropriate for the obvious reason that it makes no sense to allow a civil claim to proceed until such time as the claimant has established the action will not be *Heck* barred. But *Heck* by its terms applies to civil actions where the same set of facts lead to the plaintiff's civil claims and to the criminal charges against the plaintiff. Neither Murry nor her son are accused of any criminal conduct in connection with the incident giving rise to this action, and thus, the court finds *Heck* is inapplicable.

### Stay per Immunity Defenses

The defendants assert the case should be stayed because they have raised the defense of qualified immunity and other state immunities in their answer. However, the defendants have elected not to raise these defenses as a bar to discovery or other pretrial proceedings. To trigger the automatic stay provisions applicable to immunity defenses, the defendant must not merely raise the affirmative defense in their answer or fold in a motion to dismiss in the body of the answer. Rather, to trigger the automatic stays, L.U.Civ.R. 16(b), the defendants must file a separate motion to dismiss as required by the local rules L.U.Civ.R. 7(b)(A). Because the defendants have opted not to pursue this route, the immunity defenses in the present procedural posture of the case does not require a stay.

### Discretionary Stay

The final question to be answered is whether the court should exercise its discretion to stay this action pending resolution of the investigation and/or any criminal proceeding. In

considering whether to grant a stay, the court finds that the opinions in *Wilemon* and *Alcala v. Texas Webb* County, 625 F. Supp.2d 391 (S.D. Tex May 1, 2009) provide the template, backed by exhaustive research, to guide consideration of this motion.

As the *Alcala* decision points out, "[i]t is not altogether uncommon that a defendant will find himself or herself facing separate civil and criminal prosecution stemming from the same transaction or occurrence." *Id*. at 396. Nor is there any "general constitutional, statutory, or common law prohibition against the prosecution of parallel criminal and civil actions, even where such actions proceed simultaneously." *Id.* (citing *SEC v. First Fin'l Group of Texas, Inc.*, 659 F.2d. 660, 666-67 (5th Cir. 1981)). The primary impetus for staying a civil action under these actions would be to protect and preserve a defendant's Fifth Amendment right against self-incrimination and to avoid a conflict between asserting the rights in the criminal action and defending the civil action. *Id.* at 697.

In deciding whether to stay the civil action because of a parallel criminal case the Fifth Circuit considers six factors:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case;
> (2) the status of the criminal case, including whether the defendant has been indicted;
> (3) the private interest of the plaintiff in proceeding expeditiously, weighed against the prejudice to the plaintiff caused by a delay;
> (4) the private interests of and burden on the defendant;
> (5) the interests of the courts; and
> ( 6 ) the public interest.

*Wilemon Foundation*, 2020 WL 6220808 at *2. (quoting *Alcala*, 625 F. Supp. 2d at 398-99)).

### 1. Overlapping Issues

First, the court must consider the extent to which the issues in the criminal case overlap with the civil case. In this case it appears there would be substantial overlap between an indictment and the allegations in the civil case. While the extent of overlap between the civil

action and a criminal prosecution is a circumstance raising the possibility of Fifth Amendment implications, several factors in this case reduce that concern. First, Capers has not been indicted, and at the present time it is not possible to determine how much need or desire he may have to invoke his Fifth Amendment Rights. Nor is it unconstitutional to force the defendant "to choose between the negative inferences drawn from his silence and his Fifth Amendment privilege." *Wilemon Foundation,* 2021 WL 6220808 at * 3 (quoting *Modern American Recycling Services, Inc v. Dunavent,* 2012 WL 1357720 at* 4 (E.D. La. April 19, 2012)). Additionally, the defendants' answer refers to the availability of other evidence, including video evidence and recordings. There would also be the testimony of Officer Webb as a witness to the chain of events, lessening any negative impact in the civil case if Capers opts to remain silent.

### 2. The Present Status of the Criminal Case

The court must consider the present status of the criminal case. While there is a probable cause hearing set in the immediate future, there is no other information about the status of the investigation or the likelihood of a criminal prosecution. The courts do not typically grant stays before indictment. *Alcala,* 625 F.Supp. at 399. Courts have found the absence of an indictment, standing alone, justifies denying the motion to stay. *Citibank N.A. v. Hakim*, 1993 WL 481335, at *32 (S.D. N.Y. Nov. 18, 1993). At this point, the court finds any potential impact of the civil action on the potential criminal case is speculative.

### 3.  The Plaintiffs' Interest

The court must also consider the private interest of the plaintiff in proceeding expeditiously and the prejudice to the plaintiff caused by delay. While this case is a recent filing, the plaintiffs have a significant interest in being able to timely pursue their case. The defense requests a stay based on a prosecution that is not yet certain, which if granted could significantly

delay the plaintiffs' cause. Final resolution of a criminal case may be relatively quick, or it may be many years away. Another case on this court's docket involving an officer-involved shooting gives this court serious pause about how long the requested stay in this case could extend. In *Ranson v. City of Clarksdale*, 4:20-cv-165-MPM-DAS, one of the plaintiffs seeks recovery for being shot by law enforcement, but also faces charges for allegedly shooting at the officers. The case remains stayed because of the *Heck* impact of any conviction and is presently administratively closed. The criminal charges remained unresolved because the court is advised that the district attorney is still waiting for a decision as to whether the Attorney General's office will clear the officers or seek charges against them. Understandably the District Attorney wants to know what the Attorney General is going to do before deciding how, or if, to proceed against the plaintiff. Dkt. 94, Exh. 1. The shooting in *Ranson* occurred in January 2020. With the real danger of a long delay, the plaintiffs would be exposed to all the perils intrinsic in any long delay, including the potential dimming of memories or loss of other evidence.

### 4. The Defendants' Interests

The court has considered the private interests and burden on the defendants -- particularly Capers -- but without a pending prosecution, the defendants do not make a specific showing of prejudice to Capers or the other defendants. Without a specific showing of prejudice, no stay should be granted.

### 5. and 6. The Court's Interest and the Public Interest

The court must also consider its own interests in controlling its dockets and assuring that cases are moved forward. *Modern American Recycling Services, Inc,* 2012 WL 1357720 at* 5. Likewise, the court also must consider the public interest in the prompt resolution of civil litigation. The Civil Justice Reform Act strongly encourages the district courts to resolve or try

cases within three years of filing. *Gross v. GGNSC Southhaven, LLC*, 2015 WL 13022489 (N.D. Miss Aug. 3, 2015). Cases not resolved in this district within this time limit are the exception, not the rule. Granting a stay would very possibly result in a multi-year wait.

Finally as the defense points out, this case has generated substantial publicity. While such publicity cannot drive the case or be allowed to impair a fair proceeding, there is a legitimate public interest in this case and its ultimate resolution. Though by no means determinative, the public interest weighs against a stay under the present circumstances.

Accordingly, having considered all the pertinent factors, the court finds the motion to stay should be **DENIED.**

**SO ORDERED** this the 30th day of September, 2023.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**