IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

NAKALA MURRY, INDIVIDUALLY AND
ON BEHALF OF HER SON, A.M., A MINOR                                           PLAINTIFF

v.                                          CIVIL ACTION NO.: 4:23CV97-DMB-DAS

CITY OF INDIANOLA, MISSISSIPPI; CHIEF
RONALD SAMPSON, In His Individual and
Official Capacity; OFFICER GREG CAPERS,
In His Individual and Official Capacity; and,
JOHN DOES 1-5, In Their Individual and
Official Capacities                                                                                DEFENDANTS

**CHIEF RONALD SAMPSON'S MOTION FOR JUDGMENT ON THE PLEADINGS,
OR ALTERNATIVELY, FOR SUMMARY JUDGMENT
AS TO PLAINTIFF'S FEDERAL CLAIMS**

**NOW COMES** Defendant, Chief Ronald Sampson, in his Individual and Official Capacities, by and through counsel, and respectfully files this, his Motion for Judgment on the Pleadings or in the Alternative, for Summary Judgment, as to Plaintiffs' Federal Claims, to-wit:.

**I.      PREMISE**

With no reasonable basis in law or fact, Plaintiff alleges a number of federal law claims against Defendant Chief Ronald Sampson, in his Individual and Official Capacities, under 42 U.S.C. § 1983 predicated on alleged Fourth and Fourteenth Amendment violations. Foremost, under federal law, Plaintiff's official capacity claims against Chief Sampson are merely duplicative of Plaintiff's claims against the City of Indianola and should be dismissed. Importantly, however, Plaintiff's Complaint fails to state a claim for relief that is plausible on its face under §1983 against Chief Sampson as it is devoid of any factual allegations demonstrating how Chief Sampson caused or was personally involved with any alleged constitutional deprivation. Indeed, Plaintiff's Complaint lacks

1

any allegations of any official policy, custom or practice of Chief Sampson or the City that served as the moving force behind any alleged constitutional violation.

Furthermore, Plaintiff's Complaint fails to allege any facts sufficient to state a plausible claim against Chief Sampson because there can be no supervisory liability absent a constitutional violation and Plaintiff's allegations amount to no more than an unintentional shooting where an officer reasonably reacted to a potentially dangerous situation and threat of serious harm, which does not constitute a constitutional violation under clearly established law. Moreover, Plaintiff's Complaint fails to state a claim against Defendant Chief Sampson, by reason of the fact that Defendant Officer Capers was at all relevant times trained and certified in accordance with State standards, Officer Capers acted within policy, Officer Capers had no prior history of excessive force, and Chief Sampson was not present during any of the events complained of. Finally, Defendant Chief Sampson is entitled to qualified immunity as Plaintiff's allegations do not rise to the level of any constitutional violation and any actions taken by Defendant was objectively reasonably in light of clearly established law. Therefore, as Plaintiff lacks any justifiable basis in law or fact, dismissal is warranted under Rule 12(c) of the *Federal Rules of Civil Procedure*.

**II.     ATTACHMENTS**

In support of this Motion, Defendant Chief Sampson incorporates for reference the following exhibits "A" through "L" which have been previously filed with Defendants' Motion for Judgment on the Pleadings, or Alternatively, for Summary Judgment as to Plaintiff's State Claims. **[Docs. 31-1 through 31-12]**.

**III.     BASIS FOR RELIEF**

In support of dismissal, Defendant Chief Sampson respectfully submits a Memorandum of

Authorities by separate filing.

**NOW, THEREFORE**, Defendant Chief Sampson prays that this Court grant the following relief:

(A) That this Court dismiss Plaintiff's Complaint with prejudice;

(B) That this Court deny Plaintiff the relief prayed for in Plaintiff's Complaint, and that Plaintiff be denied any relief whatsoever; and,

(C) That in conjunction with the dismissal of Plaintiff's Complaint with prejudice, Defendants be awarded and do recover from Plaintiff all of their costs, attorneys' fees and expenses associated with the defense of the instant civil action, on the ground that the said Complaint is legally and factually unsupportable and has been filed without substantial justification or without an arguable basis in law, and that Defendants be awarded costs and attorneys' fees pursuant to Fed. R. Civ. Proc. 11, and 42 U.S.C. §1988.

**RESPECTFULLY SUBMITTED** this the 10th day of November, 2023.

**JACKS GRIFFITH LUCIANO, P.A.**

By: /s/ **M. Mckenzie W. Price**
M. Mckenzie W. Price, MS Bar No. 106538
Daniel J. Griffith, MS Bar No. 8366
Mary McKay Griffith, MS Bar No. 100785
Attorneys for Defendants City of Indianola, Mississippi; Chief Ronald Sampson, in his Individual and Official Capacity; and, Officer Greg Capers, in his Individual and Official Capacity

Of Counsel:

**JACKS GRIFFITH LUCIANO, P.A.**

150 North Sharpe Street
P.O. Box 1209
Cleveland, MS 38732
Phone: (662) 843-6171
Fax: (662) 843-6176
Email: mprice@jlpalaw.com
      dgriffith@jlpalaw.com
      mgriffith@jlpalaw.com


Kimberly J. Merchant, Esq.
549 South Washington Ave.
Greenville, MS 38701
Cell: (662) 347-3921
Work: (662) 577-4527
Email: kimjmerchant@gmail.com
City Attorney


## **CERTIFICATE OF SERVICE**

    I, M. Mckenzie W. Price, attorney of record for Defendant Chief Ronald Sampson, in his Individual and Official Capacity, do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Chief Ronald Sampson's Motion for Judgment on the Pleadings, or Alternatively, for Summary Judgment, as to Plaintiff's Federal Claims* to be delivered by the ECF Filing System to the following:

        Carlos E. Moore, Esq.
        The Cochran Firm - MS Delta
        Email: cmoore@cochranfirm.com
        **Attorney for Plaintiff**

    **DATED** this 10th day of November, 2023.

                        /s/ *M. Mckenzie W. Price*
                        M. Mckenzie W. Price