## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISON

| | |
|---|---|
| NAKALA MURRY, INDIVIDUALLY AND ON BEHALF OF HER SON, A.M., A MINOR | PLAINTIFF |
| v. | CIVIL ACTION NO.:4:23CV97-DMB-DAS |
| CITY OF INDIANOLA, MISSISSIPPI: et al. | DEFENDANTS |

### PLAINTIFFS' MEMORANDUM OF AUTHORITIES IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF BODY CAMERA FOOTAGE

COMES NOW, Plaintiff Nakala Murry, Individually and on behalf of her son, A.M., a minor, ("Plaintiff"), by counsel The Cochran Firm, pursuant to FRCP 7 Rule 4.01, and respectfully submit this Memorandum of Authorities in support of Motion for Production of Body Camera Footage.

### PRELIMINARY STATEMENT

**A. UNDERLYING ACTION.**

Plaintiff commenced the instant action as a result of the Defendants' conduct in causing the injury of A.M., a minor. On 10. On or about May 20, 2023 at approximately 4:00a.m., Plaintiff Murry received an unexpected visit from an irate father of one of her minor children. At this time, the only people at the residence was Plaintiff Murry, her two minor children, and her nephew (all minors). Plaintiff Murry instructed her son, Plaintiff A.M., to call the police because she feared for her and the children's safety. Subsequently, Defendant Officer Capers arrived to Plaintiffs' residence with his firearm drawn at the front door and asked everyone inside of the residence to come outside. As Plaintiff A.M. was coming around the corner of the hallway that

1

lead into the living room area, he was instantly shot by Defendant Officer Capers.

## B. THE INSTANT MATTER BEFORE THE COURT IS TIMELY.

Pursuant to FRCP 7, Rule 4.01, the moving party must file with each motion a memorandum in support of the motion, including any relevant argument and citations to any authorities on which the party relies.

## C. CHRONOLOGY OF RELEVANT EVENTS AND ORDERS.

| | |
|---|---|
| 11.10.23 | **Defendants filed Motion for Judgment on the Pleadings as to Plaintiff's State Law Claims by Greg Capers, City of Indianola, Mississippi, Ronald Sampson.** |
| 11.10.23: | **Defendants filed Motion to File Body Camera Footage of Incident Under Seal.** |
| 11.14.23 | **Plaintiff filed Motion to Compel Production of Body Camera Footage.** |

## D. STANDARD OF REVIEW

In light of the public's right to access judicial records, courts are required to use caution in exercising their discretion to place records under seal.[1]

The standard for sealing court documents is more stringent than [the] standard for protecting discovery materials under a protective order.").[2] "[I]n order for a document to be sealed, the movant must not only point to specific confidential information contained in the document but *must also show* the specific harm that would be suffered if the public were granted access to this document." *Omega Hosp., LLC v. Cmty. Ins. Co.*, No. CV 14-2264, 2015 WL 13534251, at *4 (E.D. La. Aug. 12, 2015) (emphasis supplied).

---

[1] 566 F. Supp. 3d 605 (W.D. Tex.).
[2] *Id.*

2

## POINT OF LAW

## INFORMATION READILY AVAILABLE TO PUBLIC; PUBLIC INTEREST OUTWEIGHS SEALING OR WITHHOLDING BODY CAMERA FOOTAGE

Defendants argue that the sealing of the body camera footage is needed to protect the interests and privacy of A.M, a minor child.[3] Further, Defendants argue that to protect the identity of A.M., the body camera footage must be sealed.[4] Defendants only offer this argument as a "compelling" reason to withhold and conceal the body camera footage.[5]

Generally, the public has a right to inspect judicial records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978). This right "promotes the trustworthiness of the judicial process, curbs judicial abuses, and provides the public with a better understanding of the judicial process, including its fairness[, and] serves as a check on the integrity of the system."[6]

In some cases, such as those involving trade secrets, the identity of informants, and the privacy of children, or those in which information could be used for scandalous or libelous purposes, the interest in secrecy is compelling, but when a party seeking leave to file under seal does not identify any particularly confidential information in the orders that may cause it harm and ***much of the information therein is available elsewhere***, sealing of judicial records is generally unwarranted.[7]

---

[3] Doc. 39, ¶ 3.
[4] *Id.* at ¶ 4.
[5] *Id.* at ¶ 6.
[6] 435 U.S. 589, 597, 98 S.Ct 1306 (1978).
[7] 566 F. Supp. 3d 605 (W.D. Tex.) (emphasis supplied).

3

Here, the public's interest outweighs the benefit of the document being sealed. Further, Despite Defendant's contention that A.M.'s identity should be protected, A.M.'s identity has already been made public by multiple news sources, and the legal guardian of A.M. does not oppose such reveal.[8] In fact, many nationwide news sources have already identified A.M., and that information is readily available to the public.[9]

Additionally, Defendants fail to point out how the public will be adversely affected if these documents were not to be sealed. Defendants do not explain how the sealing outweighs the presumption of public access to the court documents.[10]

Because of the evidence presented herein, Defendants have a legal duty to provide full discovery that will allow the full disclosure of information. To withhold or conceal the body camera footage would be prejudicial to both the public and the plaintiff and their right to full disclosure of information.

## **CONCLUSION**

Because A.M.'s identify is readily available to the public, and Defendant does not explain how withholding or sealing outweighs the presumption of public and plaintiff access to the court documents, Plaintiff respectfully request this Court grant *Plaintiff's Motion to Compel Production of Body Camera Footage.*

---

[8] 11-Year-Old Mississippi Boy Shot by Police after Calling 911 for Help (https://people.com/11-year-old-mississippi-boy-shot-by-police-after-calling-911-for-help-7504008); Mother of A.M., 11 Year Old Boy Shot by Mississippi Police, files lawsuit (https://www.usatoday.com/story/news/nation/2023/05/30/mother-of-mississippi-boy-shot-by-police-files-suit/70270056007/); Attorney for 11-year-old Mississippi Boy shot by Police says theres "no way" he Could've been Mistaken for an Adult (https://www.cnn.com/2023/05/25/us/mississippi-police-shooting-11-year-old-boy-investigation/index.html).
[9] *Id.*
[10] *See* Nixon, 435 U.S. at 597, 98 S.Ct. 1306.

4

Respectfully Submitted,

**NAKALA MURRY, INDIVIDUALLY AND ON BEHALF OF HER SON, A.M., A MINOR, PLAINTIFF**

By: /s/ Carlos Moore
Carlos E. Moore, MSB #100685

THE COCHRAN FIRM -MS DELTA
306 Branscome Drive
P.O. Box 1487
Grenada, MS 38902-1487
662-227-9440 - phone
662-227-9941 - fax
Email: cmoore@cochranfirm.com