IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**NAKALA MURRY, INDIVIDUALLY AND
ON BEHALF OF HER SON, A.M., A MINOR**                    **PLAINTIFF**

v.                                    CIVIL ACTION NO.: 4:23CV97-DMB-DAS

**CITY OF INDIANOLA, MISSISSIPPI; CHIEF
RONALD SAMPSON, In His Individual and
Official Capacity; OFFICER GREG CAPERS,
In His Individual and Official Capacity; and,
JOHN DOES 1-5, In Their Individual and
Official Capacities**                                    **DEFENDANTS**

### MEMORANDUM IN SUPPORT OF
### DEFENDANTS' MOTION FOR STAY

**NOW COME** Defendants, City of Indianola, Mississippi; Chief Ronald Sampson, in his Individual and Official Capacities; and Officer Greg Capers, in his Individual and Official Capacities, by and through counsel, and respectfully file this, their Memorandum in Support of Motion to Stay, to-wit:

**I.     PREMISE**

The instant action brought by Plaintiff asserts a number of claims under both 42 U.S.C. §1983 and state law against Defendants, a governmental entity and its employees, for alleged acts and/or omissions that occurred on May 20, 2023. However, Plaintiff's allegations amount to no more than an unintentional shooting where an officer reasonably reacted to a potentially dangerous situation and threat of serious harm, which is insufficient to overcome Defendants' immunity under either state or federal law. Accordingly, Defendants have filed multiple motions requesting dismissal of Plaintiff's state and federal claims based upon various immunity defenses, all of which remain

1

pending before this Court. Therefore, a stay of all proceedings is warranted.

**II.     BACKGROUND**

The instant suit arises from a 911 call on May 20, 2023 for a violent domestic violence disturbance. (*See e.g.,* Compl. **[Doc. 1]**; Answer **[Doc. 19],** at 10-11; & Defs. Mots. J. Pleadings **[Doc. 32]**; **[Doc. 34]**; **[Doc. 36]**; **& [Doc. 38]**.). On that date, officers with the Indianola Police Department were dispatched to Nakala Murry's residence for this violent domestic dispute with no inclination that children were present. Though the IPD officers did not know children were present, they were aware that this address had been the scene for dozens of violent, and sometimes armed, disputes involving Nakala Murry and the same suspect in the subject call. During the course of the officers' investigation, a male in a red shirt suddenly ran from the room where Ms. Murry stated that the suspect was located and ran directly towards Officer Capers. Officer Capers discharged his firearm, striking the individual running towards him. It was not until later that Officer Capers discovered for the first time that the individual in the red shirt appeared to be a child and not the suspect.

On May 22, 2023, Plaintiff Nakala Murry caused a notice of claim letter to be sent to the City of Indianola and Chief Sampson alleging "injuries and damages sustained on May 22, 2023." Then, only a few days later, on May 30, 2023, Plaintiff filed the instant lawsuit in the United States District Court for the Northern District of Mississippi, Greenville Division. (*See* Compl. **[Doc. 1]**.) In the Complaint, Plaintiff brings claims against Defendants, the City of Indianola, Chief Ronald Sampson, in his Individual and Official Capacities, and Officer Greg Capers, in his Individual and Official Capacities, under 42 U.S.C. § 1983 and a variety of theories under state law. On August 4, 2023,

Defendants answered the Complaint and specifically asserted qualified immunity and various state law immunities as defenses in this matter. **[Doc. 19]**.

Because the Complaint raises tort claims against a governmental entity and its employees and Plaintiff's state law claims are exclusively governed by the Mississippi Tort Claims Act ("MTCA"), Defendants filed a Motion for Judgment on the Pleadings, or Alternatively, for Summary Judgment, as to Plaintiff's State Law Claims on November 11, 2023. (Defs. Mot. J. Pleadings, State **[Doc. 31 & 32]**.). Therein, Defendants asserted a number of immunity defenses and privileges under the MTCA warranting dismissal of Plaintiff's state claims.

Additionally, that same day, Defendant Officer Capers filed his Motion for Judgment on the Pleadings, or Alternatively, for Summary Judgment, as to Plaintiff's Federal Claims. (Def. Capers Mot. J. Pleadings, Fed.**[Doc. 33 & 34]**.). Therein, Defendant Officer Capers expressly raised and asserted qualified immunity, explaining that Officer Capers is shielded by qualified immunity because Plaintiff's allegations amount to no more than an unintentional shooting where an officer reasonably reacted to a potentially dangerous situation and threat of serious harm, which does not constitute a constitutional violation under any clearly established law. (Def. Capers Mot. J. Pleadings, Fed.**[Doc. 34]** at 11-28).

Moreover, on November 10, 2023, Defendant Chief Sampson filed his Motion for Judgment on the Pleadings, or Alternatively, for Summary Judgment, as to Plaintiff's Federal Claims. (Def. Sampson Mot. J. Pleadings, Fed.**[Doc. 35 & 36]**.). In his Motion, in addition to numerous other reasons for dismissal of Plaintiff's federal claims, Chief Sampson also raised and asserted qualified immunity, explaining that supervisors like Chief Sampson, "are entitled to qualified immunity unless both the underlying constitutional right and the supervisors' duty with respect to that right were

clearly established." (Def. Sampson Mot. J. Pleadings, Fed.**[Doc. 36]**, at 20). Because Plaintiff's allegations do not amount to any violation of either the underlying alleged constitutional rights nor the Chief's role or duty in respect to such under clearly established law, Chief Sampson asserted his entitlement to qualified immunity. (Def. Sampson Mot. J. Pleadings, Fed.**[Doc. 36]**, at 12-28). Finally, the City of Indianola also filed its Motion for Judgment on the Pleadings, or Alternatively, for Summary Judgment, as to Plaintiff's Federal Claims, asserting that Plaintiff has failed to state a claim under *Monell*, an immunity-based legal theory. (Def. City Mot. J. Pleadings, Fed.**[Doc. 37 & 38]**.).

