IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**NAKALA MURRY, individually and on behalf of her son, A.M., a minor**   PLAINTIFFS

V.   NO. 4:23-CV-97-DMB-DAS

**CITY OF INDIANOLA, MISSISSIPPI; CHIEF RONALD SAMPSON, in his individual and official capacity; OFFICER GREG CAPERS, in his individual and official capacity; and JOHN DOES 1-5, in their individual and official capacities**   DEFENDANTS

## ORDER

On May 30, 2023, Nakala Murry, individually and on behalf of her son, A.M., a minor, filed a complaint in the United States District Court for the Northern District of Mississippi against City of Indianola, Mississippi; Chief Ronald Sampson, in his individual and official capacity; Officer Greg Capers, in his individual and official capacity; and John Does 1-5, in their individual and official capacities. Doc. #1. Asserting claims based on Capers' shooting of 11-year old A.M. on May 20, 2023, the complaint contains ten counts: (1) "Violation of 4th and 14th Amendment Rights under 42 U.S.C. § 1983 and 28 U.S.C. § 1343 et al. (Count One); (2) "Excessive Force" (Count Two; (3) "Negligent/Intentional Infliction of Emotional Distress / Bystander's Claim" (Count Three; (4) "Reckless Endangerment" (Count Four); (5) "Civil Assault and Battery" (Count Five); (6) "Abuse of Process" (Count Six); (7) "Negligent, Grossly Negligent, and Wanton Failure in Hiring and to Monitor, Train, Supervise, and Discipline or take necessary Corrective Action on the Officer Involved" (Count Seven); (8) "Reckless Disregard for the Rights and Safety of the Plaintiffs" (Count Eight)" (9) "Respondeat Superior" (Count Nine); and (10) "The Common Law

Tort of Outrage (Count Ten). *Id.* at PageID 5–10. On these claims, the relief Murry seeks includes compensatory damages, punitive damages, and "Veasley type damages," "with such final amount being at least $5,000,000.00 or an aggregate sum equal to the maximum amount of recovery allowed by the Mississippi Tort Claims Act plus any recovery to be determined by a jury …." *Id.* at PageID 11. After receiving a requested extension to respond to the complaint, the City, Sampson, and Capers together filed an "Answer and Affirmative Defenses"[1] on August 4, 2023.[2] Docs. #13, #19.

On November 10, 2023: (1) the City, Sampson, and Capers jointly filed a "Motion for Judgment on the Pleadings, or Alternatively, for Summary Judgment as to Plaintiff's State Claims," Doc. #31; (2) Capers filed "Officer Greg Capers' Motion for Judgment on the Pleadings, or Alternatively, for Summary Judgment as to Plaintiff's Federal Claims," Doc. #33; (3) Sampson filed "Chief Ronald Sampson's Motion for Judgment on the Pleadings, or Alternatively, for Summary Judgment as to Plaintiff's Federal Claims," Doc. #35; and (4) the City filed "City of Indianola's Motion for Judgment on the Pleadings, or Alternatively, for Summary Judgment as to Plaintiff's Federal Claims."[3] Doc. #37. Together, the memorandum briefs filed in support of these four separate motions total one hundred seven pages (exclusive of the signature and certificate of service pages). Docs. #32 (twenty-eight pages), #34 (twenty-eight pages), #36 (twenty-nine pages), #38 (twenty-two pages).

Local Rule 7(b)(5) mandates that a movant's "original and rebuttal memorandum briefs together may not exceed a total of thirty-five pages." "Page limitations are important, not merely

---

[1] The pleading contains under the heading of affirmative defenses a "*Motion to Dismiss – 1983 Claim*" and a "*Motion to Dismiss State Law Claims*." Doc. #19 at PageID 64, 65. The Court "will not recognize a motion included within the body of the answer." L.U. Civ. R. 7(b)(2)(A).

[2] This case was initially assigned to United States Senior District Neal B. Biggers but was reassigned to the undersigned on August 14, 2023. Doc. #22.

[3] All these motions were signed and filed by the same attorney of record for the City, Sampson, and Capers.

to regulate the Court's workload … but also to encourage litigants to hone their arguments and to eliminate excessive verbiage." *Fleming v. Cnty. of Kane*, 855 F.2d 496, 497 (7th Cir. 1988). Page limits are "circumvented when a party distributes its separate but related contentions and legal challenges over several dispositive motions, each of which is accompanied by a brief that approaches the … page limit." *Welker Bearing Co. v. PHD, Inc.*, No. 06-13345, 2007 WL 1647878, at *1 (E.D. Mich. June 4, 2007); *see Rainbow Nails Enters., Inc. v. Maybelline, Inc.*, 93 F. Supp. 2d 808, 810 n.1 (E.D. Mich. 2000) ("filing separate motions addressing only certain counts of Plaintiff's Complaint" deemed an effort "to create the illusion of compliance with the Local Rules"). When a party circumvents a page limit by filing multiple dispositive motions, the proper course is to strike the motions and direct the filing of "a single consolidated motion and brief in support, combining all … arguments in a single filing." *Welker Bearing Co.*, 2007 WL 1647878, at *1. "[A] single filing, even if somewhat over the … page limit, is vastly preferable to a profligacy of motions-which … invariably triggers multiple responses and replies, supported by escalating rounds of overlapping arguments and duplicative exhibits." *Id.*

Given this authority and the Court's observation that the defendants' motions for judgment on the pleadings or, alternatively, summary judgment repeat the same language in their respective facts section, place all citations in footnotes, and make duplicative arguments,[4] the memorandum briefs filed in support of such motions [32][34][36][38] are **STRICKEN** and the motions [31][33][35][37] are **DENIED without prejudice**. Within fourteen (14) days of the entry of this order, the defendants may file a single motion for judgment on the pleadings in accordance with

---

[4] In their memorandum briefs, Sampson and Capers both argue that (1) Murry's official capacity claims are duplicative, (2) they are entitled to qualified immunity, (3) Murry cannot establish a constitutional violation, and (4) the constitutional violations alleged are not clearly established. *See* Doc. #34 at 10, 11, 13, 25; Doc. #36 at 11, 20, 22, 26. The City's memorandum brief also argues that Murry cannot establish a constitutional violation. Doc. #38 at 11. And the motions filed by the City, Sampson, and Capers each request the same relief and refer to the defendants collectively. *See* Docs. #33 at 2–3; Doc. #35 at 2–3; Doc. #37 at 2–3.

the Local Rules. If filed, the motion for judgment on the pleadings may not raise new bases for seeking judgment on the pleadings and the memorandum brief filed in support may not raise new arguments.[5]

    **SO ORDERED**, this 21st day of November, 2023.

                                                  /s/Debra M. Brown_____
                                                  **UNITED STATES DISTRICT JUDGE**

---

[5] If the motion for judgment on the pleadings includes an alternative request for summary judgment, the alternative request for summary judgment will be denied without prejudice given the different standards applicable to a motion for judgment on the pleadings under Rule 12(c) and a motion for summary judgment under Rule 56.