IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**NAKALA MURRY, INDIVIDUALLY AND**
**ON BEHALF OF HER SON, A.M., A MINOR**                     **PLAINTIFFS**

v.                                      CIVIL ACTION NO.: 4:23-cv-97-DMB-DAS

**CITY OF INDIANOLA, MISSISSIPPI;**
**CHIEF RONALD SAMPSON, In His Individual and Official Capacity;**
**OFFICER GREG CAPERS, In His Individual and Official Capacity;**
**and JOHN DOES 1-5, In Their Individual and Official Capacities**        **DEFENDANTS**

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF PLAINTIFFS'**
**MOTION FOR LEAVE TO AMEND**

**COME NOW** Nakala Murry, individually and on behalf of her son, A.M., a minor, (collectively referred to as "Plaintiffs"), by and through counsel of record, and file this *Memorandum in Support of Plaintiffs' Motion for Leave to Amend Complaint*. Plaintiffs move this Honorable Court to grant Plaintiffs leave to amend their complaint and would state as follows:

### INTRODUCTION

This case arises due to Defendants' violation of federal and state law which caused Plaintiffs substantial injuries and damages. On or about May 20, 2023, Nakala Murry's ("Plaintiff Murry") minor son, A.M. ("Plaintiff A.M."), was shot by Officer Greg Capers ("Defendant Capers"). Defendant Capers failed to assess the situation before displaying and/or discharging his firearm in addition to other misconduct. Plaintiff A.M. suffered a collapsed lung, lacerated liver, and fractured ribs. Additionally, Plaintiff A.M. was given a chest tube and placed on oxygen at the hospital.

Defendant Capers was an employee of the City of Indianola, Mississippi at the time of the subject incident. Chief Ronald Sampson was the commanding officer through the

1

entire incident and responsible for the actions and/or omissions of the aforementioned officer.

On or about May 23, 2023, Plaintiffs forwarded a Notice of Claim to Defendants. On May 30, 2023, Plaintiffs filed a complaint asserting federal law claims and state law claims that include (1) negligent/intentional infliction of emotional distress/bystander's claim; (2) reckless endangerment; (3) civil assault and battery; (4) abuse of process; (5) negligent, grossly negligent, and wanton failure in hiring and to monitor, train, supervise, and discipline or take necessary corrective action on the officer involved; (6) reckless disregard for the rights and safety of Plaintiffs; (7) respondeat superior; and (8) the common law tort of outrage [Doc. 1]. Plaintiffs request leave to amend the complaint.

## **ARGUMENT AND AUTHORITIES**

Under the Federal Rule of Civil Procedure 15(a), a complaint may be amended "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Leave to amend under Federal Rule of Civil Procedure 15(a) is usually granted liberally, unless the movant has acted in bad faith or with a dilatory motive, if granting the motion would cause prejudice, or the amendment would be futile. *Jebaco, Inc. v. Harrah's Operating Co.*, 587 F.3d 314, 322 (5th Cir.2009); *Issaquena & Warren Ctys. Land Co., LLC v. Warren Cty., Miss. Bd. of Sup'rs*, No. 5:07-CV-106-DCB-JMR, 2011 WL 6092450, at *3 (S.D. Miss. Dec. 7, 2011). Courts "must have a substantial reason to deny" Plaintiff's request. *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (citations omitted).

In this matter, Plaintiffs concede that Plaintiffs did not wait ninety (90) days after the notice of claim was forwarded to Defendants before filing suit. Thus, should the court dismiss the state law claims as a result of Plaintiffs filing the state law claims prematurely, Plaintiffs request to amend

the complaint to reassert the state law claims. The state law claims were not filed prematurely in bad faith, but to ensure Plaintiffs were diligent in seeking justice for the injuries and damages caused to Plaintiffs by Defendants. Defendants shall not suffer any prejudice if Plaintiffs are allowed to amend the complaint. Plaintiffs are not filing this motion for reasons of undue delay, bad faith, or dilatory motive. Plaintiffs file this motion to be proactive as Plaintiffs respect this court. Notably, ninety (90) days have passed since the notice of claim was forwarded to Defendants.

## CONCLUSION

Based upon the foregoing, Plaintiffs pray that this Honorable Court will grant the *Motion for Leave to Amend Complaint*, based upon the reasons, logic, and law set forth herein. Plaintiffs also pray for all other general relief this Honorable Court deems to be fair and just. Plaintiffs' amended complaint will mirror Plaintiffs' original complaint.

**WHEREFORE, PREMISES CONSIDERED** Plaintiffs pray that this Honorable Court will grant Plaintiffs' *Motion for Leave to Amend Complaint*. Plaintiffs also pray for all other general relief this Court deems to be fair and just.

Respectfully submitted, this the 22nd day of November 2023.

**NAKALA MURRY, INDIVIDUALLY AND ON BEHALF OF HER SON, A.M., A MINOR**

/s/ Carlos Moore
CARLOS MOORE, MSB #100685

**OF COUNSEL:**
**THE COCHRAN FIRM**
**306 Branscome Drive**
**Grenada, Mississippi 38901**
**Telephone: 662-227-9940**
**Fax: 662-227-9941**
**cmoore@cochranfirm.com**

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the above and foregoing pleading was transmitted via CM/ECF to all counsel of record. the following counsel of record.

**This the 22nd day of November 2023.**

/s/ Carlos Moore
Carlos Moore, MSB #100685