IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

NAKALA MURRY, INDIVIDUALLY AND
ON BEHALF OF HER SON, A.M., A MINOR           PLAINTIFFS

v.           CIVIL ACTION NO.: 4:23-cv-97-DMB-DAS

CITY OF INDIANOLA, MISSISSIPPI;
CHIEF RONALD SAMPSON, In His Individual and Official Capacity;
OFFICER GREG CAPERS, In His Individual and Official Capacity;
and JOHN DOES 1-5, In Their Individual and Official Capacities      DEFENDANTS

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO FILE BODY CAMERA FOOTAGE OF INCIDENT UNDER SEAL**

**COME NOW** Nakala Murry, individually and on behalf of her son, A.M., a minor, (collectively referred to as "Plaintiffs"), by and through counsel of record, and file this *Memorandum in Support of Plaintiffs' Response in Opposition to Defendants' Motion to File Body Camera Footage of Incident Under Seal*. Plaintiffs move this Honorable Court to deny Defendants' motion and would state as follows:

**INTRODUCTION**

This case arises due to Defendants' violation of federal and state law which caused Plaintiffs substantial injuries and damages. On or about May 20, 2023, Nakala Murry's ("Plaintiff Murry") minor son, A.M. ("Plaintiff A.M."), was shot by Officer Greg Capers ("Defendant Capers"). Defendant Capers failed to assess the situation before displaying and/or discharging his firearm in addition to other misconduct. Plaintiff A.M. suffered a collapsed lung, lacerated liver, and fractured ribs. Additionally, Plaintiff A.M. was given a chest tube and placed on oxygen at the hospital.

Defendant Capers was an employee of the City of Indianola, Mississippi at the time

1

of the subject incident. Chief Ronald Sampson was the commanding officer through the entire incident and responsible for the actions and/or omissions of the aforementioned officer.

On or about May 23, 2023, Plaintiffs forwarded a Notice of Claim to Defendants. On May 30, 2023, Plaintiffs filed a complaint asserting federal law claims and state law claims that include (1) violation of Fourth and Fourteenth Amendment rights under 42 U.S.C. Section 1983 and 28 U.S.C. Section 1343 et al; (2) excessive force; (3) negligent/intentional infliction of emotional distress/bystander's claim; (4) reckless endangerment; (5) civil assault and battery; (6) abuse of process; (7) negligent, grossly negligent, and wanton failure in hiring and to monitor, train, supervise, and discipline or take necessary corrective action on the officer involved; (8) reckless disregard for the rights and safety of Plaintiffs; (9) respondeat superior; and (10) the common law tort of outrage.

On November 10, 2023, Defendants filed a *Motion to File Body Camera Footage of Incident Under Seal*. As outlined below, Defendants' motion should be denied as the public has a right to access this video and be privy to the conduct of Defendants.

## ARGUMENT AND AUTHORITIES

Motions to file under seal are decided on a case-by-case basis following the appropriate factors delineated by the Fifth Circuit. *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) ("In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure."); *see also United States v. Sealed Search Warrants*, 868 F.3d 385, 395 (5th Cir. 2017) ("In the Fifth Circuit, the common law right of access to judicial records has consistently been addressed on a case-by-case basis").

**The Court "heavily disfavor[s] sealing information placed in the judicial record" and discourages such requests**. *June Med. Servs. v. Phillips*, 22 F.4th 512, 519-20 (5th Cir. 2022). The Fifth Circuit recently has admonished district courts to remember "[j]udicial records are public records. And public records, by definition, presume public access." *Binh Hoa Le v. Exeter Fin. Corp.*, No. 20-10377, --- F.3d ---, 2021 WL 838266, *4 (5th Cir. March 5, 2021). "In *Binh Hoa Le*, the Fifth Circuit expounded upon the history and importance of public access to judicial records that traces a noble lineage "back to Roman law." *Id*. at *6. "Judicial records belong to the American people; they are public, not private, documents. Certainly, some cases involve sensitive information that, if disclosed, could endanger lives, or threaten national security. But increasingly, courts are sealing documents in run-of-the-mill cases **where the parties simply prefer to keep things under wraps**." *Id*. at *4.

