**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**NAKALA MURRY, INDIVIDUALLY AND
ON BEHALF OF HER SON, A.M., A MINOR**                       **PLAINTIFF**

**v.**                       **CIVIL ACTION NO.: 4:23CV97-DMB-DAS**

**CITY OF INDIANOLA, MISSISSIPPI; CHIEF
RONALD SAMPSON, In His Individual and
Official Capacity; OFFICER GREG CAPERS,
In His Individual and Official Capacity; and,
JOHN DOES 1-5, In Their Individual and
Official Capacities**                       **DEFENDANTS**

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL PRODUCTION OF BODY CAMERA FOOTAGE**

      **NOW COME** Defendants, City of Indianola, Mississippi; Chief Ronald Sampson, in his Individual and Official Capacities; and Officer Greg Capers, in his Individual and Official Capacities, by and through counsel, and respectfully file this, their Response in Opposition to Plaintiffs' Motion to Compel Production of Body Camera Footage, and would show in support thereof, as follows:

      1.     Defendants filed their Motion to File Body Camera Footage of Incident Under Seal and the Memorandum of Authorities in Support thereof on November 11, 2023. **[Doc. 41 & 42]**.

      2.     Thereafter, on November 14, 2023, Plaintiffs filed a Motion to Compel Production of Body Camera Footage. **[Doc. 44].** Plaintiffs only filed said Motion on November 14th, with no accompanying memorandum of authorities or good faith certificate. Later, on November 16th, Plaintiffs filed their Memorandum of Authorities in Support of their Motion to Compel. **[Doc. 46].** Again, Plaintiffs did not file a good faith certificate.

      3.     Pursuant to *L.U.Civ.R.* 7(b)(4), at the time any motion is served, a memorandum brief in support of the motion must also be filed. After service of both the motion and memorandum brief,

the respondent has fourteen days to file a response.

4. For any discovery motions, *L.U.Civ.R.* 37(a) requires that before service of the motion, counsel must confer in good faith to determine to what extent the issue in question can be resolved without court intervention. Furthermore, *L.U.Civ.R.* 37(a) requires that a Good Faith Certificate must filed with all discovery motions. Under Rule 37(a), the required Good Faith Certificate must specify whether the motion is unopposed, and if opposed, by which party(ies) and the method by which the matter has been submitted to the magistrate judge for resolution. The certificate must bear the signatures or endorsements of all counsel. If a party fails to cooperate in the attempt to resolve a discovery dispute or prepare the Good Faith Certificate, *L.U.Civ.R.* 37(a) requires that the filed motion be accompanied by an affidavit or a 28 U.S.C. § 1746 declaration by the moving party detailing the lack of cooperation and requesting appropriate sanction

5. Importantly, *L.U.Civ.R.* 37(c). Provides that failure to comply with the Good Faith Certificate Requirement will result in a denial of the motion without prejudice. Because Plaintiffs' failed to confer in good faith regarding their Motion to Compel and failed to attach the required Good Faith Certificate, affidavit, or 28 U.S.C. § 1746 declaration to either their Motion on November 14th or their Memorandum Brief on November 16th, Plaintiffs' Motion to Compel Production of Body Camera Footage must be dismissed. Additionally, no discovery order has been entered at this point, making Plaintiffs' Motion untimely.

6. Furthermore, Plaintiffs' Motion to Compel is moot as discussed during the Telephonic Status Conference held on November 20, 2023, whereby it was made clear that the video titled "Body Camera Footage of Incident" has not been provided to either the Court nor Plaintiffs' counsel because to provided unfettered access to the video at this time would contradict the purpose and necessity of Defendants' Motion to File Body Camera Footage of Incident Under Seal. During the Telephonic

Status Conference, deliberations were had as to the manner in which the video can be safely produced to the Court as well as Plaintiffs' counsel, such as an in camera review. No determination on the issue has been rendered at this time. Accordingly, Plaintiffs' Motion to Compel should be dismissed as moot.

**WHEREFORE, PREMISES CONSIDERED,** Defendants respectfully request, for the reasons outlined above, that this Court deny Plaintiffs' Motion to Compel Production of Body Camera Footage.

**RESPECTFULLY SUBMITTED** this the 28th day of November, 2023.

**JACKS GRIFFITH LUCIANO, P.A.**

By: /s/ *Daniel J. Griffith*
Daniel J. Griffith, MS Bar No. 8366
M. Mckenzie W. Price, MS Bar No. 106538
Mary McKay Griffith, MS Bar No. 100785
Attorneys for Defendants City of Indianola, Mississippi; Chief Ronald Sampson, in his Individual and Official Capacity; and, Officer Greg Capers, in his Individual and Official Capacity

Of Counsel:

**JACKS GRIFFITH LUCIANO, P.A.**
150 North Sharpe Street
P.O. Box 1209
Cleveland, MS 38732
Phone: (662) 843-6171
Fax: (662) 843-6176
Email: mprice@jlpalaw.com
dgriffith@jlpalaw.com
mgriffith@jlpalaw.com

Kimberly J. Merchant, Esq.
549 South Washington Ave.
Greenville, MS 38701
Cell: (662) 347-3921
Work: (662) 577-4527

Email: kimjmerchant@gmail.com
City Attorney

**CERTIFICATE OF SERVICE**

    I, Daniel J. Griffith, attorney of record for Defendants, City of Indianola, Mississippi, Chief Ronald Sampson, in his Individual and Official Capacity, and, Officer Greg Capers, in his Individual and Official Capacity, do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Defendants' Response in Opposition to Plaintiff's Motion to Compel Production of Body Camera Footage* to be delivered by the ECF Filing System to the following:

        Carlos E. Moore, Esq.
        The Cochran Firm - MS Delta
        Email: cmoore@cochranfirm.com
        **Attorney for Plaintiff**

    **DATED** this 28th day of November, 2023.

                           */s/ Daniel J. Griffith*