## \IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

**NAKALA MURRY,**
**Individually and on Behalf**
**of her son, A.M., a Minor**                                                                                      **PLAINTIFF**

**V.**                                           **CIVIL ACTION NO. 4:23cv-97-DMB -DAS**

**CITY OF INDIANOLA, MISSISSIPPI, et. al.**                               **DEFENDANTS**

## **ORDER**

On November 10, 202, the defendants filed multiple motions for judgment on the pleadings. [Dkt 31, 33, 35,37]. One of these motions referenced the body camera video as an exhibit to the motion. Concurrent with the filing of these motions, the defense filed a motion to seal the exhibit.[Dkt 41]. The defendant did not submit the video to the clerk's office, despite being directed to upload the exhibit and being assured that the video would not be publicly released, pending the court's decision on the motion to seal.

Because defense counsel refused to produce the proposed exhibit to the plaintiff, the plaintiff filed a motion to compel the defendants to produce the video.[Dkt. 44] The court held a status conference on November 20, 2023, and heard argument from counsel regarding the motion to seal the video and the motion to compel production of the video. The court has now reviewed the defense's response in opposition to the motion to compel.

On November 21, 2023, the court entered an order denying the motions for judgment on the pleadings and striking the supporting memoranda for violation of the local rules. The defendants have until December 5, 2023, to file a proper motion for judgment on the pleadings.

While the court is not prepared to rule on the motion to seal pending receipt and review of the body camera video, it is prepared to rule on the motion to compel production of the video. The court finds that there is no reason to delay an order on the motion to compel.

The defendants have conceded that counsel must be given access to the video but asks the court to restrict plaintiff's counsel and the plaintiff to a review of the video inside the courthouse with court supervision. The court disagrees with that procedure and orders the defendant to provide plaintiff's counsel with a link or copy to allow him, his client, and necessary staff to view the video. The plaintiffs and counsel are prohibited from releasing or otherwise disseminating the video or any part thereof until further order of the court. Neither the plaintiffs, plaintiff's counsel, nor any of his staff may disseminate any notes or descriptions of the video outside of counsel's office, and only as needed to prosecute this action, and respond to the upcoming motions.

**IT IS, THEREFORE, ORDERED** as follows:

1. That contemporaneous with the filing of the motion for judgment on the pleadings, the defendant shall comply with the directions of the clerk's office for uploading the body camera video for the court's review. Pending resolution of the defendant's motion to seal this video, the clerk's office may not release the video or any part thereof.

2. Contemporaneous with the filing of the motion for judgment on the pleadings, the defendant shall provide a link or copy of the video to counsel for the plaintiff for review and use, subject to the above restrictions, pending the court's decision on the motion to seal the video.

3. The defendants shall file a certificate of service with the court verifying that the video has been provided.

**SO ORDERED** this the 30th day of November, 2023.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**