IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

NAKALA MURRY, INDIVIDUALLY AND
ON BEHALF OF HER SON, A.M., A MINOR            PLAINTIFF

v.                         CIVIL ACTION NO.: 4:23CV97-DMB-DAS

CITY OF INDIANOLA, MISSISSIPPI; CHIEF
RONALD SAMPSON, In His Individual and
Official Capacity; OFFICER GREG CAPERS,
In His Individual and Official Capacity; and,
JOHN DOES 1-5, In Their Individual and
Official Capacities                            DEFENDANTS

**REPLY BRIEF IN SUPPORT OF
MOTION TO FILE BODY CAMERA FOOTAGE OF INCIDENT UNDER SEAL**

       **NOW COME** Defendants, City of Indianola, Mississippi; Chief Ronald Sampson, in his Individual and Official Capacities; and Officer Greg Capers, in his Individual and Official Capacities, by and through counsel, and respectfully file this, their Reply Brief in Support of Motion to File Body Camera Footage of Incident Under Seal, as follows:

**I.    BACKGROUND**

       The instant suit arises from a 911 call for a violent domestic violence disturbance on May 20, 2023.[1] On that date, officers with the Indianola Police Department were dispatched to Nakala Murry's residence for this violent domestic dispute with no inclination that children were present.[2] Though the IPD officers did not know children were present, they were aware that this address had been the scene for dozens of violent, and sometimes armed, disputes involving Nakala Murry and

---

[1] *See e.g.*, Compl. **[Doc. 1]**; Answer **[Doc. 19]**, at 10-11.

[2] Answer **[Doc. 19]** at 10-11.

1

the same suspect in the subject call.[3] During the course of the officers' investigation, a male in a red shirt suddenly ran from the room where Ms. Murry stated that the suspect was located and ran directly towards Officer Capers.[4] Officer Capers discharged his firearm, striking the individual charging at him.[5] It was not until later that Officer Capers discovered for the first time that the individual in the red shirt appeared to be a child and not the suspect.[6]

On May 30, 2023, Plaintiffs filed the instant lawsuit, asserting claims against Defendants, the City of Indianola, Chief Ronald Sampson, in his Individual and Official Capacities, and Officer Greg Capers, in his Individual and Official Capacities, under 42 U.S.C. § 1983 and a variety of theories under state law.[7] On August 4, 2023, Defendants answered Plaintiffs' Complaint and specifically asserted qualified immunity and various state law immunities as defenses in this matter.[8] Meanwhile, the MBI investigation is ongoing at this time.

Thus, in addition to four motions for judgment on the pleadings, which will soon be re-filed as one consolidated motion pursuant to this Court's Order on November 21st,[9] Defendants filed their Motion to File Body Camera Footage of Incident Under Seal and the Memorandum of Authorities in Support thereof on November 11, 2023.[10] Thereafter, on November 14th, Plaintiff filed a Motion

---

[3] Arrests Reports and Call Log **[Doc. 31-3]**, at 3; Call Reports for 1111 BB King **[Doc. 31-8]**; Prior IPD Incident Reports **[Doc. 31-12]**, at 7, 16-17, 20-21, & 22-23 (disputes involving Ms. Murry and/or Mr. Nolden where a gun was used); Answer **[Doc. 19]** at 1 & 3-4.

[4] IPD Incident Report for 5-20-23 **[Doc. 31-2]**, at pg. 2 & 3; Answer **[Doc. 19]** at 2-3.

[5] IPD Incident Report for 5-20-23 **[Doc. 31-2]**, at pg. 2 & 3; Answer **[Doc. 19]** at 2-3.

[6] IPD Incident Report for 5-20-23 **[Doc. 31-2]**, at pg. 2 & 3; Answer **[Doc. 19]** at 3.

[7] Compl. **[Doc. 1]**.

[8] Answer **[Doc. 19]**.

[9] Order 11-21-23 **[Doc. 51]**.

