IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**NAKALA MURRY, INDIVIDUALLY AND
ON BEHALF OF HER SON, A.M., A MINOR**                           **PLAINTIFFS**

**v.**                                     **CIVIL ACTION NO.: 4:23CV97-DMB-DAS**

**CITY OF INDIANOLA, MISSISSIPPI; CHIEF
RONALD SAMPSON, In His Individual and
Official Capacity; OFFICER GREG CAPERS,
In His Individual and Official Capacity; and,
JOHN DOES 1-5, In Their Individual and
Official Capacities**                                                   **DEFENDANTS**

## DEFENDANTS' CONSOLIDATED MOTION FOR JUDGMENT ON THE PLEADINGS, OR ALTERNATIVELY, FOR SUMMARY JUDGMENT

**NOW COMES**, Defendants, City of Indianola, Mississippi; Chief Ronald Sampson, in his Individual and Official Capacities; and Officer Greg Capers, in his Individual and Official Capacities, by and through counsel, and respectfully file this, their Consolidated Motion for Judgment on the Pleadings or Alternatively, for Summary Judgment, to-wit:

**I.**      **PREMISE**

Though all must fail, Plaintiff asserts a number of federal and state law claims against Defendants. Foremost, Plaintiff's official capacity claims against Officer Capers and Chief Sampson are merely duplicative of her claims against the City and should be dismissed. Next, Officer Capers and Chief Sampson are entitled to qualified immunity because the allegations amount to no more than an unintentional shooting where an officer reasonably reacted to a potentially dangerous situation and threat of serious harm, which does not constitute a constitutional violation under clearly established law. Likewise, the municipal and supervisory liability claims must fail as there can be no such liability absent a constitutional violation and Plaintiff has failed to identify any official policy, custom or practice that was the moving force

behind any alleged violation. Additionally, Plaintiff's state law claims must fail due to Plaintiff's failure to comply with the notice requirements of *Miss. Code Ann*. §11 46 11(1) and numerous MTCA immunities. Thus, dismissal is warranted under *Fed. R. Civ. Pro*. 12(c).

## II. ATTACHMENTS

In support of this Motion, Defendants attach the following exhibits:

| | | |
|---|---|---|
| **Exhibit A** | Notice of Claim Letter | **[Doc. 31-1]** |
| **Exhibit B** | IPD Incident Report for 5-20-23 (BS 72-75) | **[Doc. 31-2]** |
| **Exhibit C** | Arrests Reports and Call Log (BS 29-33) | **[Doc. 31-3]** |
| **Exhibit D** | IPD Incident Report for 11-7-20 (BS 81-83) | **[Doc. 31-4]** |
| **Exhibit E** | Body Camera Footage of Incident | **[Doc. 31-5]** |
| **Exhibit F** | Capers' Training Certificates (BS 96-106) | **[Doc. 31-6]** |
| **Exhibit G** | IPD Policies and Procedures (BS 107-120) | **[Doc. 31-7]** |
| **Exhibit H** | Call Reports for 1111 BB King (BS 58-71) | **[Doc. 31-8]** |
| **Exhibit I** | IPD Arrest Reports Nolden (BS 19-28) | **[Doc. 31-9]** |
| **Exhibit J** | IPD Municipal Court Abstracts Nolden (BS 15-18) | **[Doc. 31-10]** |
| **Exhibit K** | IPD Documents (BS 3-10) | **[Doc. 31-11]** |
| **Exhibit L** | Prior IPD Incident Reports (BS 34-57) | **[Doc. 31-12]** |

## III. BASIS FOR RELIEF

In support of dismissal, Defendants respectfully submit a Memorandum of Authorities by separate filing.

**NOW, THEREFORE**, the Defendants pray that this Court grant the following relief:

(A) That this Court dismiss Plaintiff's Complaint with prejudice;

(B) That this Court deny Plaintiff the relief prayed for in Plaintiff's Complaint, and

that Plaintiff be denied any relief whatsoever; and,

(C) That in conjunction with the dismissal of Plaintiff's Complaint with prejudice, Defendants be awarded and do recover from Plaintiff all of their costs, attorneys' fees and expenses associated with the defense of the instant civil action, on the ground that the said Complaint is legally and factually unsupportable and has been filed without substantial justification or without an arguable basis in law, and that Defendants be awarded costs and attorneys' fees pursuant to *Fed. R. Civ. Proc.* 11, and 42 U.S.C. §1988.

**RESPECTFULLY SUBMITTED,** this the 5th day of December, 2023.

                                        **JACKS GRIFFITH LUCIANO, P.A.**

By: /s/ ***M. Mckenzie W. Price***
       M. Mckenzie W. Price, MS Bar No. 106538
       Daniel J. Griffith, MS Bar No. 8366
       Mary McKay Griffith, MS Bar No. 100785
       Attorneys for Defendants

Of Counsel:

**JACKS GRIFFITH LUCIANO, P.A.**
150 North Sharpe Street
P.O. Box 1209
Cleveland, MS 38732
Phone: (662) 843-6171
Fax: (662) 843-6176
Email: mprice@jlpalaw.com
       dgriffith@jlpalaw.com
       mgriffith@jlpalaw.com

Kimberly J. Merchant, Esq.
549 South Washington Ave.
Greenville, MS 38701
Cell: (662) 347-3921
Work: (662) 577-4527
Email: kimjmerchant@gmail.com
City Attorney

## **CERTIFICATE OF SERVICE**

      I, M. Mckenzie W. Price, attorney of record for Defendants, City of Indianola, Mississippi, Chief Ronald Sampson, in his Individual and Official Capacity, and, Officer Greg Capers, in his Individual and Official Capacity, do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Defendants' Consolidated Motion for Judgment on the Pleadings or in the Alternative, for Summary Judgment,* to be delivered by the ECF Filing System to the following:

      Carlos E. Moore, Esq.
      The Cochran Firm - MS Delta
      Email: cmoore@cochranfirm.com
      **Attorney for Plaintiff**

    **DATED** this 5th day of December, 2023.

      /s/ *M. Mckenzie W. Price*
      M. Mckenzie W. Price