**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**NAKALA MURRY, INDIVIDUALLY AND
ON BEHALF OF HER SON, A.M., A MINOR**                                **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO.: 4:23CV97-DMB-DAS**

**CITY OF INDIANOLA, MISSISSIPPI; CHIEF
RONALD SAMPSON, In His Individual and
Official Capacity; OFFICER GREG CAPERS,
In His Individual and Official Capacity; and,
JOHN DOES 1-5, In Their Individual and
Official Capacities**                                                    **DEFENDANTS**

**DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

**NOW COMES**, Defendants, City of Indianola, Mississippi; Chief Ronald Sampson, in his Individual and Official Capacities; and Officer Greg Capers, in his Individual and Official Capacities, by and through counsel, and respectfully file this, their Response in Opposition to Plaintiff's Motion for Leave to Amend, to-wit:

**I.      PREMISE**

With no justifiable basis in the face of futility, Plaintiff now seeks leave to amend her Complaint solely in an attempt to evade the repercussions of their failure to comply with the mandatory pre-suit notice requirements of the *Mississippi Tort Claims Act* ("MTCA"). However, the proposed Amended Complaint attached to Plaintiff's Motion as Exhibit "A," is completely identical to Plaintiff's original Complaint and fails to cure any of the deficiencies that mandate dismissal of Plaintiff's state law claims under the MTCA's pre-suit notice requirements pursuant to *Miss. Code Ann.* §11-46-11. That is because Plaintiff's noncompliance with *Miss. Code Ann.* §11-46-11 simply cannot be cured by amending their complaint. Accordingly, Plaintiff's Motion for Leave to Amend must be denied.

1

## II.  PROCEDURAL HISTORY

The instant suit arises from a 911 call for a violent domestic violence disturbance on May 20, 2023.[1] On that date, officers with the Indianola Police Department were dispatched to the address of this violent domestic dispute with no inclination that children were present.[2] Though the IPD officers did not know children were present, they were aware that this address had been the scene for dozens of violent, and sometimes armed, disputes involving Nakala Murry and the same suspect in the subject call.[3] During the course of the officers' investigation, a male in a red shirt suddenly ran from the room where Ms. Murry stated that the suspect was located and ran directly at Officer Capers.[4] Officer Capers discharged his firearm, striking the individual charging at him.[5] It was not until later that Officer Capers discovered for the first time that the individual in the red shirt appeared to be a child and not the suspect.[6]

Thereafter, on May 22, 2023, Plaintiff Murry purportedly caused a notice of claim letter to be sent to the City of Indianola via the City Clerk and Chief Sampson alleging "injuries and damages sustained on May 22, 2023."[7] The purported notice letter is addressed to the City Clerk at 101 Front Street and to Chief Sampson at 300 Second Street in Indianola.[8] Plaintiffs did not send any notice of claim whatsoever to Officer Greg Capers.[9] Also, the purported notice of claim letter indicates that it was sent "via certified U.S. mail, return receipt requested" and provides

---

[1] *See e.g.*, Compl. **[Doc. 1]**; Answer **[Doc. 19]**, at 10-11.
[2] Answer **[Doc. 19]**, at 10-11.
[3] Arrests Reports and Call Log **[Doc. 31-3]**, at 3; Call Reports for 1111 BB King **[Doc. 31-8]**; Prior IPD Incident Reports **[Doc. 31-12]**, at 7, 16-17, 20-21, & 22-23 (disputes involving Ms. Murry and/or Mr. Nolden where a gun was used); Answer **[Doc. 19]** at 1 & 3-4.
[4] IPD Incident Report for 5-20-23 **[Doc. 31-2]**, at 2 & 3; Answer **[Doc. 19]** at 2-3.
[5] IPD Incident Report for 5-20-23 **[Doc. 31-2]**, at 2 & 3; Answer **[Doc. 19]** at 2-3.
[6] IPD Incident Report for 5-20-23 **[Doc. 31-2]**, at 2 & 3; Answer **[Doc. 19]** at 3
[7] Exhibit "A," Notice of Claim Letter, at 1. Note, however, that Plaintiffs' now identify the date as being "On or about May 23, 2023," despite the purported notice of claim letter itself being dated May 22, 2023. Pltf. Mot. Leave to Amend **[Doc. 53]**, at 1 & **[Doc. 54]**, at 2.
[8] Exhibit "A," Notice of Claim Letter, at 1.
[9] *See generally,* Exhibit "A," Notice of Claim Letter.

