**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**NAKALA MURRY, INDIVIDUALLY AND
ON BEHALF OF HER SON, A.M., A MINOR**                      **PLAINTIFF**

**V.**                          **CAUSE NO.: 4:23CV97-NBB-DAS**

**CITY OF INDIANOLA, MISSISSIPPI, et al.**                    **DEFENDANTS**

**OBJECTION OF PLAINTIFF TO MAGISTRATE JUDGE ORDER**

**INTRODUCTION**

This matter arises out of an incident that occurred on May 20th, 2023, in which Plaintiff A.M, a minor, suffered near fatal injury and Plaintiff Nakala Murry suffered immense emotional injury. On May 30th, 2023, Plaintiffs filed their *Complaint* (Doc. #1) against the defendants in this matter. Upon the Defendants' filing of their *Answers*, the parties began to engage in discovery. It was after this time where Defendants failed to produce a critical piece of discovery (the body camera footage). The defendant, further, did not submit the video to the clerk's office, despite being directed to upload the exhibit and being assured that the video would not be publicly released. The Plaintiffs' Counsel filed a motion to produce the proposed exhibit (Doc. #44). An order to produce the documents to Plaintiffs and Plaintiffs' Counsel was entered into this Court on November 30, 2023 (Doc. #60).

**DISCUSSION**

The Fifth Circuit has made it abundantly clear that judicial records are public records. And public records, by definition, presume public access.[1] Judicial decisions to seal materials from

---

[1] *See* Doe, 615 F. Supp. 3d 471 (2022).

public view require a document-by-document, line-by-line balancing of the public's common law right of access against the interest's favoring nondisclosure. And any decision to seal material must be congruent to the need.[2]

Plaintiff hereby objects to the provision prohibiting the dissemination of the video or any notes produced by the video outside of Counsel's office, and the release of the video. The following reasons are such: The Defendants have acknowledged that it is essential for Counsel to have this video (Doc. #60); further, to restrict full access (i.e., dissemination of notes and descriptions) of the video restricts Counsel's overall examination of the video. Additionally, to restrict dissemination of any notes produced by the video is to restrict the public's right of transparency and accountability. Even so, the restriction of dissemination harms judicial integrity and the public's trust in fairness and impartiality of the legal system. The dissemination is critical to prevent misconduct by governmental organizations and promotes what the judicial system, at its core, aims to protect – protection against unjust practices.

Defendants only offer protection of the identity of the minor as a "compelling" reason to restrict public access to the body camera footage. However, "once a matter is brought before a court for resolution, it is no longer solely the parties case, but also the public's case."[3] Further, one must set forth "clear and compelling" reasons why a case may be kept from the public, and "identity" is not material nor compelling.[4] In this case, Defendants have not put forward anything

---

[2] *Id.*
[3] *See* Brown v. Advantage Eng'g, inc., 960 F.2d 1013, 1016 (11th Cir. 1992).
[4] *See* Doe v. Crawford, No. 3:23-CV-560-CWR-LGI, 2023 U.S. Dist. LEXIS 204433, at *4 (S.D. Miss. Nov. 15, 2023)
(The Court, asserting that "identity" is not material to a defense, and the use of pseudonyms accomplishes the goal of protecting one's identity. Further, the court goes on to say that as the case went forward, it was clear that both parties were sensitive to the possibility of embarrassment if friends or family knew of these allegations, but, every case, civil and criminal, presents a risk of embarrassment to one or all involved. Most importantly, the Court said that creating an "embarrassment exception" to the First amendment would swallow the general rule of public access to public records).

sufficient to remove this case from the "default expectation – that the public has a right to see what goes on in its courts."[5]

Information that is readily available to the public "promotes the trustworthiness of the judicial process, curbs judicial abuses, and provides the public with a better understanding of the judicial process, including its fairness[, and] serves as a check on the integrity of the system".[6] Further, when much of the information therein is available elsewhere, sealing and restriction of judicial records is generally unwarranted. [7]

Here, the public's interest outweighs the benefit of the restriction of the dissemination of the video. Further, Despite Defendant's contention that A.M.'s identity should be protected, A.M.'s identity has already been made public by multiple news sources, and the guardian of A.M. does not oppose such reveal.[8] In fact, many nationwide news sources have already identified A.M., and that information is readily available to the public. The video can be released and A.M's face can be blurred, if necessary, to protect their identity.

The above provided statements further establish that dissemination is vital and paramount in promoting transparency, accountability, and judicial integrity of this court.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully objects to the provision of the Magistrate Judge's Order denying dissemination of the video and requests reconsideration by the District Court.

---

[5] *Id.*
[6] *See* Bradley on behalf of AJW v. Ackal, 954 F.3d 216, 224 (5th Cir. 2020).
[7] *See* 566 F. Supp. 3d 605 (W.D. Tex.).
[8] 11-Year-Old Mississippi Boy Shot by Police after Calling 911 for Help (https://people.com/11-year-oldmississippi-boy-shot-by-police-after-calling-911-for-help-7504008); Mother of A.M., 11 Year Old Boy Shot by Mississippi Police, files lawsuit (https://www.usatoday.com/story/news/nation/2023/05/30/mother-ofmississippi-boy-shot-by-police-files-suit/70270056007/); Attorney for 11-year-old Mississippi Boy shot by Police says theres "no way" He Could've been Mistaken for an Adult.

Respectfully submitted, this the 12th day of December, 2023

        */s/ Carlos E. Moore*
Carlos E. Moore, MSB# 100685
Responding Attorney

OF COUNSEL:

**THE COCHRAN FIRM – MS DELTA**
306 Branscome Drive
P. O. Box 1487
Grenada, MS 38902-1487
662-227-9940 – phone
662-227-9941 – fax
Email: cmoore@cochranfirm.com

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have this date, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will operate to provide notice of this filing to ***all counsel of record*** in this case:

        */s/ Carlos E. Moore*
CARLOS E. MOORE, ESQ.