IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

NAKALA MURRY, INDIVIDUALLY AND
ON BEHALF OF HER SON, A.M., A MINOR          PLAINTIFF

v.                          CIVIL ACTION NO.: 4:23CV97-DMB-DAS

CITY OF INDIANOLA, MISSISSIPPI; CHIEF
RONALD SAMPSON, In His Individual and
Official Capacity; OFFICER GREG CAPERS,
In His Individual and Official Capacity; and,
JOHN DOES 1-5, In Their Individual and
Official Capacities                                      DEFENDANTS

### BREIF IN OPPOSITION TO APPEAL OF MAGISTRATE ORDER (DOC: # 60)

**DEFENDANTS,** by counsel, submit their authorities in opposition to Plaintiff's attempt to appeal Magistrate Order **[Doc: #60]** which is submitted without mandatory briefing and simultaneous with an improper press release [*See Exhibit A*].

### RE-STATEMENT OF OPPOSITION

Defendants have a pending and fully briefed motion seeking to have the Court determine whether or not to seal a video where Plaintiff A.M. suffers a gunshot wound. **[Doc: #21]**. Defendants also have a consolidated motion pending wherein the relevant portion of the video is an exhibit. **[Doc: # 62]**. Plaintiff appeals an order at Doc: # 60, allowing access to the video for the sole purpose of being able to respond to these motions while the magistrate judge considers public access to the video. Plaintiff's *Fed. R. Civ. Proc.* 72(a)(1) appeal of that order without submission of mandatory briefing per *L.U. Civ. R.* 7(4) while the fully briefed motion to seal remains pending is neither ripe, nor submitted for a legitimate purpose.

In spite of Plaintiff's attempted appeal, *L.U. Civ. R.* 72(a)(2) clearly provides that "the

1

magistrate ruling or order will remain in effect until reversed, vacated, modified or stayed." Yet, Plaintiff Nakala Murry and her Counsel have announced yet another press conference. *Exhibit A.* Respectfully, court orders, procedural rules, statutes enacted for the protection of children and ethical rules proscribing attorney conduct would be rendered meaningless if this media circus is allowed to continue unabated.

## AUTHORITIES

**1. MANDATORY BRIEFING:** A magistrate judge may rule directly on a nondispositive pretrial motion. 28 U.S.C. § 636(b)(1)(A). *Fed. R. Civ. Proc.* 72 provides the structure necessary to have an Article III Judge review an order from a Magistrate Judge. *L.U. Civ. R.* 7(4) and 72 address the particulars required. *L.U. Civ. R.* 72(a)(1)(A) provides in relevant part that - "A party aggrieved by a magistrate judge's ruling may appeal the ruling to the assigned district judge. The appeal is perfected by serving and filing objections to the ruling within fourteen days after being served with a copy of the ruling, specifying the grounds of error." When objections are raised to such a ruling, a district court must consider them and "modify or set aside any part of the order that is clearly erroneous or contrary to law." *Fed. R. Civ. P.* 72(a); *Castillo v. Frank,* 70 F.3d 382, 385 (5th Cir. 1995). Under this deferential standard, a magistrate judge's decision must be affirmed unless "on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746 (1948). *L.U. Civ. R.* 7(4) requires a brief. Plaintiff did not file a brief. Plaintiff did not specify the grounds of error. Instead, Plaintiff is holding yet another press conference.

**2. RIPENESS:** The question of whether or not to seal video of the minor child A.M. receiving a gunshot wound from an officer reacting to the apparent threat of a repeat domestic abuser

charging him is fully briefed. Upon a ruling either party may follow these rules above to challenge the magistrate judge's ruling.

"In evaluating whether a case is ripe for adjudication, [a court] balance[s] (1) the fitness of the issues for judicial decision, and (2) the hardship to the parties of withholding court consideration." *Planned Parenthood of Gulf Coast, Inc. v. Gee,* 862 F.3d 445, 456 (5th Cir. 2017) (cleaned up). "A claim is not ripe for review if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *United States v. Payton,* 959 F.3d 654, 656 (5th Cir. 2020).

Consider *Schafer v. State Farm Fire & Cas. Co.,* 2010 U.S. Dist. LEXIS 136365, where an intervening text order was challenged, pending a final ruling yet to be made regarding reopening a case. Like the instant order from Magistrate Sanders, the order itself was not clearly contrary to the law. The real object of the appeal had yet to be determined. The Indianola Defendants' pending motion to seal the video in this case was filed first, is fully briefed and remains pending. The order challenged by Murry is merely that of allowing limited access to the video so her counsel can fully respond. This "appeal" should be denied on ripeness grounds.

