# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF MISSISSIPPI GREENVILLE DIVISION

**NAKALA MURRY, INDIVIDUALLY AND
ON BEHALF OF HER SON, A.M., A MINOR**                          **PLAINTIFF**

V.                                        CAUSE NO.: 4:23CV97-NBB-DAS

**CITY OF INDIANOLA, MISSISSIPPI, et al.**                          **DEFENDANTS**

### BRIEF IN SUPPORT OF OBJECTION OF PLAINTIFF TO MAGISTRATE JUDGE ORDER

## I. INTRODUCTION

This matter arises out of an incident that occurred on May 20th, 2023, in which Plaintiff A.M, a minor, suffered near fatal injury and Plaintiff Nakala Murry suffered immense emotional injury. On May 30th, 2023, Plaintiffs filed their *Complaint* (Doc. #1) against the defendants in this matter. Upon the Defendants' filing of their *Answers*, the parties began to engage in discovery. It was after this time where Defendants failed to produce a critical piece of discovery (the body camera footage). The defendant, further, did not submit the video to the clerk's office, despite being directed to upload the exhibit and being assured that the video would not be publicly released. The Plaintiffs' Counsel filed a motion to produce the proposed exhibit (Doc. #44). An order to produce the documents to Plaintiffs and Plaintiffs' Counsel was entered into this Court on November 30, 2023 (Doc. #60). An objection to that order was filed on December 13th, 2023 (Doc. #69). Plaintiff now offers this brief in support of objection to Magistrate Judge Order. Plaintiff respectfully contends that the order entered unto this Court on November 30, 2023 [Doc. 60] is erroneous and contrary to:

1. The public's right to access judicial records and proceedings.

## II.     LEGAL AUTHORITES AND DISCUSSION

### A. LEGAL STANDARD

Rule 72(a) of the Federal Rules of Civil Procedure provides that the Court shall consider timely objections made by the parties to a magistrate judge's ruling on a non-dispositive matter and must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." The decision whether to allow public access to court records 'is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."[1] And, as previously stated, "[f]or issues that are committed by law to a judge's discretion, . . . the magistrate's rulings are reviewed for abuse of discretion."[2]

The Supreme Court has explained that "an abuse-of-discretion standard does not mean a mistake of law is beyond appellate correction. A court by definition abuses its discretion when it makes an error of law." *Koon v. United States*, 518 U.S. 81, 100, 116 S. Ct. 2035, 135 L. Ed. 2d 392 (1996) (citations omitted). "The abuse-of-discretion standard includes review to determine that the discretion was not guided by erroneous legal conclusions." Id.

"The public's right of access to judicial records is a fundamental element of the rule of law." *Le*, 990 F.3d at 417 (quotation omitted). This common law right of access allows members of the general public "to inspect and copy public records and documents, including judicial records and documents."[3]

---

[1] *See* Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr., 913 F.3d 443, 450 (5th Cir. 2019).
[2] *Id*.
[3] *See* Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978).

The common law establishes a "presumption in favor of the public's common law right of access to judicial records." [4] This presumption reflects the fact that "[p]ublic confidence in our judicial system cannot long be maintained where important judicial decisions are made behind closed doors and then announced in conclusive terms to the public, with the record supporting the court's decision sealed from public view." [5] *See also*, Sealed Search Warrants, 868 F.3d at 395 (the "right of access promotes the trustworthiness of the judicial process, curbs judicial abuses, and provides the public with a better understanding of the judicial process, including its fairness").

The Fifth Circuit has made it abundantly clear that judicial records are public records. And public records, by definition, presume public access.[6] Judicial decisions to seal materials from public view requires a document-by-document, line-by-line balancing of the public's common law right of access against the interest's favoring nondisclosure. And any decision to seal material must be congruent to the need.[7]

B. ANALYSIS

Per the Fifth Circuit's direction, a court must balance the mothers and the public's interest in freely accessing the materials against the Defendant's interest in concealing the information.

Despite Defendant's contentions about the release of the video, Defendant Capers have said themselves, "they want the MBI to release the body camera video, which will unequivocally clear his name, and [Officer Capers] is looking forward to resolving this matter".[8] Most importantly,

---

[4] *See* S.E.C. v. Van Waeyenberghe, 990 F.2d 845, 849 (5th Cir. 1993).
[5] *See* United States v. Holy Land Found. for Relief & Dev., 624 F.3d 685, 690 (5th Cir. 2010) (cleaned up).
[6] *See* Doe, 615 F. Supp. 3d 471 (2022).
[7] *Id*.
[8] *See* Exhibit A.

