IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**NAKALA MURRY,**
**Individually and on Behalf**
**of her son, A.M., a Minor**                                                               **PLAINTIFF**

V.                                                                 **CIVIL ACTION NO. 4:23cv-97-DMB -DAS**

**CITY OF INDIANOLA, MISSISSIPPI, et. al.**                                       **DEFENDANTS**

## ORDER GRANTING MOTION TO SEAL

The plaintiff, A.M., an eleven-year-old boy, was shot in the chest by an Indianola Police Department officer responding to a domestic violence call at the home of his mother, Nakala Murry. The father of one of Murry's children, John Nolden, came to her home in the very early hours of May 20, 2023. His conduct and a history of domestic abuse caused Murry to fear for her safety and that of her two children and two nephews who were in the home. According to the police officers, they were unaware of the presence of children at the home, but were aware of the history of violence by Nolden.

One of the officers, the defendant, Greg Capers, shot A.M., though the parties give slightly varying descriptions of how the shooting happened. Caper's body camera captured the events giving rise to this case, including the events leading to the shooting of A.M. and the immediate aftermath of the shooting. Since the filing of this action, the plaintiff, Nakala Murry, plaintiff's counsel, and A.M. have all appeared in numerous articles, including nationwide print, and in broadcast media.

The defendants filed a motion for judgment on the pleadings and have proffered this body camera footage as an exhibit to the motion, but have moved for leave to file it under seal, at least for the duration of the litigation. The defendants argue that this video should be sealed because

of its very sensitive nature and to protect the privacy interests of the minor plaintiff. The plaintiff's response opposes the sealing of the video and notes that A.M.'s identity is already readily discernable public information. The plaintiff argues that because A.M.'s identity is public, there is no compelling reason to seal the video of the incident.

## Applicable Law

Fundamentally "[j]udicial records belong to the American people; they are public, not private, documents." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021). Therefore, "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597-98 (1978). The Fifth Circuit Court of Appeals requires "a working presumption … that judicial records should not be sealed." *June Med. Servs., L.L.C., v. Phillips,* 22 F.4th 512, 521 (5th Cir. 2022). The courts should exercise their discretion to seal judicial records "charily." *S.E.C. v. Van Waeyenberghe,* 990 F.2d 845 (5th Cir. 1993). A court that considers sealing such records abuses its discretion if it "ma[kes] no mention of the presumption in favor of the public's access to judicial records" and fails to "articulate any reasons that would support sealing." *Binh Hoa Le,* 990 F.3d at 419 (C.A.5 Tex 2021) (quoting *Van Waeyenberghe*, 990 F.2d at 849).

Maintaining the public's right to access court records promotes "trustworthiness of the judicial process, … curb[s] judicial abuses, and … provide[s] the public with a more complete understanding of the judicial system, including a better perception of its fairness." *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010) (quoting *Littlejohn v. Bic Corp.,* 851 F.2d 673, 682 (3d Cir. 1988)). Because of these interests, courts "heavily disfavor sealing information placed in the judicial record. *June Med. Servs*, 22 F.4th at 520-21

(citing *Vantage Health Plan, Inc., v. Willis-Knighton Medical Center,* 913 F.3d 433, 450–51 (5th Cir. 2019)).

However, the public right to access is not absolute. "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon*, 435 U.S. at 598. The courts must balance the public's common law right of access against the private interests favoring nondisclosure. Moreover, the Federal Rules of Civil Procedure and case law provide special protections for minors involved in litigation. Likewise, Mississippi statutes indicate a strong public policy favoring maintaining confidentiality of minor's sensitive records. Though its statutes governing youth court records are not directly applicable, these statutes strictly limit access to court records involving minors to protect their privacy. Miss. Code Ann. § 43-21-105 (u)(iii) and 43-21-261 (5)(c). "Courts have recognized that the privacy of children may constitute a compelling interest that outweighs the presumption in favor of public access. *Jaufre ex rel. Jaufre v. Taylor*, 351 F.Supp. 2d 514, 516-17 (E.D. La. 2005) (citing *Jessup v. Luther,* 277 F.3d 926, 928 (7th Cir. 2002) ("When there is a compelling interest in secrecy, as in the case of ... the privacy of children, portions and in extreme cases the entirety of a trial record can be sealed ....")).

