IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

NAKALA MURRY, INDIVIDUALLY AND
ON BEHALF OF HER SON, A.M., A MINOR        PLAINTIFFS

v.        CIVIL ACTION NO.: 4:23-cv-97-DMB-DAS

CITY OF INDIANOLA, MISSISSIPPI;
CHIEF RONALD SAMPSON, In His Individual and Official Capacity;
OFFICER GREG CAPERS, In His Individual and Official Capacity;
and JOHN DOES 1-5, In Their Individual and Official Capacities        DEFENDANTS

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' CONSOLIDATED MOTION FOR JUDGMENT ON THE PLEADINGS, OR ALTERNATIVELY, FOR SUMMARY JUDGMENT**

**COME NOW** Nakala Murry, individually and on behalf of her son, A.M., a minor, (collectively referred to as "Plaintiffs"), by and through counsel of record, and file this *Response in Opposition to Defendants' Consolidated Motion for Judgment on the Pleadings, or Alternatively, for Summary Judgment*. Plaintiffs move this Honorable Court to deny Defendants' motion and would state as follows:

1. This case arises due to Defendants' violation of federal and state law which caused Plaintiffs substantial injuries and damages.

2. On or about May 20, 2023, Nakala Murry's minor son, A.M., was shot by Officer Greg Capers ("Defendant Capers"). Defendant Capers failed to assess the situation before displaying and discharging his firearm in addition to other misconduct. Plaintiff A.M. suffered a collapsed lung, lacerated liver, and fractured ribs. Additionally, Plaintiff A.M. was given a chest tube and placed on oxygen at the hospital.

3. Defendant Capers was an employee of the City of Indianola, Mississippi at the time

of the subject incident. Chief Ronald Sampson was the commanding officer through the entire incident and responsible for the actions and/or omissions of Defendant Capers.

4. On or about May 23, 2023, Plaintiffs forwarded a *Notice of Claim* to Defendants. On May 30, 2023, Plaintiffs filed a complaint asserting (1) violation of Fourth and Fourteenth Amendment rights under 42 U.S.C. Section 1983 and 28 U.S.C. Section 1343 et al; (2) excessive force; (3) negligent/intentional infliction of emotional distress/bystander's claim; (4) reckless endangerment; (5) civil assault and battery; (6) abuse of process; (7) negligent, grossly negligent, and wanton failure in hiring and to monitor, train, supervise, and discipline or take necessary corrective action on the officer involved; (8) reckless disregard for the rights and safety of Plaintiffs; (9) respondeat superior; and (10) the common law tort of outrage.

5. On December 5, 2023, *Defendants filed a Consolidated Motion for Judgment on the Pleadings, or Alternatively, for Summary Judgment*.

6. Federal Rule of Civil Procedure 12(c) provides, "[a]fter the pleadings are closed, but early enough not to delay trial, a party may move for judgment on the pleadings." "The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004).

7. Additionally, under the summary judgement standard, the court "must resolve all reasonable doubts and draw all reasonable inferences in the light most favorable to the nonmovant." *Sanchez v. Young Cnty.*, 956 F.3d 785, 791 (5th Cir. 2020). Summary judgment is required "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Acker v. Gen.*

*Motors, L.L.C.*, 853 F.3d 784, 788 (5th Cir. 2017). "A genuine issue of material fact exists if the record, taken as a whole, could lead a rational trier of fact to find for the non-moving party." *Harris v. Serpas*, 745 F.3d 767, 771 (5th Cir. 2014).

8. Defendants' motion should be denied, as a matter of law, and a jury should be afforded the opportunity to determine if Defendants' utter disregard of the rights of Plaintiffs caused Plaintiffs damages. Defendants are not entitled to qualified immunity as their conduct violated clearly established statutory and/or clearly established constitutional rights, and their conduct was objectively unreasonable in light of the clearly established law. Further, Defendants are not shielded by the Mississippi Tort Claims Act. Plaintiffs have supported their claims in the pleadings and genuine issues of material fact exist regarding the foregoing. As such, *Defendants' Consolidated Motion for Judgment on the Pleadings, or Alternatively, for Summary Judgment* should be denied.

9. In support of this motion, Plaintiffs have filed a memorandum.

10. The body camera footage as Exhibit "A" is sealed and in the possession of all parties.

**WHEREFORE, PREMISES CONSIDERED** Plaintiffs pray that this Honorable Court will deny Defendants' motion. Plaintiffs also pray for all other general relief this Court deems to be fair and just.

Respectfully submitted, this the 1st day of January 2024.

**NAKALA MURRY, INDIVIDUALLY AND ON BEHALF OF HER SON, A.M., A MINOR**

/s/ Carlos Moore_____
CARLOS MOORE, MSB #100685

**OF COUNSEL:**
**Carlos Moore Law Group**
**306 Branscome Drive**
**Grenada, Mississippi 38901**

3

**Telephone: 662-227-9940**
**Fax: 662-227-9941**
**CarlosMooreLaw@gmail.com**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing pleading was transmitted via CM/ECF to all counsel of record.

**This the 1st day of January 2024.**

/s/ Carlos Moore
Carlos Moore, MSB #100685