**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

NAKALA MURRY, INDIVIDUALLY AND
ON BEHALF OF HER SON, A.M., A MINOR                              **PLAINTIFF**

v.                                              **CIVIL ACTION NO.: 4:23CV97-DMB-DAS**

CITY OF INDIANOLA, MISSISSIPPI; CHIEF
RONALD SAMPSON, In His Individual and
Official Capacity; OFFICER GREG CAPERS,
In His Individual and Official Capacity; and,
JOHN DOES 1-5, In Their Individual and
Official Capacities                                              **DEFENDANTS**

<u>DEFENDANTS' REPLY IN SUPPORT OF</u>
<u>CONSOLIDATED MOTION FOR JUDGMENT ON THE PLEADINGS,</u>
<u>OR ALTERNATIVELY, FOR SUMMARY JUDGMENT</u>

**NOW COMES** Defendants, City of Indianola, Mississippi; Chief Ronald Sampson, in his

Individual and Official Capacities; and Officer Greg Capers, in his Individual and Official

Capacities, by and through counsel, and respectfully files this, their Reply in Support of Consolidated

Motion for Judgment on the Pleadings or Alternatively, for Summary Judgment, to-wit:

## I.  PREMISE

All of Plaintiffs' federal and state law claims must fail. Foremost, Plaintiffs' have abandoned

a number of claims, such as their duplicative official capacity claims against Officer Capers and

Chief Sampson. Moreover, Plaintiffs have not and cannot satisfy their burden of overcoming Officer

Capers' and Chief Sampson's qualified immunity because Plaintiffs' allegations amount to no more

than an unintentional shooting where an officer reasonably reacted to a potentially dangerous

situation and threat of serious harm, which does not constitute a constitutional violation under clearly

established law. Likewise, Plaintiffs' municipal and supervisory liability claims must fail as there

1

can be no such liability absent a constitutional violation and Plaintiffs' have again failed to identify any official policy, custom or practice of the City or Chief Sampson that was the moving force behind any alleged constitutional violation.

Furthermore, Plaintiffs do not dispute, and thereby concede, that Plaintiffs failed to comply with the notice requirements of *Miss. Code Ann*. §11-46-11(1), which bars their state law claims under the MTCA and requires dismissal of the state law claims in their entirety. Similarly, Plaintiffs do not dispute that Defendants are entitled to discretionary immunity pursuant to *Miss. Code Ann*. §11-46-9(1)(d). Thus, dismissal is warranted under *Fed. R. Civ P.* 12(c).

## II. ARGUMENT

### 1. Federal Law Claims

#### A. The Plaintiffs' Duplicative Official Capacity Claims Must Be Dismissed.

First, Plaintiffs do not deny that the official capacity claims against Officer Capers and Chief Sampson are merely duplicative of their claims against the City.[1] "A failure of a party's responsive brief to address arguments raised in a motion for summary judgment operates as a waiver of such argument."[2] Indeed, Plaintiffs' "failure to make arguments or offer proof in opposition to a properly supported motion for summary judgment on any claim constitutes an abandonment of that claim."[3]

---

[1] *Compare* Defs. Brief **[Doc. 63]** at 6-7 *with* Pltfs. Resp. Brief **[Doc. 80]** at 5-12.

[2] *Fried Alligator Films, LLC v. N.Y. Life Ins. Co.*, No. 4:16-CV-175-DMB-JMV, 2017 U.S. Dist. LEXIS 160858, at *39 (N.D. Miss. Sep. 29, 2017) (citing *Hensley v. Wal-Mart Stores Inc.*, 290 F. App'x. 742, 743-44 (5th Cir. 2008) (citing *Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 339-40 (5th Cir. 2005))).

[3] *Goree v. City of Verona*, No. 1:17-cv-93-SA-DAS, 2021 U.S. Dist. LEXIS 185429, at *13 (N.D. Miss. Sept. 28, 2021) *aff'd* No. 21-60911, 2022 U.S. App. LEXIS 23738 (5th Cir. Aug. 24, 2022); *Quinn v. Webster Cty.*, No. 1:21-CV-162-SA-DAS, 2023 U.S. Dist. LEXIS 54968, at *9 (N.D. Miss. Mar. 30, 2023).

2

Accordingly, Plaintiffs have abandoned their official capacity claims against Officer Capers and Chief Sampson, and these claims must be dismissed.

### B. Officer Capers and Chief Sampson Are Entitled to Qualified Immunity

Officer Capers and Chief Sampson are presumed to enjoy qualified immunity.[4] It was Plaintiffs burden to show that qualified immunity is not applicable.[5] To satisfy their burden, Plaintiffs were required to allege a violation of a constitutional right and show that "'the right was *clearly established* . . . in light of the *specific context of the case*'" in order to overcome the qualified immunity defense.[6] This, Plaintiffs have not, and cannot, do.

