IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**NAKALA MURRY, Individually
And on behalf of her son,
A.M., a minor**                                                     **PLAINTIFFS**

**V.**                                              **CIVIL ACTION NO. 4:23cv-97-NBB-DAS**

**CITY OF INDIANOLA, MISSISSIPPI, et al.**                             **DEFENDANTS**

## ORDER DENYING MOTION TO AMEND

In the face of the defendants' motion to dismiss her complaint, in part based on the failure to comply with the pre-suit requirements of the Mississippi Torts Claim Act, the plaintiff has moved to amend her complaint. In support she asserts that she forwarded a notice of claim to the defendants on May 23, 2023. On May 30, 2023, the plaintiff filed her complaint.

Conceding that she did not wait the ninety days required by Mississippi law before filing her complaint, she asks that should the court dismiss the state law claims because of her premature filing, that she be allowed to amend the complaint to reassert the state law claims. She also asserts that more than ninety days have now passed since the notice of claim was forwarded to the defense.

The defendants oppose the motion to amend as futile, asserting the failure to comply with the mandatory pre-suit notice requirements of the Mississippi Tort Claims Act. The defense notes that the proposed amended complaint is identical to the original complaint. They assert that the failure to comply with the pre-suit notice requirements cannot be cured by an amendment. The defendants' response clearly questions whether any notice of claim has been provided and flatly states that no notice of claim as to Capers was sent. The defendants point out that the ninety-day requirement is strictly enforced and the failure to comply results in sovereign

immunity remaining intact and failing to trigger the statutory waiver. *Thomas v. Madison County,* 2021 WL 6804097 (S.D. Miss. Mar 29, 2021). The defendants assert that the failure to comply mandates dismissal of state law claims with prejudice.

The court notes first that a motion to amend contingent upon the court's ruling on the motion to dismiss is premature. The court may well allow an amendment if it dismisses for failure to state a claim or other pleading flaw. If the underlying facts or circumstances relied upon by the plaintiff may provide a basis for relief, she may be provided the opportunity to have her claims determined on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F. 3d 305, 329 (5th Cir. 2002)).[1]

Additionally, the plaintiff fails to cite any authority to support her position that the failure to comply with the statute can be cured by allowing an amendment that restates the original complaint. Amending the complaint now does not alter the date of the filing of this action, assuming Murry has properly served notices of claim, a fact clearly not conceded by the defense. Because the subject incident occurred on May 20, 2023, the period of limitations has not expired. It, therefore, appears that the plaintiff may have the ability to restart the notice process, though it appears that this procedural cure will likely require a separate lawsuit.

Accordingly, the court denies the motion to amend as premature.

**SO ORDERED** this the 9th day of January, 2024.

                                                    /s/ David A. Sanders
                                                  **UNITED STATES MAGISTRATE JUDGE**

---

[1] "[O]ur cases support the premise that "[g]ranting leave to amend is especially appropriate ... when the trial court has dismissed the complaint for failure to state a claim [,]" *Griggs v. Hinds Junior College,* 563 F.2d 179, 180 (5th Cir.1977) (addressing Rule 12(b)(6) dismissal).