IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**NAKALA MURRY, Individually
And on behalf of her son,
A.M., a minor**                                                                                                                                            **PLAINTIFFS**

**V.**                                                                               **CIVIL ACTION NO. 4:23cv-97-NBB-DAS**

**CITY OF INDIANOLA, MISSISSIPPI, et al.**                                           **DEFENDANTS**

## ORDER DENYING MOTION TO AMEND

Since the filing of defendants' motions for summary judgment or for judgment on the pleadings, the plaintiff in addition to filing her response, has filed two separate motions to amend her complaint and one motion for leave to submit a supplemental response. The court rejected the first motion to amend the complaint as premature. The motion for leave to supplement the response remains pending. The court now has before it the plaintiff's second motion to amend her complaint. The defendants' dispositive motion remains pending.

The plaintiff did not submit a supporting memorandum with this motion, and the defendant opposes the motion because of this failure. The local rules require the filing of a brief in support of every motion before the court. L.U.Civ.R. 7(b)(4). The local rules also require the moving party to advise the court on every non-dispositive motion whether the motion is opposed. L.U.Civ. R. 7(b)(10). Here, the plaintiff states, in her motion, that counsel opposite had been queried, but not responded on the question of opposition to the motion. The court is left to guess if the plaintiff did not allow adequate time for a response from the defendant, or if the defendant

failed to timely respond, so that this required information could be provided to the court. However, given the still pending dispositive motion and the defendants' opposition to the earlier motion to amend, opposition should have been anticipated.

The plaintiff requested waiver of the briefing requirement, but the absence of an initial brief potentially prejudices the non-moving party and may trigger an unnecessarily lengthy response because the non-moving party is responding in the blind. Waivers of briefing requirements should not be requested or anticipated on contested, substantive motions like the present one. For failure to comply with the local rules, denial of the motion would be appropriate.

The defense has again opposed the motion to amend as premature, and further argues it is an attempt to submit a surreply to their dispositive motion. The motion to amend seeks to add two paragraphs. One paragraph adds an allegation that the defendants were at relevant times acting under color of law. A second paragraph seeks to add conclusory allegations of official policy, custom, and procedure of the city being the moving force and cause of the constitutional violation.

Added to the pending motion for leave to supplement the plaintiffs' response to the dispositive motion, an amendment of the complaint at this time would amount to a surreply. An amended complaint would likely trigger further briefing and/or piecemeal consideration of the dispositive motion.

The court finds that this motion to amend, like the first one, is premature. Should the court find the original pleadings are flawed, it can allow any necessary amendments. .

**IT IS ORDERED** that the motion to amend is denied as premature.

**SO ORDERED** this the 1st day of May, 2024.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**