# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**NAKALA MURRY,** *Individually and*
*On Behalf of her Son,* **, A.M., A MINOR**　　　　　　　　　　　　　　**PLANTIFF**

**v.**　　　　　　　　　　　　　　　　　　**Cause No.: 4:23CV97-DMB-DAS**

**CITY OF INDIANOLA, MISSISSIPPI, CHIEF
RONALD SAMPSON, In His Individual and
Official Capacity, OFFICER GREG CAPERS,
In His Individual and Official Capacity, and
JOHN DOES 1-5, In Their Individual and
Official Capacities**　　　　　　　　　　　　　　　　**DEFENDANTS**

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND COMPLAINT

COMES NOW, Nakala Murry, Individually and on behalf of her son, A.M., a minor, and files this, her memorandum in support of her Motion to Amend Complaint. Plaintiff shows this Honorable Court, to-wit:

### FACTUAL BACKGROUND

Plaintiff commenced the instant action as a result of the Defendants' conduct in causing the injury of A.M., a minor. On or about May 20, 2023 at approximately 4:00 a.m., Plaintiff Murry received an unexpected visit from an irate father of one of her minor children. At this time, the only people at the residence were Plaintiff Murry, her two minor children, and her nephew (also a minor). Plaintiff Murry instructed her son, Plaintiff A.M., to call the police because she feared for her and the children's safety. Subsequently, Defendant Officer Capers arrived to Plaintiffs' residence with his firearm drawn at the front door and asked everyone inside of the residence to come outside. As Plaintiff A.M. was coming around the corner of the hallway that led into the living room area, he was instantly shot by Defendant Officer Capers. On May 30, 2023, Plaintiff filed a complaint in the United States District Court for the Northern District of Mississippi. In

response, Defendants filed an "Answer and Affirmative Defenses" on August 4, 2023. Sequentially, on December 5, 2023, Defendants filed a "Consolidated Motion for Judgment on the Pleadings, or Alternatively, for Summary Judgment," whereby the Court granted with the condition in permitting Plaintiff leave to amend the complaint. Plaintiff hereby produces this memorandum in support of her Motion to Amend.

## LAW & ARGUMENT

The court's discretion in granting leave to amend is guided by several factors, including the futility of the amendment, the party's repeated failure to cure deficiencies by previous amendments, undue delay, or bad faith. *Abdee Sharifan v. Neogenis Labs, Inc.*, 622 F. Supp. 3d 478 (S.D. Tex. 2022). The 5th Circuit has emphasized that while there is a bias in favor of granting leave to amend, it is not automatic, and the court can deny a motion to amend if it finds that the amendment would be futile or if there has been undue delay. *Id*.

**I.  Plaintiff satisfies the pleading standard for 1983 claims.**

To support a claim based upon the existence of an official custom or policy, the Plaintiff must plead facts which show that: 1) a policy or custom existed; 2) the governmental policy makers actually or constructively knew of its existence; 3) a constitutional violation occurred; and 4) the custom or policy served as the moving force behind the violation. *Meadowbriar Home for Children, Inc. v. G.B. Gunn*, 81 F.3d 521, 532-33 (5th Cir. 1996)(citing Palmer, 810 F.2d at 516).

Plaintiffs must first allege facts sufficient to show, if proven, that Defendant City, through its policy makers, formulated or had constructive knowledge of an official policy that sanctioned or encouraged a deprivation of rights protected by the Constitution. *See Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984).

The generic pleading requirements of Rule 8(a) governs section 1983 suits against municipalities and individual defendants in their official capacities. *Anderson v. Pasadena Indep. Sch. Dist.*, 184 F.3d 439, 443 (5th Cir. 1999). Plaintiff need only provide a short and plain statement of the claim that will give Defendants fair notice of what Plaintiff's claim is and the ground upon which it rests." *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993). *In Leatherman*, the Supreme Court held that federal courts could not apply a "heightened pleading standard" to municipalities and public officials sued in their official capacities. *Id.* at 165, 166-67.

Plaintiff's proposed amended complaint satisfies these pleading standards, by providing more than sufficient allegations to give rise that the official, established policy was violated by Defendants' misconduct.

II. **Plaintiff has demonstrated the inapplicability of the qualified immunity defense.**

There is a heightened pleading standard for cases brought under 42 U.S.C.S. § 1983. *Carbajal v. Larpenter*, No. 16-12870, 2017 U.S. Dist. LEXIS 143916, at *1 (E.D. La. Sep. 6, 2017). When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense. *Id*. In discharging this burden the plaintiff must satisfy a two-prong test. *Id*. The plaintiff must allege that defendants committed a constitutional violation under current law, and that defendants actions were objectively unreasonable in light of the law that was clearly established at the time of the actions complained of. *Id*. For the law to be clearly established at the time of the action, the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. *Id*.

Here Plaintiff clearly pleads both 4th Amendment and 14th Amendment violations in the proposed amended complaint by establishing that the constitutional rights existed before the

shooting of A.M. by Defendant Capers occurred, and that a reasonable officer would have known his actions violated those constitutional rights.

III. **Plaintiff's amendment is not futile, and provides sufficient evidence that Plaintiff may recover from her claims.**

Plaintiff's amendment is not futile. Plaintiff's proposed amended complaint provides clear evidence that there was an official policy or custom in place, the governmental policy makers knew of the existence, a constitutional violation occurred, and the custom or the policy served as the moving force behind the violation. Plaintiff's proposed amended complaint states these facts with particularity and does not state them in conclusory form.

IV. **Plaintiff's amendment does not prejudice Defendants.**

Plaintiff's amendment does not prejudice Defendants. Plaintiff's amendment simply clarifies with particularity the events that unfolded leading up to the incident. Plaintiff's proposed amended complaint cannot be said to be vague.

## CONCLUSION

In sum, Plaintiff's amendment is not futile, nor does it cause undue prejudice to the Defendants. For the reasons set forth above, Plaintiff's Motion to Amend Complaint should be granted, as she sufficiently satisfies all pleading standards at this stage.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully provides this memorandum in support of her motion and requests that the court GRANT her Motion to Amend Complaint.

Respectfully submitted, this, the 1st day of August 2024.

>  */s/ Carlos E. Moore*
> Carlos E. Moore MSB #100685

**OF COUNSEL:**

**CARLOS MOORE LAW GROUP**
306 Branscome Drive
P.O. Box 1487
Grenada, MS 38902-1487
662-227-9940 – phone
662-227-9941 – fax
Carlos@MoorebyMoore.com

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have this date, electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will operate to provide notice of this filing to *all counsel of record* in this case.

Dated: August 1, 2024.

*/s/ Carlos E. Moore*