IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISPPI
GREENVILLE DIVISION

**NAKALA MURRY, et al.**
    **PLAINTIFFS**

VS.                                                               NO.: 4:23-cv-97-NBB-DAS

**CITY OF INDIANOLA, MS, et al.**
    **DEFENDANTS**

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PENDING MOTION TO FILE AMENDED COMPLAINT AND FOR LEAVE TO FILE A RENEWED MOTION TO AMEND

**Comes now**, Plaintiff, by and through counsel, and respectfully files this, her Memorandum in Support of Motion to Strike Pending Motion to File Amended Complaint (Doc. 98) and for Leave to File a Renewed Motion to Amend her Complaint on or before October 4, 2024. In support of this Motion, Plaintiff states as follows:

1. As of today, September 11, 2024, Plaintiff has retained new counsel to represent her in this matter. She has discharged her prior counsel, who pursuant to this Court's July 19, 2024 order (Doc. 97), filed a Motion to Amend Plaintiff's Complaint (Doc.98). Defendants filed an opposition to Plaintiff's proposed amended complaint, arguing, *inter alia*, that the Plaintiff's proposed amended complaint contains incurable defects. (Doc. 101 at 3).

2. Plaintiff, through her newly retained undersigned counsel respectfully requests that this Court grant them two and a half weeks to file a renewed Motion

for Leave to Amend with a revised proposed Amended Complaint. This additional time is necessary for undersigned Counsel to evaluate the record developed in this case to date, and to craft a pleading responsive to some of the alleged deficiencies asserted by the Defendants in their most recent filing. Should this Motion be well taken, Plaintiff also requests that the Court strike Plaintiff's pending Motion to Amend. (Doc. 98).

3. Undersigned counsel recognize that this request may require additional briefing and create some delay in these proceedings. However, Plaintiff's request—to file a renewed Motion for Leave to Amend Plaintiff's Complaint— is consistent with the requirements of Fed. R. Civ. P. 15(a), which provides that leave to amend "shall be freely given when justice so requires." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir.1981). Courts should generally deny such a motion only upon a finding of "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). None of those factors exist here. Undersigned counsel entered their appearance and contemporaneously requested a new deadline for filing a proposed amended complaint.

4. Further, Courts routinely grant the relief sought here by the Plaintiff in analogous situations. *See Est. of Davis v. LaRoda*, No. 3:08-CV-0008-P, 2011 WL 13199130, at *2 (N.D. Tex. Jan. 19, 2011) (permitting Plaintiff to file an amended

complaint six months past the deadline after Plaintiff retained new counsel who "acted with reasonable diligence in filing his notice of appearance and moving for leave to amend"); *Jimenez v. Trucking*, No. A-15-CA-0025-LY, 2015 WL 12734047, at *2 (W.D. Tex. Dec. 30, 2015) (permitting Plaintiffs leave to amend complaint because where "no depositions have been completed, the court [found] that the proposed amended complaint does not make any amendments that occur so late in the proceedings as to be unduly prejudicial to Defendants"); *Majestic Offshore, LLC v. In-Depth Offshore Techs. Int'l, Inc.*, No. CIV.A. 10-384-JJB, 2011 WL 903759, at *1 (M.D. La. Mar. 15, 2011) (failure to meet a deadline to amend was reasonable and Defendants would suffer no prejudice from the out of time filing); *Lee v. Sw. Airlines Co.*, No. CV H-21-1901, 2023 WL 5211039, at *2 (S.D. Tex. July 27, 2023), *report and recommendation adopted*, No. 4:21-CV-01901, 2023 WL 5216800 (S.D. Tex. Aug. 11, 2023) (permitting newly retained counsel time sufficient to file an amended complaint).

## CONCLUSION

For the reasons stated more fully above, Plaintiff respectfully requests leave to file a Motion for Leave to File an Amended Complaint on or before October 4, 2024. Further, Plaintiff respectfully requests that the Court strike Plaintiff's pending Motion to Amend.

Respectfully submitted:

**NAKALA MURRY**

By: /s/ Sheila A. Bedi
Sheila A. Bedi, MS. Bar # 101652

        Community Justice Clinic
        Northwestern Pritzker School of Law
        375 East Chicago Avenue
        Chicago, IL 60611-3609
        312-503-8576

        <u>/s/ G. Flint Taylor</u>
        G. Flint Taylor, Nora Synder, Ben H. Elson***
        People's Law Office
        1180 N. Milwaukee Ave.
        Chicago, IL 60642
        773-235-0070

        Counsel for Plaintiffs

        **pro hac vice motions pending forthcoming

## **CERTIFICATE OF SERVICE**

    The undersigned, an attorney, certifies that the foregoing document was electronically served on all counsel who have filed appearances in this case via the Court's CM/ECF system on September 12, 2024.

                                            <u>/s/ Sheila A. Bedi</u>