**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**NAKALA MURRY,** *Individually and*
*On Behalf of her Son,* **, A.M., A MINOR**                **Plaintiff**

**v.**                                    **Cause No.: 4:23CV97-NBB-DAS**

**CITY OF INDIANOLA, MISSISSIPPI, Et Al.**

                                         **Defendants**

**MEMORANDUM IN SUPPORT OF COUNSEL'S MOTION TO WITHDRAW AND**
**ASSERT LIEN**

COMES NOW, Carlos Moore Law Group ("The Firm"), and files this, his Memorandum of his Motion to Withdraw and Assert Lien, and shows the following:

### FACTUAL BACKGROUND

Carlos Moore Law Group (Previously the "Cochran Firm") served as Counsel when Plaintiff commenced the instant action as a result of the Defendants' conduct in causing the injury of A.M., a minor. Before entering into those services, Nakala Murry and Carlos E. Moore  entered into a valid legal services agreement. Carlos E. Moore has provided multiple hours of legal services, drafted numerous documents, held numerous conferences, and expended a great deal of effort and services into this case for over a year. Nakala Murry has requested that the legal relationship between Moore and her end. Upon request of the Client, Carlos Moore Law Group immediately withdrew. However, The Firm  requests that they be fairly compensated for the effort and services expended thus far in the case if and when the case settles.

### LAW & ARGUMENT

The 5th circuit has said "Under Texas law, a contract may establish an attorney's **lien** for money received in judgment or settlement of a matter." *Norem v. Norem*, 2008 U.S. Dist. LEXIS 43045,

2008 WL 2245821, at *6 (N.D. Tex. June 2, 2008) (Stickney, J.) (quoting *United States v. Betancourt*, 2005 U.S. Dist. LEXIS 40483, 2005 WL 3348908, at *3 (S.D. Tex. Dec. 8, 2005)).

The concept of an attorney's charging lien is rooted in common law, and is founded on the equitable right of an attorney to recover fees and costs due for services out of the judgment obtained. *Parker v. Exeter Fin. Corp.*, Civil Action No. 3:14-CV-4007-D, 2015 U.S. Dist. LEXIS 104840, *4 (N.D. Tex. Aug. 11, 2015).

## I.     Carlos Moore Law Group ("The Firm") has a valid Legal Services Agreement and The termination was brought upon by the client.

The only other way a **lien** for attorney's fees may arise under [Texas] law is "pursuant to a contractual agreement" with the client. "[A] contract may establish an attorney's **lien** for money received in judgment or settlement of a matter." "[A]bsent such a contract," however, "no **lien** exists." *E.R. v. Jasso*, No. EP-18-CV-00298-DCG, 2024 U.S. Dist. LEXIS 79962, *6 (W.D. Tex. Apr. 22, 2024).

Because "[l]awyers almost always possess the more sophisticated understanding of fee arrangements" with clients, a lawyer "contracting for a . . . lien agreement with [a] client . . . bears the burden of explicitly stating any terms that would diverge from the expectations of a reasonable client who places the attorney in a position of trust." *Id*. Thus, attorney retainer agreements that suffice to create a lien under [Texas] law generally contain language expressly and unequivocally informing the client that the attorney holds a lien against whatever money the client might ultimately recover. *E.R. v. Jasso*, No. EP-18-CV-00298-DCG, 2024 U.S. Dist. LEXIS 79962, *6-8 (W.D. Tex. Apr. 22, 2024)

In the contract signed electronically by Nakala Murry the 22nd day of May, 2023, it specifically refers to Counsel's right to assert a lien if the client terminates (See attached Contract, hereby referred to as "*Exhibit A*"):

> Client agrees to keep Attorney informed of the phone number, street address, and email address where Client or Client's next of kin can personably be reached. If Client does not meet this obligation, Client permits Attorney to withdraw from representing Client. Client may also terminate the representation by Attorney at any time. If Client does terminate the representation by Attorney, Attorney will have a charging lien on the proceeds of this case to secure the repayment of all costs advanced and expenses incurred and the payment of the reasonable value of the legal services Attorney rendered. In determining the reasonable value of legal services rendered, the factors to be considered will be those used to determine the reasonableness of a legal fee under the law of Mississippi. This Agreement authorizes the charging lien.

The termination was brought about by the client. In accordance with the Contract signed by Ms. Nakala Murry, a Quantum Meriut Lien must be established for full and fair compensation of The Firm's Services.

## CONCLUSION

In sum, the withdrawal and the Quantum Meriut Lien are consistent with the terms of the Legal Services Agreement signed between Client and The Firm, and should be enforced.

**WHEREFORE, PREMISES CONSIDERED,** The Firm respectfully provides this memorandum in support of their motion and requests that the court GRANT their Motion to Withdraw and Assert Lien.

Respectfully submitted, this, the 12th day of September, 2024.

*/s/ Carlos E. Moore*
Carlos E. Moore MSB #100685

**OF COUNSEL**
**CARLOS MOORE LAW GROUP**
306 Branscome Drive
P.O. Box 1487
Grenada, MS 38902-1487
662-227-9940 – phone
662-227-9941 – fax
Carlos@MoorebyMoore.com

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that I have this date, electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will operate to provide notice of this filing to **all counsel of record** in this case.

This, the 12th day of September 2024.

*/s/ Carlos E. Moore*