IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISPPI
GREENVILLE DIVISION

**NAKALA MURRY, et al.**
    **PLAINTIFFS**

VS.                                                                                                 NO.: 4:23-cv-97-NBB-DAS

**CITY OF INDIANOLA, MS, et al.**
    **DEFENDANTS**

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF RENEWED MOTION FOR
LEAVE TO FILE AN AMENDED COMPLAINT**

**Comes now**, Plaintiffs, by and through counsel, and respectfully files this, Memorandum in Support of Renewed Motion for Leave to File an Amended Complaint, pursuant to Fed. R. Civ. P. 15(a). In support of this Motion, Plaintiff states as follows:

1. As of, September 11, 2024, Plaintiffs retained new counsel to represent them in this matter. They have discharged prior counsel, who pursuant to this Court's July 19, 2024 order (Doc. 97), filed a Motion to Amend Plaintiff's Complaint (Doc.98). Defendants filed an opposition to Plaintiff's proposed amended complaint, arguing, *inter alia*, that the Plaintiff's proposed amended complaint contains incurable defects. (Doc. 101 at 3).

2. Plaintiff now seeks leave to substitute the pending proposed amended complaint with the complaint attached at Exhibit 1 to Plaintiff's Motion.[1]

---

[1] Defendants have misread Plaintiffs' prior motion seeking leave to strike the pending amended complaint and for leave to file this motion. (Doc. 107-108). In those filings, Plaintiffs were merely

1

3. This Amended Complaint cures a number of the deficiencies the Defendants alleged regarding prior proposed Amended Complaints. For example, the Proposed Amended Complaint contains:

   a. detailed allegations regarding Defendant Capers' unreasonable use of deadly force;

   b. detailed allegations regarding Defendant Capers' knowledge about the family prior to the incident in question;

   c. additional detail regarding the manner in which Defendant Capers initially approached the family home;

   d. information from Defendant Capers' post-incident statements and interview;

   e. additional allegations against Defendant Jada Rush, the dispatch operator;

   f. allegations regarding how the Indianola Police Department's policies violate best practice and the U.S. Constitution.

4. Undersigned counsel recognize that this request may require additional briefing and create some delay in these proceedings. However, Plaintiff's request is consistent with the requirements of Fed. R. Civ. P. 15(a), which provides that leave to amend "shall be freely given when justice so requires." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir.1981). Courts should generally deny such a motion only upon a finding of "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

---

providing notice that undersigned counsel intended to file the instant renewed motion for leave to file an amended complaint, rendering the pending motion filed by Plaintiffs' former counsel (Doc. 98) moot. Plaintiffs were not requesting that this Court grant leave to file an amended complaint sight unseen. Further, given the filing of this motion, Plaintiffs request to withdraw the Motions pending at Docs 98 and 107.

2

previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). None of those factors exist here.

5. Further, Courts routinely grant the relief sought here by the Plaintiffs in analogous situations. *See Est. of Davis v. LaRoda*, No. 3:08-CV-0008-P, 2011 WL 13199130, at *2 (N.D. Tex. Jan. 19, 2011) (permitting Plaintiff to file an amended complaint six months past the deadline after Plaintiff retained new counsel who "acted with reasonable diligence in filing his notice of appearance and moving for leave to amend"); *Jimenez v. Trucking*, No. A-15-CA-0025-LY, 2015 WL 12734047, at *2 (W.D. Tex. Dec. 30, 2015) (permitting Plaintiffs leave to amend complaint because where "no depositions have been completed, the court [found] that the proposed amended complaint does not make any amendments that occur so late in the proceedings as to be unduly prejudicial to Defendants"); *Majestic Offshore, LLC v. In-Depth Offshore Techs. Int'l, Inc.*, No. CIV.A. 10-384-JJB, 2011 WL 903759, at *1 (M.D. La. Mar. 15, 2011) (failure to meet a deadline to amend was reasonable and Defendants would suffer no prejudice from the out of time filing); *Lee v. Sw. Airlines Co.*, No. CV H-21-1901, 2023 WL 5211039, at *2 (S.D. Tex. July 27, 2023), *report and recommendation adopted*, No. 4:21-CV-01901, 2023 WL 5216800 (S.D. Tex. Aug. 11, 2023) (permitting newly retained counsel time sufficient to file an amended complaint).

## CONCLUSION

For the reasons stated more fully above, Plaintiff respectfully requests that this Court grant Plaintiffs' Renewed Motion for Leave to File an Amended Complaint. Plaintiff further requests that this Court enter an order striking Plaintiffs' pending motions (Doc. 98 and 107) related to the filing of an amended complaint.

Respectfully submitted:

**NAKALA MURRY**

By: /s/ Sheila A. Bedi

Sheila A. Bedi, MS. Bar # 101652
Community Justice Clinic
Northwestern Pritzker School of Law
375 East Chicago Avenue
Chicago, IL 60611-3609
312-503-8576

/s/ G. Flint Taylor
G. Flint Taylor, Nora Synder**, Ben H. Elson**
People's Law Office
1180 N. Milwaukee Ave.
Chicago, IL 60642
773-235-0070

Counsel for Plaintiffs

**pro hac vice motions pending forthcoming

## **CERTIFICATE OF SERVICE**

 The undersigned, an attorney, certifies that the foregoing document was electronically served on all counsel who have filed appearances in this case via the Court's CM/ECF system on October 15, 2024.

/s/ Sheila A. Bedi