In addition to the foregoing dispositive motions by Defendants asserting various immunities under both state and federal law, Defendants also filed their Motion to File Body Camera Footage of the Incident Under Seal on November 10th. (Defs. Mot. to File Under Seal **[Doc. 41 & 42]**.). Defendants' Motions for Judgment on the Pleadings referenced a number of exhibits, most notably the body camera footage of the incident. Because the video footage contains sensitive footage of the incident which would publically identify minor A.M. if not permitted to be filed under seal, Defendants requested therein that the video be allowed to be filed under seal to protect the privacy interests of the minor child, A.M., in accordance with *Fed. R. Civ. P.* 5.2(a)(3), *Miss. Code Ann.* § 43-21-105(u)(iii), and *Miss. Code Ann.* § 43-21-261(5)(c), in addition to other various state and federal rules and statutes. (Defs. Mot. to File Under Seal **[Doc. 42]**.).

Because there is not one, not two, not three, but four (4) separate motions pending before this Court based upon both state and federal immunity defenses, Defendants now respectfully request a stay of all matters pending resolution of the foregoing.

II.     **Authorities**

4

Local Uniform Civil Rule 16(b)(3)(B) provides that the filing of an "immunity defense or jurisdictional defense motion stays the attorney conference and disclosure requirements and all discovery not related to the issue pending the court's ruling on the motion…." Both federal and state immunities apply the same principle, such that "[i]mmunity is an entitlement not to stand trial rather than a mere defense to liability and, therefore, should be resolved at the earliest possible stage of litigation."[1] Qualified immunity "is not just immunity from judgment, but rather, is immunity from all aspects of suit."[2] The qualified immunity issues in a case are "threshold" issues and must be dealt with as expeditiously as possible and prior to resolving non-immunity issues.[3]

One of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive."[4] As such, a district court must first find "that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity."[5] A plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity.[6] Importantly, the Fifth Circuit recently reiterated that where "public officials assert qualified immunity in a motion to dismiss, a

---

[1] *Mitchell v. City of Greenville*, 846 So. 2d 1028 (Miss. 2003) (citing *Saucier v. Katz*, 533 U.S. 194, 200-01, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001)).

[2] *Jacques v. Procunier*, 801 F.2d 789, 791 (5th Cir. 1986).

[3] *See Harlow v. Fitzgerald*, 102 S.Ct. 2727, 2728 (1982).

[4] *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) (citing *Helton v. Clements*, 787 F.2d 1016, 1017 (5th Cir. 1986)).

[5] *Id.*

[6] *Wicks v. Mississippi State Employment Svcs.*, 41 F.3d 991, 995 (5th Cir. 1995).

district court must rule on the immunity question at that stage."[7]

Because Defendants have raised numerous state and federal immunity defenses, Local Rule 16(b)(3)(B) requires all matters, including the attorney conference and disclosure requirements be stayed. Further, Local Uniform Civil Rule 16(b)(3)(B) allows the stay of all discovery unrelated to the issues of the immunity defenses articulated in the Motions. No discovery has been sought to date. Due to the threshold issues raised in Defendants' Motions for Judgment on the Pleadings (*See* **[Doc. 32]**, **[Doc. 34]**, **[Doc. 36]**, & **[Doc. 38]**.), Defendants respectfully request a stay of all other proceedings in the instant matter pending a determination of Defendants' Motions.

**RESPECTFULLY SUBMITTED** this the 17th day of November, 2023.

                                              **JACKS GRIFFITH LUCIANO, P.A.**

By:    */s/* ***Daniel J. Griffith***
       Daniel J. Griffith, MS Bar No. 8366
       M. Mckenzie W. Price, MS Bar No. 106538
       Mary McKay Griffith, MS Bar No. 100785
       Attorneys for Defendants City of Indianola, Mississippi; Chief Ronald Sampson, in his Individual and Official Capacity; and, Officer Greg Capers, in his Individual and Official Capacity

Of Counsel:

**JACKS GRIFFITH LUCIANO, P.A.**
150 North Sharpe Street
P.O. Box 1209
Cleveland, MS 38732
Phone: (662) 843-6171
Fax: (662) 843-6176
Email: mprice@jlpalaw.com
       dgriffith@jlpalaw.com
       mgriffith@jlpalaw.com

---

[7] *Carswell v. Camp*, 37 F.4th 1062, 1066 (5th Cir. 2022).

Kimberly J. Merchant, Esq.
549 South Washington Ave.
Greenville, MS 38701
Cell: (662) 347-3921
Work: (662) 577-4527
Email: kimjmerchant@gmail.com
City Attorney

**CERTIFICATE OF SERVICE**

    I, Daniel J. Griffith, attorney of record for Defendants, City of Indianola, Mississippi, Chief Ronald Sampson, in his Individual and Official Capacity, and, Officer Greg Capers, in his Individual and Official Capacity, do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Memorandum in Support of Defendants' Motion for Stay* to be delivered by the ECF Filing System to the following:

        Carlos E. Moore, Esq.
        The Cochran Firm - MS Delta
        Email: cmoore@cochranfirm.com
        **Attorney for Plaintiff**

    **DATED** this 17th day of November, 2023.

        */s/ Daniel J. Griffith*
        Daniel J. Griffith