The Fifth Circuit has reiterated that judges must protect public accessibility for three mutually reinforcing reasons: (1) the public has a right to monitor the exercise of judicial authority' (2) judges are "the primary representative[s] of the public interest in the judicial process"; and (3) the judiciary's institutional legitimacy depends on public trust. Public trust cannot coexist with a system wherein "important judicial decisions are made behind closed doors" and, worse, private litigants do the closing." *Id*. at *4; *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 450 (5th Cir. 2019) (quoting *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010)); *Bradley ex rel. AJW v. Ackal*, 954 F.3d 216, 224 (5th Cir. 2020) (public access to judicial records "promotes the trustworthiness of the judicial process, curbs judicial abuses, and provides the public with a better understanding of the judicial process, including its fairness[, and] serves as a check on the integrity of the system" (quoting *United States v. Sealed Search Warrants*, 868 F.3d 385, 395 (5th Cir. 2017)).

3

> [Moreover,] the Fifth Circuit has determined that courts should be ungenerous with their discretion to seal judicial records, which plays out in two legal standards relevant here. The first standard, requiring only "good cause," applies to protective orders sealing documents produced in discovery. The second standard, a stricter balancing test, applies "[o]nce a document is filed on the public record"— when a document "becomes a 'judicial record.'" Under both standards, the working presumption is that judicial records should not be sealed. That must be the default because the opposite would be unworkable: "With automatic sealing, the public may never know a document has been filed that might be of Interest. True, even under the stricter balancing standard, litigants sometimes have good reasons to file documents (or portions of them) under seal, such as protecting trade secrets or the identities of confidential informants. But "[m]ost litigants have no incentive to protect the public's right of access."

*Binh Hoa Le v. Exeter Fin. Corp.*, No. 20-10377, --- F.3d ---, 2021 WL 838266, *14 (5th Cir. March 5, 2021) (quoting *BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 211 (5th Cir. 2019).

In this matter, there is no legitimate reason the body camera footage of the subject incident should be under seal. Public access to this footage is paramount as the public has a common law right to this video and more importantly, to be privy to the misconduct of Defendants. Defendants allege that the footage should be sealed to protect the minor child in this matter. However, Plaintiff A.M. has been on national television and his name is already known to the public.[1]

Thus, this is not sensitive information, if disclosed, could endanger lives, or threaten national security. Defendants are simply attempting to keep their conduct in this matter "under wraps". In accordance with the foregoing, Defendants' motion should be denied.

## CONCLUSION

Defendants' motion should be denied as the public has a right to access this video and be privy to the conduct of Defendants.

---

[1] Articles in support of this attached to the response as Exhibit "A", "B", and "C".

**WHEREFORE, PREMISES CONSIDERED** Plaintiffs pray that this Honorable Court will deny Defendants' *Motion to File Body Camera Footage of Incident Under Seal*. Plaintiffs also pray for all other general relief this Court deems to be fair and just.

Respectfully submitted, this the 24th day of November 2023.

**NAKALA MURRY, INDIVIDUALLY AND ON BEHALF OF HER SON, A.M., A MINOR**

/s/ Carlos Moore
CARLOS MOORE, MSB #100685

**OF COUNSEL:**
**THE COCHRAN FIRM**
**306 Branscome Drive**
**Grenada, Mississippi 38901**
**Telephone: 662-227-9940**
**Fax: 662-227-9941**
**cmoore@cochranfirm.com**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing pleading was transmitted via CM/ECF to all counsel of record. the following counsel of record.

**This the 24th day of November 2023.**

/s/ Carlos Moore
Carlos Moore, MSB #100685