[10] Def. Mot. To File Under Seal **[Doc. 41]** & Def. Mot. To File Under Seal Brief **[Doc. 42]**.

to Compel Production of Body Camera Footage.[11] Plaintiff only filed said Motion on November 14th, with no accompanying memorandum of authorities, which was filed two days later,[12] nor a good faith certificate, which was never filed at all. Also, Defendants filed their Motion for Stay and accompanying Memorandum of Authorities on November 17th, requesting a stay of all proceedings in this matter as Defendants have asserted multiple immunity defenses.[13] Subsequently, Plaintiff filed her Response in Opposition to Defendants Motion to File Body Camera Footage of Incident Under Seal on November 24th.[14]

Nonetheless, as discussed in Defendants' original Motion, sealing the video consisting of the body camera footage of the incident is warranted and necessary under Rule 5.2 of the *Federal Rules of Civil Procedure* as well as multiple Mississippi statutes in order to serve the compelling interest of protecting the identity and privacy of a minor child in court filings. Further, the video sought to be sealed contains incredibly sensitive footage of the subject incident, depicting not only the moments leading up to and immediately after the subject incident, but also the shooting itself. Thus, sealing the video is warranted to safeguard the physical and psychological well-being of the minor and to prevent public disclosure of imagery of the minor's injuries that could be humiliating or stigmatizing. Additionally, the only reasons Plaintiff offers against sealing relate to media exposure she and her counsel have sought, which establishes that public disclosure of the video would only be used for the improper purpose recognized by the Supreme Court of using records to gratify private spite or promote public scandal.

---

[11] Pltf. Mot. Compel **[Doc. 44].**

[12] Pltf. Mot. Compel Brief **[Doc. 46].**

[13] Def. Mot. For Stay **[Doc. 48]** & Def. Mot. For Stay Brief **[Doc. 49].**

[14] Pltf. Resp. **[Doc. 55]** & Pltf. Resp. Brief **[Doc. 56].**

## II. ARGUMENT AND AUTHORITIES

Without identifying any legal authorities pertaining to the particular issue at hand, Plaintiff opposes Defendants' Motion to File Body Camera Footage of Incident Under Seal on the basis that "the public has a common law right to this video and more importantly, to be privy to the misconduct of Defendants."[15] Plaintiff further seeks public disclosure of the body camera footage by arguing that there is no need to protect the identity of the minor child in this matter because "Plaintiff A.M. has been on national television and his name is already known to the public."[16] In support of this assertion, Plaintiff attaches three, unredacted news articles to her Response. As reflected in these three news articles attached to Plaintiff's response, the minor child's media appearances were coordinated and accompanied by Plaintiff's counsel. Importantly, however, *Fed. R. Civ. Pro.* 5.2 **requires** redaction of the names of minor children from all documents filed with the Court, which includes exhibits to such filings. Therefore, this Court should strike each exhibit attached to Plaintiff's Response in Opposition to Defendants' Motion to File Body Camera Footage of Incident Under Seal due to the numerous violations of *Fed. R. Civ. P.* 5.2 contained therein.

More importantly, however, Plaintiff fails to provide any arguments or legal authority that actually contemplate, let alone balance, the interests of protecting a minor's privacy and identity in court filings against the public's interest in disclosure.[17] Instead, Plaintiff solely focuses her response on why the public may want access to the video without recognizing its nature as incredibly sensitive

---

[15] Pltf. Resp. Brief **[Doc. 56]** at 4.

[16] Pltf. Resp. Brief **[Doc. 56]** at 4.

[17] Pltf. Resp. Brief **[Doc. 56]** at 2-4.

body camera footage revealing the minor child's identity.[18] Even still, Plaintiff's purported reasons for public disclosure are not only unavailing, the reasons offered in Plaintiff's response are based upon her conclusory allegation that Defendants engaged in "misconduct."[19] This does not suffice. Indeed, if the only consideration needed to decide whether to seal judicial records was whether there was some allegation of misconduct, then there would be no need for *L.U. Civ. R.* 79, *Fed. R. Civ. Pro.* 5.2, nor any of the numerous confidentiality and privacy statutes as public access would therefor be required for all documents in every lawsuit filed.