2

two (2) tracking numbers.[10]

Only a week later, on May 30, 2023, Plaintiff filed the instant Complaint, alleging various claims under state and federal law against Chief Sampson and Officer Capers, in their Individual and Official Capacities, and the City of Indianola.[11] On August 4, 2023, Defendants answered Plaintiff's Complaint and specifically asserted qualified immunity and various state law immunities as defenses in this matter.[12] Meanwhile, the MBI investigation is ongoing at this time.

On November 10, 2023, Defendants filed their Motion to File Body Camera Footage of Incident Under Seal and the Memorandum of Authorities in Support thereof.[13] Defendants also filed a motion for judgment on the pleadings as to Plaintiffs' state law claims.[14] Defendant Officer Capers, Defendant Chief Sampson, and Defendant City of Indianola also each filed a motion for judgment on the pleadings as to Plaintiff's federal law claims against them.[15] Pursuant to this Court's Order,[16] Defendants have now refiled the foregoing as one, consolidated Motion for Judgment on the Pleadings.[17]

On November 22, 2023, Plaintiff filed her Motion for Leave to Amend and accompanying Memorandum.[18] Therewith, Plaintiff attached her proposed Amended Complaint as an exhibit.[19] Because amendment is futile to cure the deficiencies raised in Defendants' original Motion for Judgment on the Pleadings as to Plaintiff's State Claims on November 10,

---

[10] Notice of Claim Letter, **[Doc. 31-1] & [Doc. 19-1]**, at 1.
[11] Compl. **[Doc. 1].**
[12] Answer **[Doc. 19].**
[13] **[Doc. 41 & 42].**
[14] Def. State MJOP & Memo. **[Doc. 31 & 32].**
[15] Capers' Fed. MJOP & Memo. **[Doc. 33 & 34]**; Chief Sampson's Fed. MJOP & Memo. **[Doc. 35 & 36]**; City's Fed. MJOP & Memo. **[Doc. 37 & 38]**.
[16] **[Doc. 51].**
[17] Def. Consolidated Mot. J. on the Pleadings **[Doc. 62]** & Memo. Of Authorities **[Doc. 63].**
[18] Pltfs. Motion to Amend **[Doc. 53 & 54].**
[19] Pltfs. Prop. Am. Compl. **[Doc. 53-1].**

3

2023, and reasserted in Defendants' Consolidated Motion for Judgment on the Pleadings due to Plaintiff's noncompliance with the mandatory pre-suit notice of claim requirements set forth by *Miss. Code Ann.* §11-46-11, Defendants request that this Court deny Plaintiff's Motion for Leave to Amend.

## III. ARGUMENT

Rule 15(a) of the *Federal Rules of Civil Procedure* provides after the passage of 21 days after service of the answer to the complaint, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Although Rule 15(a)(2) states that courts "should freely give leave when justice so requires[,]" "leave to amend is by no means automatic.[20] As such, the decision to grant or deny a motion for leave to amend a complaint is within the sound discretion of the trial court.[21] A motion to amend should be denied where there has been undue prejudice and delay, bad faith, dilatory motive, repeated failure to cure deficiencies, or where the amendment would cause undue prejudice to the opposing party.[22]

Importantly, a motion to amend should be denied where amendment would be futile.[23] "Futility is determined under Rule 12(b)(6) standards, meaning an amendment is considered futile if it would fail to state a claim upon which relief could be granted."[24] Additionally, the Fifth Circuit has held that "leave to amend will not be given when the defects in the complaint are incurable."[25]