**3. THE ORDER ITSELF IS LEGAL:** The order itself provides Murry's Counsel with the opportunity to review the video and respond to pending motions. [Doc: #60]. Ultimate public disclosure of a child sustaining a gunshot wound from an officer reacting to the apparent threat of a repeat domestic abuser charging him remains pending. This limited ruling being challenged is fully supported by multiple decisions.

"Courts have recognized that the privacy of children may constitute a compelling interest that

3

outweighs the presumption in favor of public access."[1] In *A.L. v. Miss. Dep't of Child Prot. Servs.*, the court determined that the compelling interest in protecting the identity of the minors outweighed public's right of access to the materials and justified sealing two photographs of the minors, and determined that to do otherwise would frustrate and defeat the purpose behind Rule 5.2(a)(3).[2] In *Bright v. Tunica Cty. Sch. Dist.*, despite significant media coverage pertaining to the underlying facts of the lawsuit,[3] this Court determined that the interest in protecting the identity of the minor outweighed the interests favoring disclosure and granted the motion to seal the exhibits which identified the minor.[4] In *Green v. Winona Montgomery Consol. Sch. Dist.*, this Court determined that images of minor children implicated the compelling governmental interest in protecting such children's identities.[5] In *C.K. v. Delta State Univ.*, the Mississippi Northern District Court stated that because the plaintiff was a minor, "his identity should be protected, as required[,]" and granted the motion to seal after weighing the competing interests of the public's right to information and the

---

[1] *BG v. Banks*, No. 4:16-CV-64-DMB-JMV, 2017 U.S. Dist. LEXIS 8913, at *7 (N.D. Miss. Jan. 23, 2017) (quoting *Jaufre ex rel. Jaufre v. Taylor*, 351 F. Supp. 2d 514, 516 (E.D. La. 2005)).

[2] *A.L. v. Miss. Dep't of Child Prot. Servs.*, No. 1:18-CV-00076-LG-RHW, 2018 U.S. Dist. LEXIS 119590, at *2-3 (S.D. Miss. July 18, 2018).

[3] *See Bright v. Tunica Cnty. Sch. Dist.*, No. 3:16-CV-197-DMB-RP, 2017 U.S. Dist. LEXIS 146540, at *8 (N.D. Miss. Sep. 11, 2017) ("In late February 2015, local media began reporting on the assault.") (citing the amended complaint in discussing media exposure in its order of dismissal less than two weeks after ordering that exhibits that identified the minor were to be filed under seal).

[4] *Bright v. Tunica Cty. Sch. Dist.*, No. 3:16-CV-197-DMB-RP, 2017 U.S. Dist. LEXIS 138756, at *5 (N.D. Miss. Aug. 29, 2017).

[5] *Green v. Winona Montgomery Consol. Sch. Dist.*, No. 4:21-CV-32-DMB-JMV, 2021 U.S. Dist. LEXIS 83217, at *6 (N.D. Miss. Apr. 30, 2021) (holding that while the compelling interest in protecting the children's identities was implicated, because the documents at issue were still images, the Court found that these compelling interests could be served by redacting the faces of the children in the photographs).

protection of a legal minor.[6] In *James v. Cleveland Sch. District*, where three exhibits identified minors contrary to the requirements of *Fed R. Civ. P.* 5.2, the Court found "that the interest in protecting sensitive information outweighs the public's interest, and the public's right of access is not impeded by sealing the exhibits containing such information."[7] Furthermore, in cases involving a minor, courts have sealed records and identified non-disclosure as being warranted for "safeguarding the physical and psychological well-being of a minor"[8] as well for "pictures of [the minor's] injuries that could be humiliating or stigmatizing."[9]

In sum, Judge Sanders' Order is legal and supported by extensive authority.

**4. VIOLATION OF *L.U. Civ. R.* 72(a):**

The rules are clear:

No ruling of a magistrate judge in any matter which he or she is empowered to hear and determine will be reversed, vacated, or modified on appeal unless the district judge determines that the magistrate judge's findings of fact are clearly erroneous, or that the magistrate judge's ruling is clearly erroneous or contrary to law. *L.U. Civ. R.* 72(a)(1)(B)

[T]he magistrate ruling or order will remain in effect until reversed, vacated, modified or stayed. *L.U. Civ. R.* 72(a)(2)

In accord with Rule 5.2 of the *Federal Rules of Civil Procedure and* Mississippi Law protecting the protecting the identity and privacy of a minor child in court filings, *Exhibit A* has been submitted

---

[6] *C.K. v. Delta State Univ.*, No. 4:18-CV-060-DMB-JMV, 2018 U.S. Dist. LEXIS 55489, at *2 (N.D. Miss. Apr. 2, 2018).