Mother Nakala Murry agrees with Defendant Capers that she would like MBI to release the body camera footage. It appears that both parties support the release.

Plaintiff hereby objects to the provisions prohibiting the dissemination of the video or any notes produced by the video outside of Counsel's office, the prohibition of the Court Clerk to release the video without a court order, and the overall release of the video. The access should be readily available and not restricted to the public. The following reasons are such: The Defendants have acknowledged that it is essential for Counsel to have this video and have stated to the public they wish for the release of this video (Doc. #60); further, to restrict full access (i.e., dissemination of notes and descriptions) of the video restricts Plaintiffs' ability to prosecute this case fully and strategically. Additionally, to restrict dissemination of any notes produced by the video is to greatly restrict the public's right of transparency, accountability and unfettered access. Even so, the restriction of dissemination harms judicial integrity and the public's trust in fairness and impartiality of the legal system. The dissemination is critical and imperative to prevent misconduct by governmental organizations and promotes what the judicial system, at its core, aims to protect – protection against unjust practices.

Defendants only offer protection of the identity of the minor as a "compelling" reason to restrict public access to the body camera footage. However, "once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case."[9] Further, one must set forth "clear and compelling" reasons why a case may be kept from the public, and "identity" is not material nor compelling.[10] In this case, Defendants have not put forward anything

---

[9] *See* Brown v. Advantage Eng'g, inc., 960 F.2d 1013, 1016 (11th Cir. 1992).
[10] *See* Doe v. Crawford, No. 3:23-CV-560-CWR-LGI, 2023 U.S. Dist. LEXIS 204433, at *4 (S.D. Miss. Nov. 15, 2023) (The Court, asserting that "identity" is not material to a defense, and the use of pseudonyms accomplishes the goal of protecting one's identity. Further, the court goes on to say that as the case went forward, it was clear that both parties were sensitive to the possibility of embarrassment if friends or family knew of these allegations, but, every case, civil and criminal, presents a risk of embarrassment to one or all involved. Most importantly, the Court said

sufficient to remove this case from the "default expectation – that the public has a right to see what goes on in its courts."[11]

Information that is readily available to the public "promotes the trustworthiness of the judicial process, curbs judicial abuses, and provides the public with a better understanding of the judicial process, including its fairness[, and] serves as a check on the integrity of the system".[12] Further, when much of the information therein is available elsewhere, sealing and restriction of judicial records is generally unwarranted. [13] [14]

Here, the public's interest outweighs the benefit of the restriction of the dissemination of the video. Further, Despite Defendant's contention that A.M.'s identity should be protected, A.M.'s identity has already been made public by multiple news sources, and the guardian of A.M. does not oppose such reveal.[8] In fact, many nationwide news sources have already identified A.M., and that information is readily available to the public. The video can be released and A.M's face can be blurred, if necessary, to protect the minor's identity.

The above provided statements further establish that dissemination is vital and paramount in promoting transparency, accountability, and judicial integrity of this court.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully objects to the

---

that creating an "embarrassment exception" to the First amendment would swallow the general rule of public access to public records).
[11] *Id.*
[12] *See* Bradley on behalf of AJW v. Ackal, 954 F.3d 216, 224 (5th Cir. 2020).
[13] *See* 566 F. Supp. 3d 605 (W.D. Tex.)
[14] 11-Year-Old Mississippi Boy Shot by Police after Calling 911 for Help (https://people.com/11-yearoldmississippi-boy-shot-by-police-after-calling-911-for-help-7504008); Mother of A.M., 11 Year Old Boy Shot by Mississippi Police, files lawsuit (https://www.usatoday.com/story/news/nation/2023/05/30/motherofmississippi-boy-shot-by-police-files-suit/70270056007/); Attorney for 11-year-old Mississippi Boy shot by Police says theres "no way" He Could've been Mistaken for an Adult.

provision of the Magistrate Judge's Order denying dissemination of the video and requests reconsideration by the District Court.

Respectfully submitted, this the 13th day of December, 2023

    */s/ Carlos E. Moore*
Carlos E. Moore, MSB# 100685
Responding Attorney

OF COUNSEL:

**THE COCHRAN FIRM – MS DELTA**
306 Branscome Drive
P. O. Box 1487
Grenada, MS 38902-1487
662-227-9940 – phone
662-227-9941 – fax
Email: cmoore@cochranfirm.com

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have this date, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will operate to provide notice of this filing to ***all counsel of record*** in this case:

    */s/ Carlos E. Moore*
CARLOS E. MOORE, ESQ.