This court must therefore carefully balance the interest in the minor's privacy against the competing interests of the public in maintaining access to judicial records.

## ANALYSIS

### Factors Favoring Disclosures

Because the defendants are asking the court to seal an exhibit to their dispositive motion, the standard for sealing the record is more stringent.

> [A]t the adjudicative stage, when materials enter the court record, the standard for shielding records from public view is far more arduous." *Id.* Sealing judicial records

>and blocking public access require a "stricter balancing test." *Id.* at 419 [quoting *Binh Hoa Le, 990* F.3d at 419]. "To decide whether something should be sealed, the court must undertake a " 'document-by-document,' 'line-by-line' balancing of 'the public's common law right of access against the interests favoring nondisclosure.'

*June Med. Serv.* 22 F.4th at 521.

In cases like this one where the subject matter involves allegations of serious misconduct by public officials or parties of a public nature and matters of legitimate public concern, there is a greater importance in allowing disclosure. This case has already been the subject of much local, state, and national attention. The defense has complained to the court that plaintiff's counsel is seeking publicity, and, admittedly Murry, counsel, and A.M. have all been featured in media appearances and articles. Regardless, this case -- without any cooperation from the plaintiffs or their counsel – would have generated public attention and interest. After considering the matter, the facts of this case certainly provide factors favoring disclosure.

### Reasons for Withholding Disclosure

Notwithstanding all the strong, legitimate interests weighing in favor of transparency in this case, the court finds that the countervailing interests favor non-disclosure and those interests predominate. These other factors dictate sealing the video, notwithstanding the plaintiff's opposition to the motion.

The court has reviewed the video. While not graphic, the nature and violence of the video is a consideration counseling against release for multiple reasons. The court "is not blind to the fact that, in this age of social media, videos of alleged police misconduct and violence, when released, become instantly and pervasively available to and scrutinized by the public on a nationwide scale." *Pettaway v. Barber,* 645 F. Supp. 3d 1269, at 1283 (M.D. Ala. 2002). Additionally, unlike by-gone days, when even scandalous evidence, might after a time quietly

4

moulder in court files, social media assures both overwhelming current exposure, and that this incident will remain captured on the internet forever. The video, once out, is likely to haunt all participants, including this child, long after this litigation has ended.

The public has been exposed to the release of graphic body camera footage in some cases, and a panoply of videos is readily available on the internet. However, the release of these videos is by no means automatic, even in cases not involving a minor. Widespread dissemination of video evidence can complicate the task of this court in seating an impartial jury. If the ongoing investigation by the State of Mississippi should result in criminal charges, widespread distribution of the video could adversely impact the ability of the courts to provide a fair trial for the accused. *Ambler v. Nissen*, 2023 WL 4375008 , at* 3(W.D. Tex. July 6, 2023) (noting videos of defendant officers during protests more than a year after the incident were sealed to protect ongoing criminal investigations); *but see Winkley v Hancock County, Miss.*, 2023 WL 8417851 (S.D. Miss. Dec 4, 2023)[1] and *Robinson v. City of Huntsville*, 2021 WL 5053276 (N.D. Ala. Nov 1, 2021) (footage of fatal shooting of plaintiff's adult decedent was initially sealed but unsealed at the request of media and the deceased's family after the case was dismissed.)