### 1. Plaintiffs Cannot Establish a Constitutional Violation

Critically, "**there is no Fourth Amendment violation in the absence of intentional conduct.**"[7] Under controlling law, an action by law enforcement must be intentionally—rather than accidentally— directed towards the plaintiff for that action to be deemed violative of the plaintiff's constitutional right to be free from excessive force.[8] Indeed, the Fourth Amendment addresses "misuse of power" and "not the accidental effects of otherwise lawful government conduct."[9] "*Negligent or accidental conduct by police officers does not rise to the level of a constitutional*

---

[4] *Trevino v. Hintz*, 751 Fed. Appx. 551 (5th Cir. 2018); *Foster v. City of Lake Jackson*, 28 F.3d 425, 428 (5th Cir. 1994).

[5] *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

[6] *Thompson v. Mercer,* 762 F.3d 433, 437 (5th Cir. 2014) (quoting *Saucier v. Katz*, 533 U.S. 194, 201, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001)) (emphasis added)

[7] *Gorman v. Sharp*, 892 F.3d 172, 173 (5th Cir. 2018) (emphasis added); *see also, Bryant v. Gillem*, 965 F.3d 387, 391 (5th Cir. 2020); *Pearce v. Doe*, 849 F. App'x 472, 475 (5th Cir. 2021);

[8] *See e.g., Brower v. County of Inyo*, 489 U.S. 593, 596 (1989) (reasoning that law enforcement action cannot be simultaneously unknowing and violative of constitutional rights); *Gorman*, 892 F.3d at 173; *Blair v. City of Dallas*, 666 F. App'x 337, 341 (5th Cir. 2016)

[9] *Brower*, 489 U.S. at 596.

3

*violation.*"[10] Therefore, "[t]o prevail on Plaintiffs' theory the shooting violated [their] Fourth Amendment rights, Plaintiffs must produce evidence that the shooting was **both _intentional_ and**

**_unreasonable_**."[11]

As emphasized by the Fifth Circuit, in analyzing an excessive force claim under the Fourth Amendment, it is not relevant whether an officer "intentionally shot a bullet" that hit the plaintiff; rather, the ultimate question is whether the officer *intended* to shoot *the plaintiff* specifically.[12] Where the use of force was intended towards a third party under circumstances where the use of force would not have been unreasonable as to that person and an officer "merely accidentally shot [the plaintiff], then all of the claims fail[.]"[13] Indeed, precedent clearly provides that where the officers' conduct is directed appropriately at the suspect but inadvertently injures an innocent person, there is no constitutional violation because the means were not deliberately applied to the victim.[14]

Notably, Plaintiffs do not dispute the dense authorities providing that their claims fail unless they can show the subject shooting was both intentional and deliberately directed at Plaintiff A.M.

---

[10] *Baskin v. City of Hous.*, No. 1:07CV58-SA-JAD, 2008 U.S. Dist. LEXIS 82455, at *7-8 (N.D. Miss. Oct. 16, 2008) *aff'd* 378 F. App'x 417 (5th Cir. 2010) (citing *Brower*, 596-97, 109 S. Ct. 1378) (emphasis added); *see also, McClendon v. City of Columbia*, 305 F.3d 314, 326 (5th Cir. 2002); *Dunn v. Lauderdale Cnty.*, No. 3:15CV352 DPJ-FKB, 2015 U.S. Dist. LEXIS 152309, *7 (N.D. Miss. Nov. 10, 2015); *Watson v. Bryant*, 532 F. App'x 453, 457 (5th Cir. 2013).

[11] *Baskin v. City of Hous.*, No. 1:07CV58-SA-JAD, 2008 U.S. Dist. LEXIS 82455, at *7-8 (N.D. Miss. Oct. 16, 2008) *aff'd* 378 F. App'x 417 (5th Cir. 2010) (citing *Brower*, 596-97, 109 S. Ct. 1378).

[12] *See e.g., Melvin v. Karman*, 550 F. App'x 218, 219-20 (5th Cir. 2013); *Blair v. City of Dallas*, 666 F. App'x 337, 342 (5th Cir. 2016) (quoting *Milstead v. Kibler*, 243 F.3d 157, 163-64 (4th Cir. 2001) (compiling cases) (other citations omitted); *Bryant v. Gillem*, 965 F.3d 387, 391-92 (5th Cir. 2020).

[13] *Melvin*, 550 F. App'x at 220.