Indeed, Plaintiff fails outright in her Response to recognize that "[t]he common law right of access to judicial records ***is not absolute***[.]"[20] Rather, "[c]ourts have recognized that the privacy of children may constitute a compelling interest that outweighs the presumption in favor of public access."[21] Indeed, as shown in Defendants' Motion to File Body Camera Footage of Incident, dense authorities provide that protecting the identity and privacy of the minor outweighs the public's interest in disclosure in this matter.

For instance, in *A.L. v. Miss. Dep't of Child Prot. Servs.*, the court determined that the compelling interest in protecting the identity of the minors outweighed public's right of access to the materials and justified sealing two photographs of the minors, and determined that to do otherwise would frustrate and defeat the purpose behind Rule 5.2(a)(3).[22] Likewise in *Bright v.*

---

[18] Pltf. Resp. Brief **[Doc. 56]** at 4.

[19] Pltf. Resp. **[Doc. 55]** at ¶¶ 1, 3 & 8; Pltf. Resp. Brief **[Doc. 56]** at 1-4.

[20] *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (emphasis added).

[21] *BG v. Banks*, No. 4:16-CV-64-DMB-JMV, 2017 U.S. Dist. LEXIS 8913, at *7 (N.D. Miss. Jan. 23, 2017) (quoting *Jaufre ex rel. Jaufre v. Taylor*, 351 F. Supp. 2d 514, 516 (E.D. La. 2005)).

[22] *A.L. v. Miss. Dep't of Child Prot. Servs.*, No. 1:18-CV-00076-LG-RHW, 2018 U.S. Dist. LEXIS 119590, at *2-3 (S.D. Miss. July 18, 2018).

5

*Tunica Cty. Sch. Dist.*, despite significant media coverage pertaining to the underlying facts of the lawsuit,[23] this Court determined that the interest in protecting the identity of the minor outweighed the interests favoring disclosure and granted the motion to seal the exhibits which identified the minor.[24] In *Green v. Winona Montgomery Consol. Sch. Dist.*, this Court determined that images of minor children implicated the compelling governmental interest in protecting such children's identities.[25]

Again in *C.K. v. Delta State Univ.*, the Mississippi Northern District Court stated that because the plaintiff was a minor, "his identity should be protected, as required[,]" and granted the motion to seal after weighing the competing interests of the public's right to information and the protection of a legal minor.[26] In *James v. Cleveland Sch. District*, where three exhibits identified minors contrary to the requirements of *Fed R. Civ. P.* 5.2, the Court found "that the interest in protecting sensitive information outweighs the public's interest, and the public's right of access is not impeded by sealing the exhibits containing such information."[27] Furthermore, in cases involving

---

[23] *See Bright v. Tunica Cnty. Sch. Dist.*, No. 3:16-CV-197-DMB-RP, 2017 U.S. Dist. LEXIS 146540, at *8 (N.D. Miss. Sep. 11, 2017) ("In late February 2015, local media began reporting on the assault.") (citing the amended complaint in discussing media exposure in its order of dismissal less than two weeks after ordering that exhibits that identified the minor were to be filed under seal).

[24] *Bright v. Tunica Cty. Sch. Dist.*, No. 3:16-CV-197-DMB-RP, 2017 U.S. Dist. LEXIS 138756, at *5 (N.D. Miss. Aug. 29, 2017).

[25] *Green v. Winona Montgomery Consol. Sch. Dist.*, No. 4:21-CV-32-DMB-JMV, 2021 U.S. Dist. LEXIS 83217, at *6 (N.D. Miss. Apr. 30, 2021) (holding that while the compelling interest in protecting the children's identities was implicated, because the documents at issue were still images, the Court found that these compelling interests could be served by redacting the faces of the children in the photographs).