---

[20] *Colley v. City of Corinth*, No. 1:12-CV-101-MPM-DAS, 2013 U.S. Dist. LEXIS 205961, at *4 (N.D. Miss. Apr. 9, 2013) (quoting *Little v. Liquid Air Corp.*, 952 F.2d 841, 845-6 (5th Cir. 1992)).
[21] *Alston v. Prarie Farms Dairy, Inc*., No. 4:16-cv-245-DMB-JMV, 2018 U.S. Dist. LEXIS 230452, at *2 (N.D. Miss. Jan. 17, 2018) (citing *Smith v. EMC Corp.,* 393 F.3d 590, 595 (5th Cir. 2004)).
[22] *Colley*, 2013 U.S. Dist. LEXIS 205961, at *4 (citing Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)).
[23] *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016) (citing *Stripling v. Jordan Prod. Co*., 234 F.3d 863, 872-73 (5th Cir. 2000)).
[24] *Id.* (citing *Stripling*, 234 F.3d at 872-73).
[25] *Colley*, 2013 U.S. Dist. LEXIS 205961, at *4 (citing *United States ex rel. Steury v. Cardinal Health, Inc*., 625 F.3d 262, 270 (5th Cir. 2010); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co*., 313 F.3d 305, 329 (5th

Because Plaintiff has asserted state law claims against a governmental entity and its employees,[26] it cannot be disputed that the *Mississippi Tort Claims Act* ("MTCA") exclusively governs the claims at bar.[27] While the MTCA amounts to a general waiver of sovereign immunity, it also provides a number of restrictions, limitations and immunities. One restriction set forth by the MTCA is the mandatory pre-suit notice provision at *Miss. Code Ann*. §11-46-11. The purpose of the MTCA's notice requirements "is to insure that the governmental entity is informed of any claims against it."[28]

Pursuant to §11-46-11, a person seeking to assert a claim under the MTCA "**must** file a notice of claim" and is required to do so "*at least ninety (90) days before instituting suit*[.]"[29] It is well-settled that the notice requirement "imposes a condition precedent to the right to maintain an action."[30] Therefore, "absent compliance with the statute, [Defendants'] immunity is intact."[31] "Failure to comply with the Notice of Claim requirement is an absolute bar to claims under the MTCA, and dismissal with prejudice is appropriate where the plaintiff fails to do so."[32]

The 90-day notice requirement is a "'hard-edged, mandatory rule which the Court strictly enforces.'"[33] Further, "failure to comply with the ninety-day waiting requirement requires dismissal."[34] Similarly, "[t]he Mississippi Supreme Court has held that strict compliance with the

---

Cir. 2002)).
[26] Compl. **[Doc. 1]**, at ¶¶2-4.
[27] *Gerhart v. Barnes*, 724 F. App'x 316, 327 (5th Cir. 2018) (quoting *Conrod v. Holder*, 825 So. 2d 15, 19 (Miss. 2002)); *Miss. Code Ann*. §11-46-5(2) & §11-46-7.
[28] *Jones v. Miss. Insts. of Higher Learning*, 264 So. 3d 9, 27 (Miss. App. 2018) (citing *O'Hara v. City of Hattiesburg*, 222 So. 3d 314, 317 (¶8) (Miss. Ct. App. 2017)).
[29] *Miss. Code Ann*. §11-46-11(1) (emphasis added).
[30] *Clanton v. DeSoto Cty. Sheriff's Dep't,* 963 So. 2d 560, 563 (Miss. App. 2007) (quoting *Gale v. Thomas*, 759 So.2d 1150, 1159 (P33) (Miss. 1999)).
[31] *Tallahatchie Gen. Hosp. v. Howe*, 49 So.3d 86, 92 (¶18) (Miss. 2010).
[32] *See, e.g., Thomas v. Madison Cty.*, No. 3:19-CV-42-HTW-LRA, 2021 U.S. Dist. LEXIS 253188, at *23 (S.D. Miss. Mar. 29, 2021) (citing *Dingler v. City of Southaven*, 2009 U.S. Dist. LEXIS 26698, 2009 WL 902045, *5 (N.D. Miss. Mar. 31, 2009)).
[33] *Univ. of Miss. Med. Ctr. v. Aycock,* 369 So. 3d 534, 539 (Miss. 2023) (quoting *Univ. of Miss. Med. Ctr. v. Easterling*, 928 So. 2d 815, 820 (Miss. 2006)).
[34] *Id.* (citing *Easterling*, 928 So. 2d at 820).