[7] *James v. Cleveland Sch. Dist.*, No. 4:19-CV-66-DMB-RP, 2020 U.S. Dist. LEXIS 185918, at *2-3 (N.D. Miss. Oct. 7, 2020)

[8] *Bradley v. Ackal,* 954 F.3d 216, 229 (5th Cir. 2020) (citing *Globe Newspaper Co. v. Superior Court for Norfolk Cty.*, 457 U.S. 596, 607, 102 S. Ct. 2613, 73 L. Ed. 2d 248 (1982)).

[9] *Bradley v. Ackal,* 954 F.3d 216, 229 (5th Cir. 2020) (citing *Jaufre ex rel. Jaufre v. Taylor*, 351 F. Supp. 2d 514, 516-19 (E.D. La. 2005) (collecting cases)).

5

with proper redaction.[10] Yet, the actual notice lists the name of the child and offers alliteration on the content of the video.

5.   **INTEREST OF THE CHILD:**

The rules are again clear:

> **Responsibilities of Counsel and Parties.** Counsel should advise clients of the provisions of this rule and FED. R. CIV. P. 5.2 so that an informed decision may be made about the inclusion of protected information. *L.U. Civ. R.* 5.2

Plaintiff Nakala Murry has her own individual claim for damages. **[Doc:#1]**. Both Nakala and A.M. are represented by the same attorney. The child has been repeatedly presented for interviews. *Fed. R. Civ. P.* 17(c)(2), authorizes this Court appoint a guardian ad litem to protect the minor's interest as "***the parent is indifferent to the interest of the child***" and "***the interests of the child and the parent . . . appear to conflict***[.]" Respectfully, who is looking out for the interest of the child?

**WE PRAY,** that upon consideration of the circumstances and supporting authority, this Court will reject this improperly filed appeal and order as follows:

   A.   That Plaintiff's appeal be denied because it is procedurally flawed, the ultimate issue remains pending and is not ripe, and the limited protection from disclosure afforded by this interim order is legal;

   B.   That pursuant to *Fed. R. Civ. P.* 17(c)(2), this Court appoint a guardian *ad litem* to protect the minor's interest as "***the parent is indifferent to the interest of the child***" and "***the interests of the child and the parent . . . appear to conflict***;"

---

[10]*Miss. Code Ann.* § 43-21-259 explicitly provides: "**All other records involving children and the contents thereof shall be kept confidential and shall not be disclosed except as provided in section 43-21-261**."

C. That upon appointing a guardian *ad litem* for the child, Plaintiff Nakala Murry and her Counsel be directed to appear before this Court and show cause as to whether the directives of the magistrate judge [Doc: #60], state law and Rule 3.6 of the Mississippi Rules of Professional Conduct, have not been violated.

D. That the Court grant such other and additional relief as may be necessary to litigate this matter without a media sideshow.

**RESPECTFULLY SUBMITTED** this the 13th day of December, 2023.

                                            **JACKS GRIFFITH LUCIANO, P.A.**

By: /s/ ***Daniel J. Griffith***
Daniel J. Griffith, MS Bar No. 8366
M. Mckenzie W. Price, MS Bar No. 106538
Mary McKay Griffith, MS Bar No. 100785
Attorneys for Defendants City of Indianola, Mississippi; Chief Ronald Sampson, in his Individual and Official Capacity; and, Officer Greg Capers, in his Individual and Official Capacity

Of Counsel:

**JACKS GRIFFITH LUCIANO, P.A.**
150 North Sharpe Street
P.O. Box 1209
Cleveland, MS 38732
Phone: (662) 843-6171
Fax: (662) 843-6176
Email: dgriffith@jlpalaw.com
        mprice@jlpalaw.com
        mgriffith@jlpalaw.com

Kimberly J. Merchant, Esq.
549 South Washington Ave.
Greenville, MS 38701
Cell: (662) 347-3921
Work: (662) 577-4527

Email: kimjmerchant@gmail.com
City Attorney

**CERTIFICATE OF SERVICE**

    I, Daniel J. Griffith, attorney of record for Defendants, City of Indianola, Mississippi, Chief Ronald Sampson, in his Individual and Official Capacity, and Officer Greg Capers, in his Individual and Official Capacity, do hereby certify that I have this day caused a true and correct copy of the above and foregoing BRIEF IN OPPOSITION TO APPEAL OF MAGISTRATE ORDER (DOC: # 60) to be delivered by the ECF Filing System to the following:

        Carlos E. Moore, Esq.
        The Cochran Firm - MS Delta
        Email: cmoore@cochranfirm.com
        **Attorney for Plaintiff**

    **DATED** this 13th day of December, 2023.

               /s/ *Daniel J. Griffith*
              Daniel J. Griffith