In *Pettaway v. Barber*, police were called to the scene of a suspected burglary. *Pettaway,* 645 F. Supp. 3d at 1269. Officer Barber entered a darkened house with his canine partner who attacked Joseph Pettaway. His body camera footage captured the attack;

---

[1] Defendant officer, in an action alleging excessive use of force resulting in the death of plaintiff's decedent, moved to seal the video of the shooting incident asserting that the video contained sensitive footage of the deceased and implicated his and his family's privacy rights. Because the plaintiffs opposed the motion to seal, waiving any privacy interests, and the footage was significant to the public's interest in law enforcement and its use of force, the court refused to seal the video.

Pettaway being placed on the ground outside the house; Barber and other officers waiting for the arrival of the ambulance; and the steps taken by the emergency personnel to aid Pettaway. Pettaway died of his injuries and his family sued. Body camera footage from three officers were submitted in support of the summary judgment motions by the parties. The court found the video should not be released.

> Interference with the administration of justice is the overarching concern to be weighed on the side of nondisclosure in civil cases. *Newman [v. Graddick].*, 696 F.2d. 796, at 803 (11th Cir, 1983). Here, the ultimate consideration on Defendants' side in the balancing process is the likely impact on the administration of justice in this civil proceeding, especially the protection of potential witnesses and third parties and the Court's practical ability to meet its obligation to empanel a jury whose unbiased decision the parties and the public may be assured will be based on the evidence presented at trial.

*Pettaway*, 645 F. Supp. 3d at 1282.

Given the publicity already generated, the court finds its public release would make the seating of an impartial jury difficult in this case. The court's primary concern and reason for finding that this video should be sealed, however, is it depicts the shooting of the minor plaintiff, a matter of great sensitivity. The court's general solicitude for the privacy rights of minor litigants begins with the requirements of Rule 5.2 of the Federal Rules of Civil Procedure, which prohibits the public identification of any minor in any pleadings or filings before the court, except by initials. Notwithstanding the rule, the minor's name is already public, but the court feels A.M. has a right to privacy and is due special consideration in this action because he is a minor. As a minor, he lacks the capacity to waive those rights or to assess the impact of the release of this video on his life, now and in the future. The court finds it cannot predict how destructive or disruptive the release of the video might be for A.M., over and above

6

any impact from the presently existing public exposure, but the courts routinely protect the privacy interests of minors, even in matters much more mundane than in A.M.'s case. The court has two tools for protecting those interests -- either sealing the records or maintaining the anonymity of the minor plaintiff.

While the allegations and defenses regarding the incident are public, that information is different not just in degree but in kind from the video. A.M.'s appearance in the video is only a brief part of the approximately five-minute video, and the shooting itself is dimly lit. Nevertheless, even if A.M. could not be identified from the video, the court cannot protect his privacy and prevent linkage of the video to the child. Because his identity and face have both been made public, obscuring his face does nothing to protect the child from whatever fallout comes from the release of the video. The court's choice is to release the video with indeterminable impact on the privacy and life of A.M. or to withhold it, despite the legitimate public interest in this case. Finding it would be reckless to disregard A.M.'s privacy interests, the court opts to protect the compelling interest in protecting A.M., over the otherwise compelling interests of the public. While recognizing that the defendants have their own interests in avoiding public disclosure, the court concurs with their urging that the video should be sealed from public access.

**IT IS, THEREFORE, ORDERED** that the defendant's motion to restrict Exhibit E from public access [41] is granted. The clerk of the court shall seal this Exhibit. The court affirms its earlier order that neither party may release all or any portion of the video.

**IT IS FURTHER ORDERED AND ADJUDGED,** that Exhibits 1, 2 and 3 to the plaintiff's response in opposition to the motion to restrict [55], having been filed in violation of

Fed.R.Civ.P. 5.2, are hereby stricken.  The clerk of the court is directed to restrict access to these documents to the court and parties.

      **SO ORDERED** this the 14th day of December, 2023.

                                        /s/ David A. Sanders
                                        **UNITED STATES MAGISTRATE JUDGE**