[14] *Blair*, 666 F. App'x at 342 (quoting *Milstead v. Kibler*, 243 F.3d 157, 163-64 (4th Cir. 2001) (compiling cases) (other citations omitted).

as well as unreasonable.[15] Nor do Plaintiffs dispute that Officer Capers did not deliberately shoot Plaintiff A.M. as Officer Capers was not aware that anyone other than the suspect, Nolden, remained inside the residence.[16] Indeed, Plaintiffs do not dispute that when the individual ran directly at Officer Capers from the back room where he had been informed the suspect was located, the only reasonable inference in that moment was that the suspect was charging at him, a suspect with a violent criminal history who was engaged in violent criminal activity at that time and had attempted to prevent the victim from exiting the residence.[17] In fact, Plaintiffs do not dispute that the subject use of force was appropriately and reasonably directed at the suspect, Nolden.[18]

"A failure of a party's responsive brief to address arguments raised in a motion for summary judgment operates as a waiver of such argument."[19] Indeed, Plaintiffs' "failure to make arguments or offer proof in opposition to a properly supported motion for summary judgment on any claim constitutes an abandonment of that claim."[20] Thus, Plaintiffs claims all must fail because Plaintiffs have not, and cannot, establish that the shooting was **both _intentional_ and _unreasonable_**."[21]

Once again, Plaintiffs again merely allege that "Plaintiff A.M. was instantly shot by

---

[15] _See generally_, Pltfs. Resp. Brief **[Doc. 80]** at 5-9.

[16] _See generally_, Pltfs. Resp. Brief **[Doc. 80]** at 2-4 & 5-9.

[17] _Compare_ Pltfs. Resp. Brief **[Doc. 80]** at 5-9 _with_ Defs. Brief **[Doc. 63]** at 9-12.

[18] _See generally_, Pltfs. Resp. Brief **[Doc. 80]** at 2-4 & 5-9.

[19] _Fried Alligator Films_, 2017 U.S. Dist. LEXIS 160858, at *39 (citing _Hensley._, 290 F. App'x. at 743-44 (citing _Keelan_, 407 F.3d at 339-40)).

[20] _Goree,_ 2021 U.S. Dist. LEXIS 185429, at *13, _aff'd_ No. 21-60911, 2022 U.S. App. LEXIS 23738 (5th Cir. Aug. 24, 2022); _Quinn_, 2023 U.S. Dist. LEXIS 54968, at *9.

[21] _Baskin,_ 2008 U.S. Dist. LEXIS 82455, at *7-8, _aff'd_ 378 F. App'x 417 (5th Cir. 2010) (citing _Brower_, 596-97, 109 S. Ct. 1378).

Defendant Capers[.]"[22] Though Plaintiffs now also make the conclusory allegation that Officer Capers "intentionally shot Plaintiff A.M.[,]"[23] such a conclusory, threadbare allegation offered with no supporting record or legal citations cannot overcome qualified immunity.[24] Defendants have pointed to substantial support in the record making it obvious that Officer Capers did not intend to shoot A.M. Indeed, the entirety of Plaintiffs' argument is crouched in terms of negligence,[25] which simply cannot constitute a constitutional violation.[26]

Nonetheless, there is no genuine dispute as to the material facts here, and dismissal is warranted as Officer Capers' conduct was neither excessive nor unreasonable. Whether a particular use of force was "reasonable" "'must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.'"[27] Thus, the objective standard only considers reasonableness "in light of the facts and circumstances confronting [the officer][.]"[28] Indeed, the analysis "turns on objective reasonableness based on what *the officer saw.*"[29]

---

[22] Pltfs. Resp. Brief **[Doc. 80]** at 3 & 8.

[23] Pltfs. Resp. Brief **[Doc. 80]** at 8.

[24] *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949-50 (2009) (providing that a court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," which "do not permit the court to infer more than the mere possibility of misconduct.").

[25] Pltfs. Resp. Brief **[Doc. 80]** at 8.

[26] *Baskin,* 2008 U.S. Dist. LEXIS 82455, at *7-8 *aff'd* 378 F. App'x 417 (5th Cir. 2010) (citing *Brower,* 596-97, 109 S. Ct. 1378) ("Negligent or accidental conduct by police officers does not rise to the level of a constitutional violation.").

[27] *Trammell v. Fruge,* 868 F.3d 332, 340 (5th Cir. 2017)(quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

[28] *Mason v. Lafayette City-Parish Consol. Gov't*, 806 F.3d 268, 275 (5th Cir. 2015).

[29] *Guerra v. Bellino*, 703 F. App'x 312, 317 (5th Cir. 2017) (emphasis added).