[26] *C.K. v. Delta State Univ.*, No. 4:18-CV-060-DMB-JMV, 2018 U.S. Dist. LEXIS 55489, at *2 (N.D. Miss. Apr. 2, 2018).

[27] *James v. Cleveland Sch. Dist.*, No. 4:19-CV-66-DMB-RP, 2020 U.S. Dist. LEXIS 185918, at *2-3 (N.D. Miss. Oct. 7, 2020)

a minor, courts have sealed records and identified non-disclosure as being warranted for "safeguarding the physical and psychological well-being of a minor"[28] as well for "pictures of [the minor's] injuries that could be humiliating or stigmatizing."[29]

Further, Plaintiff completely fails to acknowledge the Mississippi statutes that mandate that the body camera footage be filed under seal to protect the identity of the minor child. Foremost, *Miss. Code Ann*. § 43-21-259 explicitly provides: "**All other records involving children and the contents thereof shall be kept confidential and shall not be disclosed except as provided in section 43-21-261**." As provided by *Miss. Code Ann.* § 43-21-105(u)(iii), records involving children are any records from which the child can be identified, including all law enforcement records as defined in Section 43-21-255. Pursuant to *Miss. Code Ann*. § 43-21-255(1), "all records involving children made and retained by law enforcement officers and agencies . . . shall be kept confidential and ***shall not be disclosed*** except as provided in Section 43-21-261[,]" which permits disclosure to a court of competent jurisdiction but not the public at-large. *Miss. Code Ann*. § 43-21-261(5)(c).

Importantly, the Mississippi legislature has made the significance of the compelling interest to protect a minor's identity and privacy very clear through statutory penalties. Pursuant to *Miss. Code Ann*. §43-21-267: "**Any person who shall <u>disclose</u> *or* <u>encourage the disclosure of any records involving children or the contents thereof</u>** without the **proper authorization** under this chapter **shall be guilty of a misdemeanor** and punished, upon conviction, by a fine of not more than one thousand dollars ($1,000.00) or by imprisonment in the county jail of not more than one (1) year

---

[28] *Bradley v. Ackal,* 954 F.3d 216, 229 (5th Cir. 2020) (citing *Globe Newspaper Co. v. Superior Court for Norfolk Cty*., 457 U.S. 596, 607, 102 S. Ct. 2613, 73 L. Ed. 2d 248 (1982)).

[29] *Bradley v. Ackal,* 954 F.3d 216, 229 (5th Cir. 2020) (citing *Jaufre ex rel. Jaufre v. Taylor*, 351 F. Supp. 2d 514, 516-19 (E.D. La. 2005) (collecting cases)).

or by both such fine and imprisonment." Moreover, in regards to these statutes, the Mississippi Supreme Court has held that a parent cannot waive the confidentiality of the minor child's identity just because she is the child's parent and wishes to do so.[30]

District Courts in Mississippi have looked to these statutes in similar matters and accordingly determined that the clear need for confidentiality in records involving children justifies sealing of those records.[31] In *Doe v. DeSoto Cty. Sch. Dist.*, the Court granted the defendants' motion for limited disclosure of law enforcement records involving the minor child plaintiff with the requirement that the documents be kept strictly confidential.[32] Similarly, in *BG v. Banks*, the Court granted the defendants' motion to file summary judgment exhibits under seal where the exhibits were records involving the minor child plaintiff and found that sufficient authority to seal documents under Local Rule 79 is provided by both Mississippi rule and statute.[33]

Notably, Plaintiff's Response makes absolutely no mention of the child's best interests in this matter.[34] In fact, Plaintiff fails entirely to point to any legal authority even suggesting that compliance with *Fed. R. Civ. P.* 5.2 or these state statutes is no longer required in situations where the party opposing the motion to seal and her counsel revealed the identity of the minor child through their

---

[30] *Cruz v. Jackson Cty., Dep't of Human Servs.*, 133 So. 3d 335, 341 (Miss. 2013).