MTCA is required regarding to whom pre-suit notice must be given."[35] Plaintiff bears the burden of proving compliance with §11-46-11.[36] Absent proof that the required notice of claim was timely and properly served, any claims under the MTCA are barred.[37]

It cannot be reasonably disputed that Plaintiff failed to wait the required 90 days to file suit,[38] and thereby failed to comply with §11-46-11(1). In fact, Plaintiff now concedes as much.[39] However, Plaintiff's proposed Amended Complaint attached to their Motion is completely identical to her original Complaint and makes no efforts to even attempt to cure the deficiencies resulting from her noncompliance with §11-46-11(1).[40] Indeed, the proposed Amended Complaint fails to even mention the mandatory pre-suit notice provisions, let alone allege that Plaintiff complied with §11-46-11.[41] Thus, Plaintiff's requested amendment is futile as it fails to cure anything at all but merely seeks a new time-stamp for their claims. This is insufficient.

Nonetheless, Plaintiff fails to recognize the numerous substantive and procedural deficiencies evidence in her purported notice of claim letter which require dismissal and which cannot be cured by any amendment. Plaintiff's purported notice letter to the City and Chief Sampson is dated May 22, 2023, alleging "injuries and damages sustained on May 22, 2023."[42] The purported notice letter is addressed to the City Clerk at 101 Front Street and to Chief Sampson at 300 Second Street in Indianola.[43] Plaintiff did not send any notice of claim

---

[35] *Esco v. Madison Cty.*, 331 So. 3d 545, 551 (Miss. App. 2021) (internal citations omitted).
[36] *See e.g., Warnock Eng'g, LLC v. Utilities*, No. 3:17cv160-HSO-JCG, 2020 U.S. Dist. LEXIS 263303, at *39 (S.D. Miss. Mar. 2, 2020).
[37] *See e.g., Burnett v. Hinds Cty.*, 313 So. 3d 471, 476 (¶14) (Miss. 2020); *B.G. v. Banks*, 301 So. 3d 55, 61 (¶18) (Miss. App. 2020); *Johnson v. Clarksdale Pub. Utils. Comm'n*, No. 4:21-CV-120, 2023 U.S. Dist. LEXIS 48476, at *7 (N.D. Miss. Mar. 22, 2023)
[38] Compl. **[Doc. 1]** (filed 5-30-23); Exhibit "A," Notice of Claim Letter, at 1 (dated 5-22-23).
[39] Pltfs. Motion to Amend **[Doc. 53]**, at 1 & **[Doc. 54]**, at 2.
[40] *Compare* Pltfs. Prop. Am. Compl. **[Doc. 53-1]** *with* Compl. **Doc. 1].**
[41] *See generally,* Pltfs. Prop. Am. Compl. **[Doc. 53-1].**
[42] Exhibit "A," Notice of Claim Letter, at 1. Note, however, that Plaintiffs now identify the date as being "On or about May 23, 2023," despite the purported notice of claim letter itself being dated May 22, 2023. Pltf. Mot. Leave to Amend **[Doc. 53]**, at 1 & **[Doc. 54]**, at 2.
[43] Exhibit "A," Notice of Claim Letter, at 1.