6

Plaintiffs admit that "Defendant Capers was dispatched to Plaintiffs' residence as Plaintiff's Murry was in danger[;]"[30] There is no dispute that Officer Capers did not know that any children were present at the subject residence, nor is there any dispute that Officer Capers was aware that the residence had been the scene for dozens of violent, and sometimes armed, disputes between Plaintiff Nakala Murry and John Nolden.[31] Indeed, Plaintiffs do not dispute that Officer Capers **only** drew his firearm **after** being informed that Ms. Murry gave consent for them to kick in the door and after hearing Ms. Murry screaming from within the residence, yelling "let me go!"[32] Plaintiffs also do not dispute that Officer Capers reasonably believed that the individual charging at him was the suspect.[33]

The entirety of Plaintiffs' argument is crouched in terms of negligence based upon Plaintiffs' allegation that "[t]here was no reason for Defendant Capers' gun to be displayed or drawn."[34] Yet, Plaintiffs point to "no authority suggesting that an officer may not draw his weapon and keep it at the ready while dealing with an unsubdued arrestee who *potentially* retains access to a concealed weapon."[35] To the contrary, the Fourth Amendment "does not require police officers to wait until a suspect shoots to confirm that a serious threat of harm exists."[36] "'Use of deadly force is not unreasonable when an officer would have reason to *believe* that the suspect poses a threat of serious

---

[30] Pltfs. Resp. Brief **[Doc. 80]** at 7.

[31] *Compare* Pltfs. Resp. Brief **[Doc. 80]** at 5-9 *with* Defs. Brief **[Doc. 63]** at 9-16.

[32] *Compare* Pltfs. Resp. Brief **[Doc. 80]** at 5-9 *with* Defs. Brief **[Doc. 63]** at 9-16.

[33] *Compare* Pltfs. Resp. Brief **[Doc. 80]** at 5-9 *with* Defs. Brief **[Doc. 63]** at 9-16.

[34] Pltfs. Resp. Brief **[Doc. 80]** at 8.

[35] *Watson v. Bryant*, 532 F. App'x 453, 457 (5th Cir. 2013) (citing *Young v. City of Killeen*, 775 F.2d 1349, 1353 (5th Cir. 1985) ("[N]o right is guaranteed by federal law that one will be free from circumstances where he will be endangered by the misinterpretation of his acts.") (emphasis added).

[36] *Cole v. Carson,* 935 F.3d 444, 468 (5th Cir. 2019) (quoting *Ramirez v. Knoulton*, 542 F.3d 124, 130 (5th Cir. 2008) (quoting *Elliott v. Leavitt*, 99 F.3d 640, 643 (4th Cir. 1996))).

harm to the officer or others.'"[37] Stated differently, "'when the officer reasonably believes that the suspect poses a threat of serious harm[,]'" the "'officer's use of deadly force is not excessive, and thus no constitutional violation occurs[.]'"[38]

Numerous cases have established that an objectively reasonable officer could believe that a subject suddenly charging at him in the dark posed a threat of serious harm.[39] Undisputably, Officer Capers reasonably believed that the individual charging at him was the suspect with a violent criminal history, which included armed disputes, who was engaged in violent criminal activity at that time and had attempted to prevent the victim from exiting the residence.[40] When the individual charged at Officer Capers from the room where he had been informed the suspect was located, Officer Capers reacted upon his reasonable mistake about this individual's identity.

The Fourth Amendment permits both reasonable mistakes of law and fact.[41] "[S]ufficient probability, not certainty, is the touchstone of reasonableness under the Fourth Amendment[.]"[42] As explained in depth in Defendants' principal brief, Officer Capers acted objectively reasonably under

---

[37] *Ramirez*, 542 F.3d at 129 (quoting *Mace v. City of Palestine*, 333 F.3d 621, 624 (5th Cir. 2003)) (emphasis added).

[38] *Batyukova v. Doege,* 994 F.3d 717, 725 (5th Cir. 2021) (quoting *Manis v. Lawson*, 585 F.3d 839, 843 (5th Cir. 2009)).

[39] *See e.g.,* *Guerra v. Bellino*, 703 F. App'x 312, 317 (5th Cir. 2017); *Rockwell v. Brown*, 664 F.3d 985, 991-92 (5th Cir. 2011); *Renfroe v. Parker*, No. 3:18-CV-609-DPJ-LRA, 2020 U.S. Dist. LEXIS 200586, at *12-13 (S.D. Miss. Oct. 28, 2020), *aff'd,* No. 20-61101, 2022 U.S. App. LEXIS 6577 (5th Cir. Mar. 15, 2022); *Romero v. City of Grapevine*, 888 F.3d 170, 178 (5th Cir. 2018).

[40] *Compare* Pltfs. Resp. Brief **[Doc. 80]** at 5-9 *with* Defs. Brief **[Doc. 63]** at 9-16.

[41] *Carr v. Hoover*, 837 F. App'x 279, 284 (5th Cir. 2020) (citing *Heien v. North Carolina,* 574 U.S. 54, 61, 135 S. Ct. 530, 190 L. Ed. 2d 475 (2014); *Hill v. California*, 401 U.S. 797, 804, 91 S. Ct. 1106, 28 L. Ed. 2d 484 (1971)).