[31] *See e.g., Doe v. DeSoto Cty. Sch. Dist.*, No. 2:08CV007-B-A, 2008 U.S. Dist. LEXIS 105592, at *3 (N.D. Miss. Sep. 4, 2008); *BG v. Banks*, No. 4:16-CV-64-DMB-JMV, 2017 U.S. Dist. LEXIS 8913, at *4 (N.D. Miss. Jan. 23, 2017).

[32] *Doe v. DeSoto Cty. Sch. Dist.*, No. 2:08CV007-B-A, 2008 U.S. Dist. LEXIS 105592, at *3 (N.D. Miss. Sep. 4, 2008)

[33] *BG v. Banks*, No. 4:16-CV-64-DMB-JMV, 2017 U.S. Dist. LEXIS 8913, at *4 (N.D. Miss. Jan. 23, 2017).

[34] *See generally*, Pltf. Resp. Brief **[Doc. 56]**.

own media appearances.[35] Such does not exist and the mere notion of such a rule is unfathomable as such would permit litigants and their counsel to use their own violations of procedural rules and statutes to taint the pool of potential jurors and pursue some benefit in the court of public opinion with no regard to the interests of the minor child. This disregard for the minor child's well-being reflected in Plaintiff's Response further raises the concern that a guardian *ad litem* may be necessary in this matter pursuant to *Fed. R. Civ. P*. 17(c)(2).

Pursuant to *Fed. R. Civ. P.* 17(b)(3), Plaintiff Nakala Murry's capacity to bring the instant action on behalf of the minor, A.M., is determined by Mississippi law, and Rule 17(c)(2) empowers this Court to appoint a guardian ad litem when necessary to protect a minor.[36] Mississippi law makes clear that courts must appoint a guardian ad litem "when the parent is ***indifferent to the interest of the child*** or if ***the interests of the child and the parent*** . . . ***appear to conflict***;" as well as in any other instance where the court finds appointment to be in the best interests of the child.[37] "It is clear in this Circuit that Rule 17(c) authorizes and mandates that district courts appoint a guardian ad litem in the situation where the interests of the minor's general representatives, the [] parent[] here, may conflict with the interests of the person, [her] minor child [] here, who might otherwise be represented by such general representatives."[38]

"The need to protect the minor's or incompetent person's rights and interests in federal court proceedings is extremely vital; this is why 'it is within the district court's discretion to determine [the

---

[35] *See generally*, Pltf. Resp. Brief **[Doc. 56]**.

[36] *See also*, *Rideau v. Keller Indep. Sch. Dist*., 819 F.3d 155, 163 (5th Cir. 2016).

[37] *Miss. Code Ann*. § 43-21-121(a)(4)&(6); *Miss. Unif. R. Youth Court Pract.* 13(a)(4)&(6).

[38] *Gaddis v. United States*, 381 F.3d 444, 453 (5th Cir. 2004)(*citing Chrissy F. ex rel. Medley v. Miss. Dep't of Pub. Welfare*, 883 F.2d 25, 27 (5th Cir. 1989); *Adelman ex rel. Adelman v. Graves*, 747 F.2d 986, 988 (5th Cir. 1984))

minor's] need for [guardian ad litem] representation, and who may best fill that need.'"[39] Indeed, the Fifth Circuit and the Supreme Court have recognized that "however worthy and highminded the motives of 'next friends' may be, they inevitably run the risk of making the actual [party] a pawn to be manipulated on a chess board larger than his own case.'"[40] Therefore, because Plaintiff's Response appears to care only about public media attention and gives no thought to the best interests of the minor child in having the footage sealed to protect his privacy, his identity, to safeguard his physical and psychological well-being and to prevent public disclosure of imagery of the minor's injuries that could be humiliating or stigmatizing, the need for a guardian *ad litem* to protect the minor's interests appears necessary here.[41]

"Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes."[42] "Examples of an improper purpose recognized by the Supreme Court include using records 'to gratify private spite

---

[39] *Id.* (quoting *Adelman*, 747 F.2d at 989) ("This is also why, 'as a matter of proper procedure, the court should usually appoint a guardian ad litem.'").