6

whatsoever to Officer Greg Capers,[44] which requires dismissal of those claims as notice of all their state law claims against Officer Capers in his official capacity was required.[45] Importantly, the purported notice of claim letter indicates that it was sent "via certified U.S. mail, return receipt requested" and provides two (2) tracking numbers.[46]

Shockingly, the two tracking numbers provided on Plaintiff's purported notice of claim letter evince an attempt to fraudulently indicate compliance with *Miss. Code Ann*. §11-46-11.[47] As shown by the Tracking Number Information, attached hereto and incorporated by reference as Exhibit "B," both the tracking numbers show that the items belonging thereto were delivered to the post office in Indianola and picked up on May 15, 2023, **which is before the subject incident even occurred**.[48] Notably, these exact same tracking numbers have also been used for a purported notice of claim letter *in at least one other case* currently pending before this Court, *Franklin v. City of Indianola, et al.*, No. 4:23-cv-00165-SA-JMV.[49] Therefore, Plaintiffs have offered absolutely no evidence of actual compliance with §11-46-11.

Pursuant to *Miss. Code Ann*. §11-46-11(2), every notice of claim must be delivered either in person, by registered U.S. mail, or by certified U.S. mail to the city clerk for the municipality and, in this case, to Chief Sampson and Officer Capers. Repeatedly, "[t]he Mississippi Supreme Court has held that strict compliance with the MTCA is required regarding to whom pre-suit notice must be given."[50] A notice properly sent through certified mail provides a return receipt as evidence of proper receipt. Plaintiffs have the burden of ensuring their Notice of Claim Letter is

---

[44] *See generally,* Exhibit "A," Notice of Claim Letter.
[45] *Johnson v. City of Shelby*, 743 F.3d 59, 63 (5th Cir. 2013) (quoting *McGehee v. DePoyster*, 708 So. 2d 77, 79 (Miss. 1998) *rev'd on other grounds*, 135 S. Ct. 346, 190 L. Ed. 2d 309 (2014) (per curiam).
[46] Exhibit "A," Notice of Claim Letter, at 1.
[47] Exhibit "A," Notice of Claim Letter, at 1.
[48] Exhibit "B," Tracking Number Information, at 1 & 4.
[49] *Franklin v. City of Indianola, Mississippi et al.*, 4:23-cv-00165-SA-JMV (N.D. Miss. Nov. 10, 2023), Notice of Claim **[Doc. 22-2].**
[50] *Esco v. Madison* Cty., 331 So. 3d 545, 551 (Miss. App. 2021) (*citing Tallahatchie Gen. Hosp. v. Howe*, 49 So. 3d 86, 92 (¶17) (Miss. 2010)).

actually received by the required individuals for governmental entity.[51] However, Plaintiff has failed to provide evidence of proper receipt of her notice of claim through any return receipts. Absent proof that the required notice of claim was properly served, any claims under the MTCA are barred.[52] Accordingly, as Plaintiff has not offered any evidence that her notice letter was timely and properly served on the date alleged, her assertion that "ninety (90) days have passed since the notice of claim was forwarded to Defendants" fails.

Importantly, §11-46-11(2) provides stringent requirements for serving notice of claim which do not include simply having it "forwarded to Defendants." Rather, Plaintiff must show that her notice of claim letter was "**delivered** in person or by registered or certified United States mail" to the Indianola City Clerk, Chief Sampson, and Officer Capers.[53] However, the tracking numbers on the purported notice letter do not evince "delivery" at all; rather, the tracking information provides that the items were "picked up" at the post office *prior* to the subject incident.[54] Therefore, as Plaintiff's requested amendment is futile and cannot cure their noncompliance with §11-46-11, Plaintiff's Motion should be denied.

Nonetheless, even if Plaintiff had offered evidence that she timely and properly served her notice of claim, amendment is futile here as Plaintiff's purported notice letter is insufficient to comply with the content requirements of the MTCA's mandatory pre-suit notice provisions. Crucially, *Miss. Code Ann*. § 11-46-11(2)(b) requires that every notice of claim contain a short and plain statement of the facts upon which the claim is based, including seven required

---

[51] *See e.g., Warnock Eng'g, LLC v. Utilities*, No. 3:17cv160-HSO-JCG, 2020 U.S. Dist. LEXIS 263303, at *39 (S.D. Miss. Mar. 2, 2020) (finding that the plaintiffs failed to show they complied with the MTCA's notice-of-claim requirements where the plaintiffs presented evidence of the existence of what they contended was a Notice of Claim sent more than 90 days before their filing because the plaintiffs failed to offer any proof that the purported letter was ever received nor that it was received by the chief executive officer).