[42] *McAllister v. Desoto Cnty.*, 470 F. App'x 313, 320 (5th Cir. 2012) (quoting *Hill*, 401 U.S. at 804).

8

the circumstances known to him. As Plaintiffs repeatedly characterizes Officer Capers' conduct as negligent in nature rather than intentional, both Plaintiffs' Fourth or Fourteenth Amendment claims must fail. Dismissal is proper.

### 2. The Constitutional Violations Alleged Are not Clearly Established.

It was Plaintiffs' burden to show that qualified immunity should not apply by pointing this Court to a sufficiently similar case which would have placed the alleged constitutional violations beyond debate.[43] Plaintiffs have failed to approach, let alone meet, this burden. Because an officer "cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it[,]"[44] all of Plaintiffs' claims fail and must be dismissed.

Plaintiffs Response makes perfectly clear that Plaintiffs are unable to demonstrate any "'existing precedent [that] place[s] the . . . constitutional question[s] *beyond debate.*'"[45] Rather, Plaintiffs merely state that "[i]t should also be noted that the Fifth Circuit has provided "[t]he law can be clearly established 'despite notable factual distinctions between the precedents relied on and the cases then before the Court, so long as the prior decisions gave reasonable warning that the conduct then at issue violated constitutional rights.'"[46] This does not suffice to overcome the numerous, clear authorities previously cited by Defendants clearly establishing that Officer Capers did not violate Plaintiffs' constitutional rights, and that Officer Capers and Chief Sampson are

---

[43] *Jamison v. McClendon*, 476 F. Supp. 3d 386, 416 (S.D. Miss. 2020) (citations omitted)).

[44] *Plumhoff v. Rickard*, 572 U.S. 765, 778–79 (2014).

[45] *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011) (emphasis in original) (en banc).

[46] Pltfs. Resp. Brief **[Doc. 80]** at 8 (quoting *Ramirez v. Martinez*, 716 F.3d 369, 379 (5th Cir. 2013) (quoting *Kinney v. Weaver*, 367 F.3d 337, 350 (5th Cir. 2004) (en banc))).

9

entitled to qualified immunity.[47]

Indeed, "fair notice" requires clearly established law, meaning "the law must 'clearly prohibit the officer's conduct in the particular circumstances before him' so 'every reasonable official" knows not to engage in that conduct.'"[48] Importantly, Plaintiffs have failed to identify, cite, or otherwise even suggest a single case in existence that supports their arguments or claims.[49] Nonetheless, "[i]t is [Plaintiffs'] burden to find a case in his favor that does not define the law at a high level of generality."[50] To meet his high burden, Plaintiffs were required to "point to controlling authority—or a robust consensus of persuasive authority—that defines the contours of the right in question with a high degree of particularity."[51] As demonstrated by Defendants' cases in support of the constitutionality of Officer Capers' actions, Plaintiffs simply cannot do this. Accordingly, Defendants are entitled to dismissal

### C.    Plaintiff Cannot State a Plausible Municipal or  Supervisory Liability Claim.

Similarly, Plaintiffs yet again fail outright to identify with any form of particularity some municipal policy or custom that served as the moving force for the alleged constitutional violations.[52] This is because they cannot do so. Rather, Plaintiffs' argument is precisely that which this Court and the Fifth Circuit have repeatedly determined fails to state a plausible claim for municipal liability as Plaintiffs have asserted no more than a conclusory assumption that, because they believe their

---

[47] *See* Defs. Brief **[Doc. 63]** at 7-17.

[48] *Nerio v. Evans*, 974 F.3d 571, 575 (5th Cir. 2020) (quoting *District of Columbia v. Wesby*, 138 S. Ct. 577, 590, 199 L. Ed. 2d 453 (2018)).

[49] *See generally,* Pltf. Resp. Brief **[Doc. 80]**.

[50] *Jamison*, 476 F. Supp. 3d at 416 (quoting *Rich v. Palko*, 920 F.3d 288, 294 (5th Cir. 2019)).

[51] *Id*. (quoting *McLin v. Ard*, 866 F.3d 682, 696 (5th Cir. 2017)).

[52] *See generally,* Pltf. Resp. Brief **[Doc. 80]**.

10

constitutional rights were violated in this instance, "that such actions and/or omissions were so common and well settled as to constitute a custom that fairly represents municipal policy."[53] This argument fails as a matter of law.

Critically, "each and any policy which allegedly caused constitutional violations must be ***specifically identified by a plaintiff***[.]"[54] "The simple allegation that a 'policy or custom' existed, without reference to a specific policy or custom, is precisely the sort of formulaic pleading that does not pass muster under *Iqbal*."[55] Thus, Plaintiffs were also required to allege and specifically identify an official policy that was the moving force behind the alleged constitutional rights violation.[56] Importantly, "'[t]he description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts.'"[57] Plaintiffs make no attempt to identify any municipal policy or custom, but instead merely advance a conclusory theory of assumption, which fails outright. As Plaintiffs' allegations "plainly fail under *Iqbal*[,]"[58] dismissal of Plaintiffs' federal law claims is warranted.