[40] *Chrissy F. v. Miss. Dep't of Pub. Welfare*, 883 F.2d 25, 26 (5th Cir. 1989) (quoting *Lenhard v. Wolff*, 443 U.S. 1306, 1312, 100 S. Ct. 3, 61 L. Ed. 2d 885, 890 (1979)).

[41] *See e.g., Raskin v. Dall. Indep. Sch. Dist*., 69 F.4th 280, 286 (5th Cir. 2023) ("courts 'have inherent power to appoint a guardian ad litem when it appears that the minor's general representative has interests which may conflict with those of the person he is supposed to represent'") (quoting *Hoffert v. Gen. Motors Corp.*, 656 F.2d 161, 164 (5th Cir. 1981)); *Sanchez v. R. G. L*., 761 F.3d 495, 508 (5th Cir. 2014) ("The children's fundamental interests are at stake in the district court's proceedings, and no respondent is making an effort to represent those interests. Rule 17(c)(2) requires a court to appoint counsel for an unrepresented minor in the proceedings, and these children's interests were unrepresented.");

[42] *Test Masters Educ. Servs. v. Robin Singh Educ. Servs*., 799 F.3d 437, 454 (5th Cir. 2015) (quoting *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citation and quotation marks omitted)).

10

or promote public scandal . . . .'"[43] Notably, Plaintiff's Response makes patently clear that the only reasons Plaintiff offers against sealing relate to media exposure she and her counsel have already sought and plan to pursue further by broadcasting the video footage, which establishes that public disclosure of the video would only be used for the improper purpose recognized by the Supreme Court of using records to gratify private spite or promote public scandal. Accordingly, Plaintiff's arguments for public disclosure should fail, and Defendants' Motion to File Body Camera Footage of Incident Under Seal should be granted.

**WHEREFORE PREMISES CONSIDERED**, Defendants respectfully request, for the reasons outlined above and those detailed in Defendants' Motion, that this Court will grant their Motion to File Body Camera Footage of Incident Under Seal pursuant to *L.U. Civ. R.* 79.

**RESPECTFULLY SUBMITTED** this the 1st day of December, 2023.

                                                  **JACKS GRIFFITH LUCIANO, P.A.**

By:   /s/ ***Daniel J. Griffith***
        Daniel J. Griffith, MS Bar No. 8366
        M. Mckenzie W. Price, MS Bar No. 106538
        Mary McKay Griffith, MS Bar No. 100785
        Attorneys for Defendants City of Indianola, Mississippi; Chief Ronald Sampson, in his Individual and Official Capacity; and, Officer Greg Capers, in his Individual and Official Capacity

Of Counsel:

**JACKS GRIFFITH LUCIANO, P.A.**
150 North Sharpe Street
P.O. Box 1209
Cleveland, MS 38732

---

[43] *Id.* (quoting *Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 598, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978) (citations and quotation marks omitted)).

Phone: (662) 843-6171
Fax: (662) 843-6176
Email: dgriffith@jlpalaw.com
       mprice@jlpalaw.com
       mgriffith@jlpalaw.com

Kimberly J. Merchant, Esq.
549 South Washington Ave.
Greenville, MS 38701
Cell: (662) 347-3921
Work: (662) 577-4527
Email: kimjmerchant@gmail.com
City Attorney

## CERTIFICATE OF SERVICE

    I, Daniel J. Griffith, attorney of record for Defendants, City of Indianola, Mississippi, Chief Ronald Sampson, in his Individual and Official Capacity, and Officer Greg Capers, in his Individual and Official Capacity, do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Memorandum of Authorities in Support of Motion to File Body Camera Footage of Incident Under Seal* to be delivered by the ECF Filing System to the following:

        Carlos E. Moore, Esq.
        The Cochran Firm - MS Delta
        Email: cmoore@cochranfirm.com
        **Attorney for Plaintiff**

    **DATED** this 1st day of December, 2023.

                             /s/ *Daniel J. Griffith*
                             Daniel J. Griffith