[52] See e.g., *Burnett v. Hinds Cty*., 313 So. 3d 471, 476 (¶14) (Miss. 2020); *B.G. v. Banks*, 301 So. 3d 55, 61 (¶18) (Miss. App. 2020); *Johnson v. Clarksdale Pub. Utils. Comm'n*, No. 4:21-CV-120, 2023 U.S. Dist. LEXIS 48476, at *7 (N.D. Miss. Mar. 22, 2023).

[53] *Miss. Code Ann*. § 11-46-11(2)(a)&(b)(ii) (emphasis added).

[54] Exhibit "B," Tracking Number Information, at 1 & 4.

categories of information.[55] Substantial compliance with §11-46-11(2) is required.[56]

The seven required categories are: (1) the circumstances which brought about the injury; (2) the extent of the injury; (3) the time and place the injury occurred; (4) the names of all persons known to be involved; (5) the amount of money damages sought; (6) the residence of the person making the claim at the time of the injury; and (7) the claimant's residence at the time of filing the notice.[57] The language of §11-46-11(2) clearly states that "every notice of claim **shall** contain a short and plain statement" addressing these seven categories of information or facts upon which the claim is based.[58] Additionally, courts have found where a notice fails to contain information as to the legal basis for a claim and the facts upon which such claim is based, that claim must be dismissed for failure to comply with the notice requirements of the MTCA.[59]

As to the seven required categories of information, "the failure to provide **one** of the seven categories **is failure to comply**."[60] Under the MTCA, Mississippi courts have made clear that **all seven categories must be included** in the notice of claim in order to even reach the issue of substantial compliance; otherwise, any suit based upon the notice is subject to dismissal.[61] Here, Plaintiff's requested amendment is not only futile, the subject defects are incurable as Plaintiff failed to give any information at all in multiple of the required categories.

Plaintiff's notice letter does not satisfy the content requirements set forth by §11-46-11(2)(b) as the letter purportedly sent to the City and Chief on May 22, 2023, fails to provide any

---

[55] *Miss. Code Ann*. § 11-46-11(1)&(2)(b).
[56] *Price v. Clark*, 21 So. 3d 509, 520 (Miss. 2009) (citing *Lee v. Mem'l Hosp*, 999 So. 2d 1263, 1266 (Miss. 2008); *Reaves ex rel. Rouse v. Randall*, 729 So. 2d 1237,1240 (Miss.1998)).
[57] *S. Cent. Reg'l Med. Ctr. v. Guffy*, 930 So. 2d 1252, 1257-58 (Miss. 2006) (citing *Miss. Code Ann*. § 11-46-11(2)).
[58] *Id.* (emphasis added).
[59] *Prater v. Wilkinson Cty.,* No. 5:13-cv-23(DCB)(MTP), 2013 U.S. Dist. LEXIS 158332, at *8 (S.D. Miss. Nov. 5, 2013); *Price*, 21 So. 3d at 520.
[60] *Parker v. Harrison Cty. Bd. of Supervisors*, 987 So. 2d 435, 439 (¶18) (Miss. 2008) (quoting *Guffy*, 930 So. 2d at 1257-58) (emphasis added).
[61] *Newton v. Lincoln Cty.,* 86 So. 3d 270, 274 (Miss. App. 2012) (internal citations omitted).

information whatsoever as to Plaintiff's residence at the time the alleged injury.[62] Moreover, the letter does not contain any information at all pertaining to Plaintiff's address or residence at the time of filing the notice.[63] This failure alone constitutes non-compliance with the MTCA's notice requirements, thereby requiring dismissal.[64] Importantly, the letter fails to identify the amount of money damages sought as required by §11-46-11(2)(b)(iii),[65] which by itself requires dismissal.[66]

Further, Plaintiff's notice letter fails to actually identify the date of the injury alleged as it lists the date as May 22, 2023;[67] however, the Complaint identifies the date as May 20, 2023.[68] Moreover, the purported notice fails to identify the circumstances that brought about the alleged injury nor the names of those known to be involved in the alleged injury as required. The scant summary of facts in the purported notice merely states that: "As a result of the subject misconduct of the aforementioned officers, [A.M.], a minor, sustained injuries and damages."[69] Nowhere in the notice letter are the "aforementioned" officers named nor the acts of alleged misconduct identified.[70] Indeed, the notice letter only references an "Officer John Doe."[71] The notice letter failed to even identify Officer Capers, let alone give notice of the claims against him.