Moreover, Plaintiffs do not dispute that the IPD policies here were clearly constitutional and

---

[53] Pltf. Resp. Brief **[Doc. 80]** at 9-10.

[54] *Elkins v. McKenzie*, 865 So. 2d 1065, 1074 (Miss. 2003); *Doe v. Harris County*, 751 F. App'x 545, 549 (5th Cir. 2018) (quoting *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 403, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997)).

[55] *Doe*, 751 F. App'x at 550; *see also, Whitley v. Hanna*, 726 F.3d 631, 649 (5th Cir. 2013) (providng that a complaint that "makes no specific factual allegations of the county's policies and simply adds the words "policies, practices, and/or customs" to perceived wrongs is insufficient to survive dismissal).

[56] *Armstrong v. Ashley*, 60 F.4th 262, 276 (5th Cir. 2023) (citing *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003)).

[57] *Beaulieu v. Lavigne*, 539 F. App'x 421, 425 (5th Cir. 2013) (quoting *Spiller v. City of Texas City, Police Dept.*, 130 F.3d 162, 167 (5th Cir. 1997)).

[58] *Doe*, 751 F. App'x at 550.

Officer Capers complied with the policies at all times.[59] Plaintiffs merely state in their Response that "It is pertinent to note that there are several suits filed against Defendant due to their violations of individuals' constitutional rights, which again illustrates a custom."[60] However, what Plaintiffs meant to state is that Plaintiffs' counsel has filed exactly one (1) other lawsuit against Defendants for alleged constitutional violations in an entirely different set of circumstances.[61] Nonetheless, to survive on such an unofficial custom argument, Plaintiff were required to identify "'sufficiently numerous prior incidents,' as opposed to 'isolated instances[,]'" and those prior incidents must be both similar and specific to the alleged violation in question.[62] This argument fails as a matter of law.

Furthermore, Plaintiffs have once again failed to point to any personal involvement by Chief Sampson, which was required to attach any supervisory liability to him.[63] At most, Plaintiffs have again merely set forth "'a formulaic recitation of the elements of [their] cause of action,'" and "'naked assertion[s]' devoid of 'further factual enhancement[,]'"[64] which this Court is not allowed to accept in the place of well pleaded facts.[65] Likewise, Plaintiffs unsupported arguments as to their failure to train and supervise claims fails as Plaintiffs have not, and cannot, satisfied their burden to

---

[59] *Compare* Pltfs. Resp. Brief **[Doc. 80]** at 9-12 *with* Defs. Brief **[Doc. 63]** at 20.

[60] Pltfs. Resp. Brief **[Doc. 80]** at 10.

[61] *See* Defs. Resp. In Opp. To Pltfs. Mot. For Leave to Amend **[Doc. 64]** at 7; *Franklin v. City of Indianola, Mississippi et al.*, 4:23-cv-00165-SA-JMV (N.D. Miss. Nov. 10, 2023).

[62] *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 850-51 (5th Cir. 2009) (quoting *McConney v. City of Houston*, 863 F.2d 1180, 1184 (5th Cir. 1989)).

[63] *See e.g., Tomasella v. Kaufman Cty. Child Support*, No. 22-10760, 2022 U.S. App. LEXIS 35011, at *7 (5th Cir. Dec. 19, 2022) (citing *Stewart v. Murphy,* 174 F.3d 530, 536 (5th Cir. 1999)).

[64] *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555 & 557).

[65] *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted).

"'allege with specificity how a particular training program is defective[,]'"[66] nor to allege with specificity how the supervision at hand was inadequate.[67] Indeed, Plaintiffs do not dispute that Officer Capers was trained in accordance with state law,[68] which further eliminates their failure to train claims as a matter of law. As such, Plaintiffs' federal law claims must be dismissed.

## 2.     State Law Claims

### A.     Plaintiff's State Law Claims Are Procedurally Barred.

All of Plaintiffs' state law claims are procedurally barred and must be dismissed. As Plaintiffs did not wait the required 90 days to file suit, Plaintiffs failed to comply with *Miss. Code Ann*. §11-46-11(1). Similarly, Plaintiffs' notice letter does not satisfy the content requirements set forth by *Miss. Code Ann*. §11-46-11(2)(b), mandating dismissal.  Because Plaintiffs do not dispute that they failed to comply with the MTCA's mandatory pre-suit notice requirements under *Miss. Code Ann*. §11-46-11,[69] Plaintiffs have abandoned their MTCA claims as a matter of law.[70] Thus, dismissal is required.