Thus, the cumulative failures of Plaintiffs' purported notice letter establish that "[Plaintiffs] failed to comply with the MTCA's statutory notice requirements," requiring

---

[62] Exhibit "A," Notice of Claim Letter, at 1-3.
[63] Exhibit "A," Notice of Claim Letter, at 1-3.
[64] *See e.g., Dobbs v. City of Columbus*, 285 So. 3d 1219, 1222 (Miss. App. 2019).
[65] Exhibit "A," Notice of Claim Letter, at 1-3.
[66] *See e.g., Harden v. Field Mem'l Cmty. Hosp.*, 265 F. App'x 405, 409 (5th Cir. 2008).
[67] Exhibit "A," Notice of Claim Letter, at 1-2 ("sustained on May 22, 2023.").
[68] Compl. **[Doc. 1]** at ¶¶9-10.
[69] Exhibit "A," Notice of Claim Letter, at 2.
[70] *See generally,* Exhibit "A," Notice of Claim Letter.
[71] Exhibit "A," Notice of Claim Letter, at 1-2.

dismissal of the state law claims.[72] These deficiencies cannot be cured by Plaintiff's requested amendments to the Complaint. Indeed, Plaintiff's proposed Amended Complaint does not even attempt to correct these issues, but merely seeks a new time-stamp. Accordingly, as amendment is futile and as the subject defects are incurable, Plaintiff's Motion for Leave to Amend should be denied.

## IV. CONCLUSION

For the reasons stated hereinabove, Defendants respectfully request this Court deny Plaintiff's Motion for Leave to Amend. Defendants also pray for any and all other relief this Honorable Court deems to be fair and just.

**RESPECTFULLY SUBMITTED,** this the 5th day of December, 2023.

                                          **JACKS GRIFFITH LUCIANO, P.A.**

                              By: /s/ ***M. Mckenzie W. Price***
                                  M. Mckenzie W. Price, MS Bar No. 106538
                                  Daniel J. Griffith, MS Bar No. 8366
                                  Mary McKay Griffith, MS Bar No. 100785
                                  Attorneys for Defendants

Of Counsel:
**JACKS GRIFFITH LUCIANO, P.A.**
150 North Sharpe Street
P.O. Box 1209
Cleveland, MS 38732
Phone: (662) 843-6171
Fax: (662) 843-6176
Email: mprice@jlpalaw.com
       dgriffith@jlpalaw.com
       mgriffith@jlpalaw.com

Kimberly J. Merchant, Esq.
549 South Washington Ave.
Greenville, MS 38701
Cell: (662) 347-3921
Work: (662) 577-4527
Email: kimjmerchant@gmail.com

---

[72] *Dobbs*, 285 So. 3d at 1223.

City Attorney

## CERTIFICATE OF SERVICE

    I, M. Mckenzie W. Price, attorney of record for Defendants, City of Indianola, Mississippi, Chief Ronald Sampson, in his Individual and Official Capacity, and, Officer Greg Capers, in his Individual and Official Capacity, do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Defendants' Response in Opposition to Plaintiff's Motion for Leave to Amend,* to be delivered by the ECF Filing System to the following:

        Carlos E. Moore, Esq.
        The Cochran Firm - MS Delta
        Email: cmoore@cochranfirm.com
        **Attorney for Plaintiff**

    **DATED** this 5th day of December, 2023.

                             /s/ *M. Mckenzie W. Price*
                             M. Mckenzie W. Price