### B.     Defendants Are Immune To All of Plaintiff's State Law Claims.

Because Plaintiffs state law claims are procedurally barred under the MTCA's mandatory pre-suit notice requirements under *Miss. Code Ann*. §11-46-11, there is no need to further address

---

[66] *Clyce v. Hunt Cty*., 515 F. App'x 319, 323 (5th Cir. 2013) (quoting *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 170 (5th Cir. 2010) (quoting *Roberts v. City of Shreveport*, 397 F.3d at 287, 293 (5th Cir. 2005))).

[67] *Id.* (quoting *Connick v. Thompson*, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011)).

[68]  Compare  Pltfs. Resp. Brief **[Doc. 80]** at 9-12 *with*  Defs. Brief **[Doc. 63]** at 22.

[69] *Compare*  Pltfs. Resp. Brief **[Doc. 80]** at 12-18 *with* Defs. Brief **[Doc. 63]** at 23-26.

[70] *Fried Alligator Films*, 2017 U.S. Dist. LEXIS 160858, at *39 (citing *Hensley*, 290 F. App'x. at 743-44 (citing *Keelan*, 407 F.3d at 339-40); *Goree*, 2021 U.S. Dist. LEXIS 185429, at *13 *aff'd* No. 21-60911, 2022 U.S. App. LEXIS 23738 (5th Cir. Aug. 24, 2022); *Quinn*.,  2023 U.S. Dist. LEXIS 54968, at *9.

Defendants' immunity under the MTCA. Nonetheless, Plaintiffs have failed outright to point to any legal authorities or record citations sufficient to overcome Defendants' immunity. As to law enforcement immunity pursuant to §11-46-9(1)(c), Plaintiffs merely present the conclusory, threadbare assertion that Defendants acted with reckless disregard, but this is insufficient to overcome Defendants' immunity.[71] As discussed in depth in Defendants' principal brief, no Defendant acted with reckless disregard; therefore, Defendants are immune under §11-46-9(1)(c).

Importantly, Defendants are immune from all of Plaintiffs state law claims pursuant to discretionary immunity under *Miss. Code Ann.* §11-46-9(1)(d). Plaintiffs do not dispute that Defendants are immune under *Miss. Code Ann.* §11-46-9(1)(d) in their Response.[72] Accordingly, Plaintiffs have waived any arguments against discretionary immunity and conceded that Defendants are entitled to the same.[73] Therefore, dismissal is necessary.

### C. Plaintiffs' Remaining State Claims Fail as a Matter of Law

Plaintiffs' remaining claims of civil assault and battery, intentional infliction of emotional distress, abuse of process, and common law tort of outrage must also fail. Plaintiffs do not, nor could they, refute that these claims must be dismissed as to the City of Indianola as a matter of law.[74] Furthermore, Plaintiffs again admit that Officer Capers and Chief Sampson solely acted in the course

---

[71] *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949-50 (2009) (providing that a court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," which "do not permit the court to infer more than the mere possibility of misconduct.").

[72] *Compare* Pltfs. Resp. Brief **[Doc. 80]** at 12-18 *with* Defs. Brief **[Doc. 63]** at 26-30.

[73] *Fried Alligator Films*, 2017 U.S. Dist. LEXIS 160858, at *39 (citing *Hensley*, 290 F. App'x. at 743-44 (citing *Keelan*, 407 F.3d at 339-40); *Goree*, 2021 U.S. Dist. LEXIS 185429, at *13 *aff'd* No. 21-60911, 2022 U.S. App. LEXIS 23738 (5th Cir. Aug. 24, 2022); *Quinn*., 2023 U.S. Dist. LEXIS 54968, at *9.

[74] *Compare* Pltfs. Resp. Brief **[Doc. 80]** at 12-18 *with* Defs. Brief **[Doc. 63]** at 30-32; *see also, Miss. Code Ann.* § 11-46-5(2).

14

and scope of their employment at all relevant times.[75] As such, the remaining claims should be dismissed outright—Plaintiff cannot claim on one hand that Officer Capers and Chief Sampson were on duty, and on the other, that they were acting outside the course and scope of employment. Plaintiffs do not dispute that under the MTCA, "no employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties."[76] Therefore, dismissal of Plaintiffs' remaining state law claims is warranted.

Furthermore, Plaintiffs' Response merely addresses their claims for assault, battery, and emotional distress through a "'formulaic recitation of the elements of [their] cause of action,'" and "'naked assertion[s]' devoid of 'further factual enhancement[,]'"[77] which this Court is not allowed to accept in the place of well pleaded facts.[78] However, Plaintiffs fail entirely to address their claims for reckless endangerment,[79] abuse of process,[80] and common law tort of outrage.[81] Accordingly, Plaintiffs have abandoned those claims,[82] and dismissal is proper as a matter of law.

### D.    Plaintiff's Claims For Miscellaneous Relief Are Barred by the MTCA.

Plaintiffs' requests for a jury trial, attorney's fees, joint and several liability, and punitive

---

[75] *See* Pltf. Resp. Brief **[Doc. 80]** at 12-14.

[76] *See* Pltf. Resp. Brief **[Doc. 80]** at 12-14; *Miss. Code Ann.* §11-46-7(2).

[77] *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555 & 557).

[78] *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted).

[79] Compl. **[Doc. 1]** at ¶¶ 29-30.

[80]  Compl. **[Doc. 1]** at ¶¶ 35-39

[81] Compl. **[Doc. 1]** at ¶¶ 52-54.

[82] *Fried Alligator Films*, 2017 U.S. Dist. LEXIS 160858, at *39 (citing *Hensley*, 290 F. App'x. at 743-44 (citing *Keelan*, 407 F.3d at 339-40); *Goree*, 2021 U.S. Dist. LEXIS 185429, at *13 *aff'd* No. 21-60911, 2022 U.S. App. LEXIS 23738 (5th Cir. Aug. 24, 2022); *Quinn*., 2023 U.S. Dist. LEXIS 54968, at *9.

damages under State law are barred by the MTCA. Plaintiffs do not dispute that the MTCA bars these requests.[83] Once again, these claims must be dismissed.

Furthermore, punitive damages are not available here under §1983 as Plaintiffs have not, and cannot, show that any Defendant's conduct was "motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others."[84] Plaintiffs have conceded that Officer Capers did not deliberately shoot Plaintiff A.M. as Officer Capers was not aware that anyone other than the suspect, Nolden, remained inside the residence.[85] Additionally, Plaintiffs have conceded that Officer Capers was not aware that any children were in the residence.[86] As such, because Plaintiffs have waived any such arguments to support any claim for punitive damages, dismissal of the same is proper.

## III. CONCLUSION

For the reasons stated hereinabove and in their Consolidated Motion for Judgment on the Pleadings, or Alternatively for Summary Judgment, Defendants respectfully request this Court dismiss all of Plaintiff's state law and federal claims under *Fed. R. Civ. P.* 12(c).

**RESPECTFULLY SUBMITTED,** this the 8th day of January, 2024.

**JACKS GRIFFITH LUCIANO, P.A.**

By:     /s/ *M. Mckenzie W. Price*
              M. Mckenzie W. Price, MS Bar No. 106538
              Daniel J. Griffith, MS Bar No. 8366
              Mary McKay Griffith, MS Bar No. 100785

---

[83] *Compare* Pltfs. Resp. Brief **[Doc. 80]** at 17-18 *with* Defs. Brief **[Doc. 63]** at 30-33; *see also, Miss. Code Ann.* § 11-46-13, § 11-46-15(2), & §85-5-7(6).

[84] *Smith v. Wade*, 461 U.S. 30, 56 (1983)

[85] *See generally*, Pltfs. Resp. Brief **[Doc. 80]** at 2-4 & 5-9.

[86] *Compare* Pltfs. Resp. Brief **[Doc. 80]** at 5-9 *with* Defs. Brief **[Doc. 63]** at 9-16.

16

Attorneys for Defendants City of Indianola, Mississippi; Chief Ronald Sampson, in his Individual and Official Capacity; and, Officer Greg Capers, in his Individual and Official Capacity

Of Counsel:

**JACKS GRIFFITH LUCIANO, P.A.**
150 North Sharpe Street
P.O. Box 1209
Cleveland, MS 38732
Phone: (662) 843-6171
Fax: (662) 843-6176
Email: mprice@jlpalaw.com
         dgriffith@jlpalaw.com
         mgriffith@jlpalaw.com


Kimberly J. Merchant, Esq.
549 South Washington Ave.
Greenville, MS 38701
Cell: (662) 347-3921
Work: (662) 577-4527
Email: kimjmerchant@gmail.com
City Attorney

17

## CERTIFICATE OF SERVICE

I, M. Mckenzie W. Price, attorney of record for Defendants, City of Indianola, Mississippi, Chief Ronald Sampson, in his Individual and Official Capacity, and, Officer Greg Capers, in his Individual and Official Capacity, do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Defendants' Reply in Support of Consolidated Motion for Judgment on the Pleadings or in the Alternative, for Summary Judgment,* to be delivered by the ECF Filing System to the following:

> Carlos E. Moore, Esq.
> The Cochran Firm - MS Delta
> Email: cmoore@cochranfirm.com
> **Attorney for Plaintiff**

**DATED** this 8th day of January, 2024.

/s/ *M. Mckenzie W. Price*
M. Mckenzie W. Price

18